IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE
DISTRICT OF ALABAMA.
NORTHERN DIVISION

RECEIVED

2007 FEB 26  A 11: 08

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

UNITED STATES OF :AMERICA           ]
          Respondent,           ]
                    ]
                    ]
     VS                ]       Case # 2:04 CR08-F.
                    ]
FRANK JAMES EDWARDS               ]    2 07-CV- 171-MEF
        Movant.              ]
                    ]
                    ]

Motion for Judicial Notice
Rule 201 Of The Federal Rules
of Criminal Procedures,
Under Title 18 U.S.C. §3553 (a)(1)(2)(A)
Extraordinary and Compelling Reasons
For Sentence Reduction.

Comes Now, FRANK JAMES EDWARDS Movant in the instant case, who moves
this Honorable Court to take judicial notice under Rule 201 of the
Federal Rules of Criminal Procedures. Under Title 18 U.S.C.§3553 (a)
(1)(2)(A) for a sentence reduction under extraordinary and comp-
pelling doctrine of 18 U.S.C. 3553(a)(1)(2)(A)          -
# 1 Whether US Attorney charged an offense in movants indictment
for the violation of laws of the United States and Whether US Att-
orney proved territorial jurisdiction in movant plea agreement.
# 2 Whether movant sentence was imposed in violation of movant's
due process Right's.

Statement of Case.

On January 21, 2004 in a six(6) Count indictment for the violation
of 18 U.S.C. 21 13(a).(d); 18 U.S.C. 924(c)(1): 18 U.S.C. 922 (g)

(1). SEE Exhibit (A) copy of the indictment.

On May 24, 2004, Movant signed a guilty plea with the United states of America through the Assistant United States    Attorney Tommie Brown Hardwick, Christine A Freeman  and Leslie S. Smith who was the movant's Attorney in the instant case at bar. A plea agreement pursuant to the provision's of Rule 11 (c)(1)(c) of the Federal Rules of Criminal Procedures.

On May 24, 2004 An agreement was reached by said parties, on count 1, 2, 4, and 5, of the indictment See Exhibit (B) copy of the plea agreement. Movant agreed to the following;

(a) To plead Guilty to count 1, 2, 4, and 5 of the indictment

(b) That the recommendation in paragraph 2, of the plea agreement of a sentence of (23) years, after the calculation by the United States probation officer and determination by the court, Is an appropriate sentence as to the Bank Robberies as charged in Count 1 and 4, of the indictment and Brandishing of a firearm during and relation to the commission of a crime of violence as charged in Count 2, and 5, of the indictment. Movant also waved his appeal and collateral Right s under 18 U.S.C. §3742 and to any post con-viction proceedings except for the issues of Ineffective Assistance of Counsel and prosecutorial misconduct.

### Judicial Notice Under 201 of
### the Federal Rules of Criminal Procedures.

Movant does request that in support of this motion for judicial notice under Rule 201, of the Federal Rules of criminal procedures, this Honorable Court view this Pro-Se petition and the following ISSUES to lesser stringent standard than lawful papers drafted by an attorney. See **Haines V. Kerner**, 404 U.S.C. 519 (1970).

NOW Comes Movant asserting that, "There is no presumption in favor of jurisdiction, and the basis for jurisdiction must be

affirmatively shown. <u>Jones V. United States</u>, 137 US 202 11 S.Ct. 80 (1890). <u>Hanford V.</u> 163 US 273, 16 S.Ct 1051 (1896). In <u>FW/PBS, Inc.V. Dallas</u> 493 US 215, 107 LEd 2d 603 (1990) the Court quoted the following: The Federal Courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines. <u>'Allen V. Wright</u> 468 US 737, 750, 82 Led 2d 556 (1984) [E]very Federal appellate court has a special obligation to "sastisfy itself not only of its own jurisdiction, but also that of the lower court in a cause under review, "even though the parties are prepared to concede it. "And if the record discloses that the lower court was without jurisdiction this court will notice the defect although the parties make no contention concerning it." <u>Bender V. William-Sport Area School Dist.</u> 475 US 534, 541, 89 LEd 501 (1986) 107 Led 2d at 621-22. In <u>Sweeton V. Brown</u>, 27 F.3d 1162 (6th Cir 1994) the Court quoted:

> "Lack of jurisdiction Cannot be waived and jurisdiction" cannot be conffered upon a Federal Court by consent, in-action or stipulation... A Court Lacking jurisdiction cannot render judgement but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." <u>Id,at 1169</u>

The Law is well established regarding judicial jurisdiction as f follows:

> "There is no presumption in favor of jurisdiction and the basis for jurisdiction must be affirmatively shown."

<u>Handford V. Davis</u> 163 US 273. 16 S.ct 1051. 41 LEd 157 (1896) lack of jurisdiction cannot be waived.

<u>Glidden V. Zdanok</u> 370 US 530, 535-37 (1962), May be asserted at anytime, and will be considered on appeal regardless whether the issue was raised in the trial court, <u>United States V. Nukida,</u> 8 F.3d 665, 668-69 (8th Cir 1883) jurisdictional Claims "are exception to the rule that a guilty plea waives all claims of constitutional

violation, United States V. Caperell, 938 F 2d 975, 977 (9th Cir
1981) United States V. Robertson, 698 F 2d 703, 704 N.1(5th Cir.
1983) as the issue of whether the Government had power to bring
the charge still remaines. United States V. Cortez, 973 F2d 764
766-67 (8th Cir. 1992) where a federal court is without jurisdiction
of the offense, judgment of conviction of the court and /or the
jury is Void Ab Initio on its face, Bauman V. United States, 156
F 2d 534 (C.C.P. La. 1946) and where the subject of jurisdiction
in the court over the person, subject matter, or the place where
the crime was committed can be raised in any stage of the criminal
proceedings. Including Execution of Sentence, it is never presumed,
but must alway's be proved, and it is never waived by the accused.
United States V. Rogers, 23 F 658 (D.C. Ark. 1885) The reason that
jurisdiction of the Federal Courts must be proven when challenged
is that Constitutional authority is merely the first hurdle that
must be over come in determining that a Federal Court has jurisd-
iction over a particular controversy, because the jurisdiction of
a Federal Court is limited not only by the Constitution, but also
by Acts of congress, Owen Equip and Erection V. Kroger 437 US 365
57 Led 2d 274, 281-83 (1978) Article 1 §8 cl. 9 for legislature
courts III, §1 for judicial power courts: and Article IV , §3, cl.2
for territorial courts and some courts created by acts of congress;
O'Donoghue V. United States 289 US 516, 77 Led 1356 (1933) Mookini
V United States 303 US 201, 82 Led 748 (1938) United Stats V.Sanders
641 F2d 659, 663-64 (9th Cir 1981) Cert. Denied.452 US 918, 69 Led
422 (1982); Palmore V. United States,411 US 389, 390-410, 36 Led
2d 342 (1973). The United States District Courts (U.S.D.C.) are not
courts of general jurisdiction, and have no jurisdiction except as

-4-

prescribed by congress pursuant to Article III as held in <u>Graves</u> <u>V. Snead</u> 541 F2d 159, 161 (1976) <u>Cert. den</u>. 429 US 1093 (1976) the court of appropriate jurisdiction for violation of the provisions of <u>Title 18 U.S.C.</u> (Criminal Code). Is designated at title 18 U.S.C. §3231, which states; the district court of the United States shall have original jurisdiction <u>exclusive of the courts of the states</u>, and all offenses against the laws of the United States.[Emphasis added].

Also see: <u>Glidden V. Zdanok</u> 370 US 530, 8 Led 2d 671, 683-88(1962) <u>Hubbard V. Ammerman</u>, 465 F2d 1169, 1176 (1972) <u>International Long-shoremen and Warehouseman Co</u> 432 US 237, 96 Led 275 (1952). <u>International Longshoremen's and Ware Housemen's Union V. Wurtz</u>, 170 F2d 183, Cer, denied, 336 US 919,93 Led 1082 <u>Rehearing Den</u> 336 US 971, 93 Led 1121. this issue is not a new issue, being well settled long ago. As in <u>American Isurance Company V. 356 Bales of Cotton</u> 1 Peter 511, 7 Led 242 (1828) the U.S. Supreme Court has held, in <u>Glidden V. Zdanok</u> 3.70 US 530, 8 Led 2d 671-683-88(1962) "It is as much the <u>duty</u> of Government to render <u>prompt</u> justice against <u>Itself</u>, in favor of citizens, as it is to administer the same between private individ-uals.", <u>Glidden,</u> Supra,. At 168[Emphasis Added] U.S. Supreme Court justice Marshall well stated in <u>McCleskey V. Zant</u>, 499 US 467, 111 S.ct. 1454 113 Led 2d 517, at 567-68 (1991) "Obviously, respect for the Rule of Law must start with those who are responsible for pro-nouncing the law. [Emphasis in Original] the majority's invocation of "the orderly administration of justice."Rings hollow when the majority itself tosses aside established precedents... disregards the will of congress, fashions rules that defy the reasonable ex-pectations of the persons who must conform their conduct to the law's dictates, and applies those rules in a way that rewards-state

misconduct and deceit. Whatever abuse of the writ' today's dec-
ision is designed to avert pales in comparison with the majority's
own abuse of the norms that inform the proper judicial function,
Courts are sworn to abide by the dictates of existing law and
may not deliberately by pass explicit congressional intent,
**Landano V. Rafferty**, 670 F. Supp 570, 583 (1987) and U.S. Consti-
ution, Article VI, Clause 2. It was held in **North Laramie Land Co,**
**V. Hoffman et el,** 268 UA 276, 283 69 Led (1925) all person are
charged with knowledge of the provisions of statutes and must take
note of the procedures adopted by them and when that procedure is
not unreasonable or arbitrary there is no constitutional limitations
relieving them from conforming to it. "state" citizens have the
right to expect prosecutors and other Federal agents to know that
their conduct in such cases violates statutory intent and constit-
utional rights as they are acting in clear absence of jurisdiction.
**Harlow v. Fitzgerald,**457 US 800, 819, 73 Led 2d 396 (1982) **Scheuer**
**V. Rhodes** 416 US 232: **Wood V Strickland,** 420 US 308, 322 (1975)
**Butz V. Economou,** 438 US 478 (1978) sole function of the court is
to enforce the law according to statute, **Caminetti V. U.S.** 242 US
470, 485 (1917). A defendant cannot be prosecuted absent statutory
authority to authorize the prosecution. **Krulewithch V. United States**,
69 S.Ct. 716, N22 (1949), If judicial construction of a statute
is unexpected, due process is violated, **Helton V. Fauver,**930 F2d
1040, 1044-45 (1991). It is the duty of the Federal Court to pro-
tect rights secured by the constitution; in, **Jennison V. Goldsmith,**
940 F2d 1308 (9th Cir. 1991). Federal Courts cannot countenance
deliberate violations of basic constitutional Rights to do so would
violate the judicial oath to uphold the constitution of the United

States. **Adanson V. C.I.R.** 745 F2d 541. 546 (9th Cir 1984) Justice Branders, pointed the well trod path his Honorable predecessors had lighted long ago, in his opinion in **Olmsted V. United States,** 277 US 433, 405, 48 S.ct. 575 (1928) As follows: Decency, Security, and liberty alike demand that Government official shall be subjected to the Rules of conduct that are commands to the citizen. In a government of Laws Existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher, for good or for ill. It teaches the whole people by its example. [Crime is Contagious]. If the government becomes a law breaker, it breeds contempt for the law it invites every man to become a law unto himself; it invites anarchy to declare that in the administration of the criminal law the end justifies the means- to declare that the government may committ crimes in order to secure the conviction of a private criminal-would bring terrible retribution. Against that permicious doctrine this court should resolutely set its face (emphasis added). The Federal Judiciary has many examples of jurist holding a Constitutional view toward "the people's Rights, as in **Rachin V. California**, 342 US 165 72 S.ct 205 (1952) "There is no justification for the knowing and deliberate violation of the rights of individuals.

## ISSUE 1.

(A) Whether US Attorney charged an offense in movants indictment for the violation of laws of the United States, (B) And Whether the US, Attorney proved territorial jurisdiction and affirmatively asserted said territorial jurisdiction in movants plea agreement.

## ISSUE 1(a)

Movant asserts that there must be <u>Proof</u> <u>Requirement</u> <u>in</u> <u>every Federal</u> <u>Criminal Prosecution within any State</u> concerning Jurisdiction.

#1 Did the United State ever obtain jurisdiction over the area upon which defendant committed purportedly prohibited activities ?

If So, when, and to what extent ?

#2 Did the Federal Government ever purchase said location from the state? If so, when, and for what purpose?

#3 If the "United States" did purchase said site, is the site presently being used for the purpose for which it was purchased?

#4 Did the "State of Alabama" "Cede jurisdiction to the "United States", was such jurisdiction actually accepted by the "United States", and if so, when, and to what extent?

#5 If the "State of Alabama" did cede legislative jurisdiction to the "United States", was such jurisdiction actually accepted by the "United States, "and if so, when, and to what extent ?

#6 Which Government authority made the purported arrest of the defendant in the action at bar?

Movant is asserting that the entire network of government agencies charged with law enforcement, prosecution, trial, and the punishment and supervision of those arrested and/or convicted of having violated the criminal law. "The interest of the United States in a criminal prosecution is not that it shall win the case, but that justice will be done." **Jencks V. U.S.** 353 US 657, 1 L.Ed. 2d 1103.77 Sct 1007 (1957). "[And the function of the prosecutor under the Federal Constitution is not to tack as many skins of victims as possible to the wall. His function is to vindicate the right of people as expressed in the laws and give those accused of a crime a fair trial."**Donnelly V. Dechristofona,** 416 US 637 648-49, 40 Led. 2d 431, 440, 94 Sct 1868 (1974). ] In the instant case at bar, the US attorney did not charge an offense against the United States. In the movants indictment, the indictment charged:

That on or about January 12, 2004, in Montgomery County, within the middle district of Alabama, Movants indictment charges an offense against the state of Alabama, and not the United States. Movants indictment failed to charge an offense against the United States. In the leading cases concerning the sufficiency of indictment is **Russell**

-8-

V. <u>United States</u>, 369 U.S. 749 82 S.Ct 1038. 8 L.Ed. 2d 240 (1962).

In which the court declared: In a number of cases the court has em-
phasized two of the protections which an indictment is intended to
guarantee, reflected by two of the criterial by which the sufficiency
of an indictment is to be measured . These criterions are, first
whether the indictment "contains the elements of the offense intended
to be charged, "and sufficiently apprises the defendant of what he
must be prepared to meet." and, Secondly,"in case any other proceed-
ings are taken against him for a similar offense, whether the record
shows with accuracy to what extent he may plead a former acquittal
or conviction". <u>Cochran and  Sayre v. United States</u>, 157 U.S. 285,
290, (15 S.Ct 628, 630, 39 L.Ed 704): <u>Rosen V. United States</u> 161, U.S.
29, 34 (16 S.Ct. 434, 480, 40 L. Ed. 606) 369 U.S. at 763-64, 82 S.
Ct at 1047. <u>United States V. Cortris</u>, 592 F.2d 893 (5th Cir. 1979)
<u>United States V. Guthartz</u>,573 F. 2d 255 (5th Cir), cert. denied, 439
U.S. 864, 99 S.Ct 187, 58 L.Ed. 2d 173 (1978): <u>United States V. Smith</u>
523 F.2d 771 (5th Cir 1995), cert denied, 429 U.S. 817, 97 S. Ct 5950
L.Ed 2d 76 (1976) The first criterion listed by the Supreme Court has
two parts, in addition to apprising the defendant of what he must
meet, an  indictment must allege each element of the offense charged.
<u>United States V. Mullens</u>,583 F2d 134 (5th Cir 1978). <u>United States</u>
<u>V. Purvis</u>,580 F.2d 863 (5th Cir 1978), cert denied, 440 U.S. 914,99
S.Ct 1229, 59 Led 2d 463 (1979): <u>Honea V. United States</u>, 344 F.2d
798 (5th Cir. 1965). It is axiomatic that the elements alleged must
amount to an offense. As noted in <u>United States V. London</u>, 550 F.2d
206, 211 (5th Cir. 1977), " the question whether an indictment states
an offense are both conceptually and procedurally distinct."

     In the instant case at bar, and in <u>Russell V. United States</u> 369
U.S. 749, 82 S.ct 1038. 8 L.ed. 2d 2d 240 (1962) the indictment clearly

satisfies the second Rusell requirement, i.e., that the defendant be apprised of what they are to meet. Because, however, the elements listed in the indictment failed to state an offense against the United States, the indictment was insufficient and should have been dismissed.

The indictment on its face, is insufficient, it charges an offense in Montgomery County within the middle district of Alabama. Movants indictment did not charge an offense against the United States, in the Montgomery County, within the middle district of Alabama, are not specified in Rule 1 of the Federal Rules of Criminal Procedures.

In the Montgomery County, within the middle district of Alabama, are not in the district of Guam: Northern Mariana Islands: Virgin Islands or the District of Colombia or in any common wealth, territory, or the possession of the United States. The Judicial officers are empowered by statute and have jurisdiction, by statute in the District of Colombia, or in any common wealth, territory, or possession to perform a function to which particular rules relates.

The Federal Rules of Criminal Procedures, and the United States sentencing Guidelines only apply to violations committed against the United States, not the county of Montgomery which is in the Middle district of Alabama. The U.S. attorney has no territorial jurisdiction over Alabama. see <u>Pollard v. Hagan</u>, 44 US (3 How) 212 (1845) Question of Federal Jurisdiction was once again before the court. This case involved a contest of the title to real property, with one of the parties claiming a right to the disputed property via a U.S. Patent: the lands in question were situated in Mobile, Alabama, adjacent to Mobile Bay. In discussing the subject of Federal Jurisdiction, the court held:

> "We think a proper examination of this subject
> will show that the United States never held
> any municipal sovereignty jurisdiction, or
> right of soil in and to the territory, of

which Alabama or any of the new states were formed, 44 US, at 221.
[B]ecause, the United States have no Constitutional capacity to
exercise municipal jurisdiction or sovereignty, or eminent domain,
within the limits of a state or elsewhere, except in the cases in
which it is expressly granted, "44 US. at 223.

"Alabama is therefore entitled to sovereignty and jurisdiction over
all the territory within her limits, Subject to the common law, "44
US, at 228-29

The best known and most succinctly stated case regarding the subject
of Federal jurisdiction is Fort Leaven worth RR Co. V. Lowe, 114 US
525, 58, ct. 995 (1885)

Movants indictment did not charge an offense against the United
States given the United States jurisdiction to prosecute said offense.
See Exhibit (A) Copy of movants indictment. United States V. Cabrera
-teram 168 F.3d 141 (5th Cir 1999). An indictments failure to charge
an offense constitutes a jurisdictional defect. See United States V
Hughey, 147 F. 3d 423, 436 (5th Cir 1988) Cert. Denied. 525 U.S.
1030 119 S.Ct. 569, 142 L.Ed. 2d 474 (1988), United States V. Morales-
Rosales,838 F.2d 1359, 1361 (5th Cir 1988) United States V. Edrington
726 F.2d 1029, 1031 (5th Cir. 1988). United States V. Meacham, 626
F. 2d 503, 510 (5th Cir. 1980) Because an indictment is jurisdictional,
defendant at any time may raise an objection to the indictment based
on failure to charge an offense, and the defect is "Not waived by a
guilty plea". Morales-Rosales, 838 F.2d at 1361-62. Fitzgerald, 89
F.3d at 271. United States v. Chaney 964 F2d 437, 447 (5th Cir. 1992)
United States V. Wilson 884 F.2d 174, 179 (5th Cir. 1989) United States
V. Gayton, 74 F.3d 545, 552, (5th Cir. 1986) Russell V. United States
369 US. 749. 763-64, 82 S.Ct. 1038, 8 L.Ed. 2d 240 (1962). One
criterion by which the sufficiency of an indictment is judged is
whether the indictment contains the elements of the offense intended
to be charged. United States V. Deisch 20 F. 3d 139, 145 (5th Cir.
1994).

US Attorney failed to charge an offense, against the United States

-11-

The indictment charge, as count one.(1) that on about January 12, 2004, in Montgomery County within the Middle District of Alabama.

The US Attorney used statute, [18 U.S.C. 2113 (a), (d)][18 U.S.C. 924(c)(1) [18 U.S.C. 922 (g)(1)] Title 18 U.S.C. are not the Alabama state codes, nor is Alabama, a possession or territory, or commonwealth of the United States. The indictment proves the fact that there's no charge against the United States in movants indictment. Rendering the indictment insufficient. **United States V. Meecham,** 626 F.2d 503, 510 (5th Cir. 1980) **Russel V. United States,** 369 U.S. 749 763-64, 82 S.Ct. 1038. 8 L.Ed. 2d 240 (1962).


ISSUE 1 (B)

(B) Whether the US Attorney proved
Territorial Jurisdiction and affirmatively
asserted said territorial jurisdiction
in movants plea agreements.

Movant asserts that US Attorney did not affirmatively show territorial jurisdiction, in movants guilty plea, nor in the guilty plea hearing, when movant plead guilty. For the US Attorney to charge an offense for the violation of 18 U.S.C. or any other statute, in the Federal Rules of Criminal Procedures, the U.S. Attorney must prove territorial jurisdiction. With respect to movants failure to raise these issues in the court, before he pleaded guilty, the Courts hold that the right to be free of prosecution under an indictment that fails to charge an offense is a substantial right. Therefore, even though the movant did not assert . the defect in the indictment to the district courts attention, the court may notice the defect on appeal. Fed. R. Crim. P. 52(b): **Walker V. United States** 342 F. 2d 22 (5th Cir.) Cert denied 382 U.S. 859, 86 S.ct 117, 15 L.Ed. 2d 97 (1965) the final question with respect to the effect of the insufficient indictment involves the movants guilty plea. By pleading guilty, the movant waived many of the objec-

tions to his conviction that he otherwise could have been raised on

appeal. **Tollet V. Henderon**, 411 U.S. 258, 93 S.Ct. 1602. 36 L.Ed 2d

235 (1973) **Mcmann V. Richardson,** 397 U.S. 759, 90 S.Ct. 1441, 25 L.

Ed 2d 763 (1970): **Brady V. United States,** 397 U.S. 742, 90 S.Ct 1463

, 25 L.Ed. 2d 747 (1970). Movant however does not waive all objections.

In **Menna V. New York** 423 U.S. 61, 96 S.Ct. 241 46 L.Ed. 2d 195 (1975)

the Court has stated: the point of (Tollett and other cases holding

that certain objections are waived by (626 F.2d 510) the entry of

voluntary and intelligent guilty pleas) is that a counseled plea of

guilty is an admission of factual guilt so reliable that, where vol-

untaryand intelligent, it quite validly removes the issue of factual

guilt form the case. In most cases factual guilt is a sufficient basis

for the states imposition of punishment. A guilty plea, therefore,

simply renders irrelevant those constitutional violations not logic-

ally inconsistent with the valid establishment of factual guilt is

validly established. Here, however, the claim is that the state may

not convict petitioner no matter how validly his factual guilt is

established. The guilty plea ,therefore, does not bar the claim. We...

hold that a plea of guilty to a charge does not waive a claim that

judged on its face the charge is one which the state may not consti-

tutionally prosecute. The objection that the movants indictment fails

to charge an offense is not waived by a guilty plea. The violation

of movants right to be free of prosecution for a non offense would

bar his conviction even if his "factual guilt," had been established

validly. the entry of a guilty plea does not act as a waiver of jur-

isdictional defects such as an indictment's failure to charge an

offense. **United States V. DI Fonzo**, 603 F.2d 1260 (7th Cir. 1979).

Cert. denied, 444 U.S. 1018,100 S. Ct. 672, 62 L.Ed 2d 648 (1980):

**United States V. Boncheau**, 597 F.2d 1260 (9th Cir) Cert. denied, 444

U.S. 859, 100 S.Ct 123,  62 L.Ed, 2d 80 (1979) Edwards guilty plea
does not bar reversal of his convictions. See **Launis V.United States,**
575 F.2d 770 (9th Cir. 1978) : **United States V. Macklin,** 523 F.2d 193
(2d Cir 1975).

Movant also assert's that US Attorney fail to show territorial
jurisdiction, See, **Jones V. United States,** 137 US 202 11 St 80 (1890)
**Hanford V. Davis,** 163 US 273, 16 S.ct 105 (1896) The Court Stated:
"There is no presumption in favor of jurisdiction and the basis for
jurisdiction must be affirmatively shown". **F/W PBS Inc. V. Dallas** 493
US 215, 107 LEd 2d 603 (1990) **Allen V. Wright,** 468 US 737, 750, 82
Led  2d 556 (1984) **Bender V. William-Port Area School Dist.** 475 US
534 541, 89 Led 501 (1986)" **107 Led 2d** at 621-22 in **Sweeton V. Brown,**
27 F 3d 1162 (6th Cir. 1994) jurisdiction cannot be waived, jurisdi-
ction cannot be conferred upon, by consent, inaction or stipulation.

It is well established principle of law that states: "all Federal
legislation applies only within the territorial jurisdiction of the
United States unless a contrary intent appears. "See **Caha V. United
States,**152 US 211, 215 14 S.Ct. 513 (1894): **American Banana Company
V. United Fruit Company** 213 US 347, 357, 29 S.ct. 511 (1909): **United
States V. Bowman,** 260 US 94, 97-98 43 S.ct. 39 (1922): **Blackmer V.
United States,**284 US 421, 437, 52 S.Ct. 252 (1932): **Foley Bros. V.
Filards,**336 US 281, 285, 69 S.Ct. 575 (1949): **United States V. speler**
338 US 217, 222, 70 S.Ct. 10 (1949) **United States V. First National
City Bank,** 321, F2d 14, 23 (2nd Cir. 1963) The above principles of
law is expressed in a number of cases from the Federal appellate courts:
See **MCkeel V. Islamic Republic of Iran,** 722 F.2d 582, 589 (9th Cir.
1983). Holding the foreign sovereign immunities act as territorial:
**Meredith V. United States** 330 F2d 9. 11 (9th Cir. 1964): Holding the

-14-

Federal tort claim act as territorial **United States V. Contrani**, 527

F2d 708, 711 (2nd Cir. 1975), Holding Federal wiretap laws as terri-

torial: **Stowe V. Devoy** 588 F. 2d 336 341 (2nd Cir. 1978) **Clearly V.**

**United States Lines, INC** 728 F2d 607 609 (3rd Cir. 1984) Holding

Federal age discrimination law as territorial: **Thomas V. Brown& Root**

**INC.** 745 F2d 279, 281 (4th Cir.1984) holding same as **Cleary,** supra:

**United States V. Mitchell,** 553 F2d 996, 1002 (5th Cir. 1977) Holding

marine mammals protection act as territorial: **Pfeiffer V. William**

**Wrigley, Jr., Co.** 755 F2d 554 557 (7th Cir 1985), Holding age discr-

imination laws as territorial: **Airline Stewards & Stewardesses Assn,**

**V. Northwest Airlines, Inc.** 267 F2d 170, 175 (8th Cir. 1959), Holding

railway labor act as territorial: **Zabourek V. Arthur Young And-Co.,**

750 F2d 827, 829 (10th Cir, 1984) Holding age discrimination laws as

territorial: **Commodities Futures Trading Comm V. Nahas,** 738 F2d 487, 493

(D.C. Cir.1984) Holding commission's subpoena power under Federal law

is Territorial: **Reyes V. Secretary of H.E.W,** 476 F2d 910, 915 (D.C.

Cir. 1973) Holding administration of social security act as territorial:

**Schoenboun V. Firstbrook,** 268 F. Supp 385, 392 (S.D.N.Y.1967) Holding

Securities act as territorial. The issue was perhaps best stated in

**Caha V. United States,** Supra. Where the Supreme Court Stated as foll-

ows:

> The Laws of Congress in respect to those matters do not extend
> into the territorial limits of the state, but have force only
> in the district of colombia, and other places that are within
> the exclusive jurisdiction of the national government, "152 US,
> at 215.

The "United States" has territorial jurisdiction only in Washington,
D.C. the Federal enclaves within the state, and in the territories
and insular possessions of the "United States," wherein the "United
States" has exclusive jurisdiction, and this fundamental proposition
of law is fully supported by literally hundreds upon hundreds of cases.
In **Bowen V. Johnson,** 97 F2d 860 (9th Cir. 1938).

The question presented was whether jurisdiction "without proof

of the requisite ownership or possession of the United States, the

-15-

crime has not been made out. "Id, at 651 in **Brown V. United States,** 257 F 46 (5th Cir. 1919) **England V. United States** 174 F 2d 466 (5th Cir.1949): **Krull V. United States** 240 F2d 122 (5th Cir. 1957) **Hudspeth V. United States** 223 F 2d 848 (5th Cir.1955) **Gainey V. United States,** 324 F 2d 73 (5th Cir. 1963) **United States V. Townsend,** 474 F2d 209 (5th Cir. 1973). **United States V. Benson** 495 F2d 475, 481 ( 5th Cir. 1974). **United States V. Tucker,** 122 F 518 (W.D.KY 1903) **United States V. Blunt,** 588 F.2d 1245 (6th Cir 1977) **In Rekelly,** 71 F545 (E.D. Wis. 1895) **Sweeton V. Brown,** 27 F.3d 1162 (6th Cir 1994) **United States V. Johnson,** 426 F2d 112 (7th Cir 1970) **United States V. Heard,** 270 F. Supp. 198(W.D.MO 1967) **United States V. Redstone,** 488 F2d 300 (8th Cir 1993): **United States v. Goings,** 504 F2d 809 (8th Cir. 1974), demonstrating the loss of jurisdiction: **Hayes V. United States,** 367 F2d 216 (10th Cir. 1966) **United States V. Carter,** 430 F2d 1278 (10 th Cir. 1970): **Hall V. United States,** 404 F2d 1367 (10th Cir. 1969) **United States V. Cassidy,** 571 F2d 534(10th Cir. 1978) **United States V. Bateman,** 34 F 86 (Md. Cal 1888) **United States V. Watkins,** 22 F2d 437 (N.D. Cal 1927) **United States V. Holt,** 168 F 141 (W.D. Wash. 1909). **United States V. Wurtzbarger,** 276 F 753 (D. or, 1921) **Rogers V. Squier** 157 F2d 948 (8th Cir. 1846) Without a cession, the U.S. is without jurisdiction. **State of Arizona V. Many Penny,** 445 F. Supp. 1123 (D. Ariz. 1977). **Insurance Corporation of Ireland, Ltd V. Comoagniedes, Bauncites de Guinee,** 456 US 694, 74 Led 2d 492 (1982) **Jones V. United States,** 137 US 202 S.Ct 80 (1890) **Hanford V. Davis,** 163 US 273, 16 S.ct 1051 (1896) **FW/PBS. INC. V. Dallas,** 493 US 215, 107 L.Ed 2d 603 (1990) **Allen V. Wright,** 468 US 737, 750 82 LEd 2d 556 (1984) [E]very Federal appellate court has a special obligation to "Satisfy itself

not only of its own jurisdiction, but also that of the lower courts in a cause under review,"even though the parties are prepared to concede it, "And if the record  discloses that the lower court was without jurisdiction the appellate court will notice the defect, although the parties make no contention concerning it." **Bender V. Williamsport Area School Dist**. 475 US, 534, 541, 89 Led 501 (1986).

ISSUE II

Whether Movants Sentence was imposed in Violation<br>of Movants Due Process Right's.

Comes Now Movant, In the instant case at bar, who asserts  that, the sentence imposed was in violation of his due process right's under the fourteenth Amendment. Movant prays that this Honorable court reduce his sentence, The sentencing guidelines permits a district court to depart downward if a defendant suffers from significantly reduced mental capacity that contributed to the commission of his or her offense. United States Sentencing Commission, Guidelines Manual, §5k2. 13 P.S. (Nov. 1991) (U.S.S.G. §5k2.13). Movant Asserts that his Attorney, or the US Attorney, did not bring the condition of the Movants mental condition to this Honorable Courts attention, in his guilty plea hearing nor at sentencing. At the time the movant committed, the crimes in the instant case, the movant was not in his right mind. The record of movant mental history could be found in Exhibit, ( $C$ )

from Montgomery Area Mental Health Authority.
101 Coliseum Boulevard
POBox 3223
Montgomery, Alabama, 36109
Phone #334-279-7830

The US Attorney the FBI, and Movants Attorney only wanted to solve the unsolved cases of Bank Robberies, that was not solved. At the time the movants mental condition was deminished, because of  lack

-17-

of medication. In this case, the US, Attorney and movants Attorney presumed that the movant was competent to stand trial, and go through a guilty plea hearing, in violation of movants right's. **Cooper V. Oklahoma,** 517 US, 134 Led 2d 498, 116 Sct__(1996) **Rhodes V. O/K-long,** 84 F 3d 284 (8th Cir. 1996) Conviction of legally incompetent person violates due process Before the guilty plea hearing, and before sentencing, movants Attorney could have placed the Movants Clinical Psychologist report before the court, for a sentence reduction.

In the instant case at bar the Movant, could have been evaluated and sent to receive treatment from a mental institution instead of the sentence imposed, of 23 years.

The Movant ask that this Honorable court, Have an evidentiary hearing in this matter, so the movant could present his medical record before the court. And if not given an evidentiary hearing the movant ask for a reduction of sentence, under the U.S.S.G.

## CONCLUSION

Movant asserts that he has proved to this Honorable court, undisputable facts on the following allegations.

(1). US. Attorney did not charge an offense against the United States in movants indictment.

(2). U.S. Attorney did not affirmantly show, or prove territorial jurisdiction, in the instant case. Neither in movant indictment, guilty plea, or sentencing faze of the procedures.

(3). Movant has proved with the record from Montgomery Mental Health Authority that, the movant, without his medication, and constant treatment, the movant suffer from a mental diminished condition and have a history of said condition.

Wherefore, the movant ask that justice be served, and the 23 year

sentence be recalled.

Date: 2-8-07

*Frank J. Edwards*

Frank J. Edwards
Reg#11351-002
FCC, Yazoo City Med
POBox 5888
Yazoo City MS, 39194

## Certificate of Service

I Hereby cetify that the original an 2 Copies of this fore-
going instrument has been mailed  posted pre paid on this 8
day of Feb,2007 to the clerk of court, and one copy of this inst-
rument to the US. Attorney in this case, by legal mail here in
FCC Yazoo City Med. Mississippi.

Date: 2-8-07

Frank    Edwards

*Frank Edwards*

# EXHIBIT  A-1

*Exhibit A-1*

FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN 2 1 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA, )
                          )
        v.                )  CR. NO. 04-8-N
                          )  [18 USC 2113(a),(d);
FRANK JAMES EDWARDS       )   18 USC 924(c)(1);
                          )   18 USC 922(g)(1)]
                          )
                          )  INDICTMENT

The Grand Jury charges:

                    COUNT 1

    That on or about January 12, 2004, in Montgomery County,
within the Middle District of Alabama,

                FRANK JAMES EDWARDS,

defendant herein, by force and violence and by intimidation, did
take from the person and presence of another approximately
$6,318.00, belonging to and in the care, custody, control,
management, and possession of SouthTrust Bank, 3015 McGhee Road,
Montgomery, Alabama, a bank whose deposits were then insured by the
Federal Deposit Insurance Corporation, and in committing said
offense, the defendant did assault and put in jeopardy the life of
another person by the use of a dangerous weapon, that is, a semi-
automatic handgun, a better description of which is unknown to the
Grand Jury.  All in violation of Title 18, United States Code,
Sections 2113(a) and (d).

                    COUNT 2

    That on or about January 12, 2004, in Montgomery County,
within the Middle District of Alabama,

SEARCHED_____ INDEXED____
SERIALIZED_____ FILED_____

JAN 2 6 2004

FBI-MOBILE

91A-MC-44314

Edwards   Jan/2004
70

FRANK JAMES EDWARDS,

defendant herein, did knowingly use and carry during and in relation to, and did knowingly possess in furtherance of, a crime of violence, namely the armed bank robbery as alleged in Count 1 above, which allegations the Grand Jury reallege and incorporate by reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a semi automatic handgun, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about January 12, 2004, in Montgomery County, Alabama, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, having been convicted of the following felonies in the Circuit Court of Montgomery County, Alabama, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: on or about July 3, 1991, Theft of Property 2nd Degree, Case No. CC-90-1801; and, on or about December 19, 1991, Escape 3rd Degree, Case No. CC-91-2175; did knowingly possess in and affecting commerce a firearm, that is, a semi automatic handgun, a better description of which is unknown to the Grand Jury, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

2

## COUNT 4

That on or about January 14, 2004, in Montgomery County, Alabama, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, by force and violence and by intimidation, did take from the person and presence of another approximately $3,063.00, belonging to and in the care, custody, control, management, and possession of Regions Bank, 3118 Mobile Highway, Montgomery, Alabama, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Sections 2113(a) and (d).

## COUNT 5

On or about January 14, 2004 in Montgomery County, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, did knowingly use and carry during and in relation to, and did knowingly possess in furtherance of, a crime of violence, namely the armed bank robbery as alleged in Count 4 above, which allegations the Grand Jury reallege and incorporate by

3

Edwards    Jan/2004
72

reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury.  All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 6

On or about January 14 2004, in Montgomery County, within the Middle District of Alabama,

### FRANK JAMES EDWARDS,

defendant herein, having been convicted of the following felonies in the Circuit Court of Montgomery County, Alabama, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: on or about July 3, 1991, Theft of Property 2nd Degree, Case No. CC-90-1801; and, on or about December 19, 1991, Escape 3rd Degree, Case No. CC-91-2175; did knowingly possess in and affecting commerce a firearm, that is, a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION 1

A.    Counts 2 and 5 of this Indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for the violations of Title 18, United States Code, 924(c)(1), as alleged in Counts 2 and 5 of this

4

Edwards   Jan/2004
73

Indictment the defendant,

FRANK JAMES EDWARDS,

shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 924(d)(1) and Title 28, United States Code,

Section 2461(c), all firearms and ammunition involved in the

commission of these offenses.

C.    If any of the property described in this forfeiture

allegation, as a result of any act or omission of the defendant:

(1)  cannot  be  located  upon  the  exercise  of  due

diligence;

(2)  has been transferred, sold to, or deposited with a

third person;

(3)  has  been  placed  beyond  the  jurisdiction  of  the

court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot

be divided without difficulty; the United States, pursuant to Title

21, United States Code, Section 853, as incorporated by Title 28,

United States Code, Section 2461(c), intends to seek an order of

this Court forfeiting any other property of said defendant up to

the value of the property described in Paragraph B above, all in

violation of Title 18, United States Code, Section 924.

5

## FORFEITURE ALLEGATION 2

A.    Counts 3 and 6 of this indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for the violations of Title 18, United States Code, Section 922(g)(1), as alleged in Count 3 and 6 of this indictment, the defendant,

### FRANK JAMES EDWARDS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses.

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred, sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of

6

Edwards    Jan/2004
75

this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above, all in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

*Craig Smith*

Forsperson

*Leura G. Canary*

LEURA GARRETT CANARY
United States Attorney

*Tommie Brown Hardwick*

TOMMIE BROWN HARDWICK
Assistant United States Attorney

*John T Harmon*

John Harmon
Assistant United States Attorney

7

# EXHIBIT  A-2

**FDIC**

Federal Deposit Insurance Corporation
550 17th Street, NW, Washington, DC 20429

*Exhibit A-2*

Office of Executive Secretary

August 18, 1999

Mr. James L. Johnson
#19266-057
P.O. Box 4000
Manchester, KY 40962-4000

FDIC Log # 99-0560

Dear Mr. Johnson:

This will respond to your letter dated July 24, 1999, pursuant to the provisions of the Freedom of Information Act ("FOIA," 5 U.S.C. § 552), asking whether or not the FDIC insures First Citizens Bank of Rural Hall, North Carolina.

Please be advised that the FOIA does not require agencies to answer questions; rather, it requires agencies to search for, and provide, copies of releaseable documents in response to requests for the same. As a courtesy to you, however, we will, at this time, address the question you pose.

First Citizens Bank & Trust Company, Raleigh, North Carolina, with a branch in Rural Hall, is insured by the FDIC and has been since the inception of the FDIC in 1933. Enclosed is a printout from the FDIC's website, at www.fdic.gov, which shows FDIC's insurance of the institution.

For your general information, FDIC's federal deposit insurance coverage DOES NOT protect a bank or thrift against loss from fraud, theft, or embezzlement; rather, it protects insured deposits in the event of the insolvency of the institution. Any such claim, therefore, would not be reimbursed by the FDIC. Federal deposit insurance for bank insolvencies extends to the main office of the bank, as well as to all affiliated branches, and is continuous until either voluntarily surrendered or revoked pursuant to federal regulations. Enclosed please find a copy of "Your Insured Deposit," which will provide other useful information on federal deposit insurance.

Sincerely,

Fredrick L. Fisch
Senior Attorney

Enclosures

*1. The Director of the Federal Register* responded to a Freedom of Information

Act request dated March 11, 1994, pursuant to the request for a copy of the Parallel

Table of Authority Index and a copy of the regulations that cite 21 USC. sec.'s 840-849.

The response was as follows:

*44 U.S.C. sec. 15* clearly states that: " Documents having general applicability and legal effect is every document or order which prescribes a penalty. 21 U.S.C. sec.'s 841, 843, and 846 all prescribes penalties and therefore must be published in the Federal Register pursuant to law. The Administrative Procedure Act 5 USC. sec. 551 and 44 USC. sec. 15 requires publication, irrespective of actual notice, as a prerequisite to issuance of a regulation making certain acts criminal. If they are not published in the Federal Register as required by 5 USC. sec. 551, the omission is fatal.

Once promulgated, these regulations, called for by the stature itself, have the force of law and violations thereof incur criminal prosecution, just as if all the details have been incorporated into the Congressional language. The result is that neither the stature nor the regulations are complete without the other, and only together do they have force: in effect, therefore, the construction of one necessarily involves the construction of the other.

In the context of criminal prosecution, the rule of strict construction must be applied in the interpretation of an administrative regulation to which penal consequences attach under the stature authorizing the promulgation of the regulation as well as the construction of the stature."

**Definitions:**
*1. Robbery: 18 USC. sec. 2113;* which includes (aggravated) bank robbery.

Pursuant to the Freedom of Information Act request to the Federal Deposit Insurance Corporation, dated March 19, 1987, the request was answered in part as follows.
Note: The Federal Register does not list this stature.

"You asked what agency has jurisdiction of the insurance charters against robbery and theft. It is noted that FOIA does not require that the FDIC answer questions but only requires that the FDIC produce documents already in existence (unless otherwise exempt).
You are further advised that there is no agency of the federal government that insures banks or Federal credit unions against robbery and theft."

*2. Drugs: 21 USC. sec.'s 841, 843, & 846;* Trafficking. includes distribution, manufacture, conspiracy, continuing enterprise, drug distribution-employee under 21. *Other Miscellaneous Offenses* includes illegal use of regulatory number- drugs, illegal transfer of drugs, illegal regulatory number to get drugs, paraphernalia,

# EXHIBIT  B

*Exhibit B*

reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. Pursuant to Rule 11(c)(1)(C), the government agrees that a sentence of two hundred seventy-six months (23 years) after the calculation by the United States Probation Officer and determination by the Court, is an appropriate sentence as to the bank robberies as charged in Counts 1 and 4 of the Indictment, and the brandishing of a firearm during and in relation to the commission of a crime of violence as charged in Counts 2 and 5 of the Indictment.

3. The government agrees to file a motion for a downward departure based upon the defendant's substantial assistance to the government pursuant to Title 18, United States Code, § 3553(e), prior to sentencing.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

    a.    To plead guilty to Counts 1, 2, 4, and 5 of the Indictment;

    b.    That the recommendation in paragraph 2 above, is the appropriate sentence in this case.

    c. **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK -**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon

4

ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

   d. The defendant and counsels for defendant agree that there are no motions for a downward departure applicable in this case other than the United States' motion which specifies a sentence of two hundred and seventy-six months (23 years) as the appropriate sentence in this case. The filing of any other motion for a downward departure on behalf of the defendant will void this plea agreement in its entirety.

   Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

   e.  **CONSENT TO FORFEITURE**: The defendant agrees to forfeit to the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, a .38 Ruger Revolver, serial number 570-49464, and ammunition as charged in Count 5 of the Indictment.

   f.  **RESTITUTION**: The defendant agrees to pay the restitution listed, both jointly and severally with any and all defendants who may be charged in connection with the offenses described in Counts 1, 2, 4 and 5.

Compass Bank                        Regions Financial Corporation
500 East Patton Avenue              3118 Mobile Highway

5

# Exhibit C

 *Exhibit (C)*



# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
101 COLISEUM BOULEVARD, P.O. BOX 3223
MONTGOMERY, ALABAMA 36109

(334) 279-7830

SERVING MONTGOMERY, ELMORE,
AUTAUGA AND LOWNDES COUNTIES

BARBARA KORNEGAY
President

WILLIAM T. WRIGHT
Executive Director

*Federal Bureau of Prisons*
*Federal Correctional Complex*
*P. O. Box 5666*
*Yazoo City, Mississippi 39194*
*Dr. Erik Nabors*

DATE: *12/18/06*

Re: *2/16/64*

A/N: *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*

Enclosed you will find a copy of the following most recently prepared items on the above-named person. If you need additional information, please feel free to call on us.

✓ **INTAKE** *dated 12-15-00*

✓ **CASE FORMULATION AND/OR CASE STAFFING TREATMENT PLAN** *dated 12-21-00*

✓ **TERMINATION OR TRANSFER SUMMARY** *dated 8-16-01*

\_\_\_\_ **PSYCHIATRIC NOTE/EVALUATION**

✓ **MEDICAL CHECK** *Center Prescribed Meds dated 12-21-00*

\_\_\_\_ **MEDICAL CHECKLIST**

✓ **PHYSICIAN'S NOTE** *dated 12-29-00, 1-18-01, 2-15-01, 3-15-01*

✓ **OTHER (SPECIFY):** *Therapist Notes dated 12-29-00, 1-18-01, 2-15-01 3-15-01*

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR SHARED WITHOUT THE
WRITTEN CONSENT OF THE CLIENT

SINCERELY.

*A Coleman*

APPROVED BY: *St B. Lewis*

(1)

## TERMINATION INFORMATION

Name _Frank Edwards_   Client Case Number _1 6 6 4 6 5_

Termination Date _08/16/01_   Reason _2_   Living Arrangements at Termination _5_

Problems at Termination _0 9 9_ , _|__|__|_ , _|__|__|_ , _|__|__|_ , _|__|__|_

Referral Codes at Termination _0 1_

| DX | Code | Description | Axis |
|---|---|---|---|
| 1 | 295.30 | Schizophrenia, Paranoid Type | I |
| 2 | 304.80 | Polysubstance Dependence | I |
| 3 | | | |
| 4 | | | |

**REASON**
- Transferred (responsibility for the patient officially accepted by another organization and the patient transferred to that organization)
- Administratively Discontinued (no contact with organization for 90 days)
- Patient/Client Died
- Patient Terminated Service Against Advice
- Patient Lost to Contact
- Discharged - Treatment Completed- No Referral
- Discharged - Additional Services Advised - No Referral
- Discharged - Additional Services Advised - Referral Made
- Not Applicable/Moved

**LIVING ARRANGEMENT**
1 - Lives Alone
2 - Lives With Relatives
3 - Lives With Non-Related
4 - Lives With Dependent Child
5 - Unknown
6 - Guardian
7 - Paid Care Provider

**PROBLEMS**
001 - Marital
002 - Family
003 - Social
004 - Interpersonal
005 - Daily Coping
006 - Medical
007 - Somatic
008 - Depression/Mood Disorder
009 - Suicidal
010 - Alcohol
011 - Drugs
012 - Criminal Justice
013 - Eating Disorder
014 - Thought Disorder
015 - Abuse Victim
016 - Assault Victim
017 - Rape Victim
018 - Runaway Behavior
097 - None
098 - Other
099 - Unknown

**REFERRAL CODES**
01 - Self/None
02 - Parent
03 - Physician
04 - School System
05 - Other Family
06 - Friend
07 - Spouse
08 - DHR
09 - Employer/EAR
10 - Court/Correction Agency
11 - State/Federal Court
12 - Formal Adjudication

**REFERRAL CODES (Continued)**
13 - Probation/Parole
14 - Recognized Legal Entity
15 - DUI/DWI
16 - Diversionary Program/Tasc
17 - Prison
18 - Other Criminal Justice
19 - Police
20 - Guardian
21 - Other Community Referral
22 - Education Agency
23 - State/County Psychiatric Hospital
24 - General Hospital Psychiatric Hosp
25 - Other Inpatient Psy Organization
26 - Nursing Home, Ext Care
27 - Alcohol Treatment Inpatient/Res
28 - Drug Abuse Inpatient/Res
29 - Alcohol Treatment/Not Inpatient
30 - Drug Abuse/Not Inpatient
31 - Multi-Service Mental Health Ag
32 - Outpatient Psy Services/Clinic
33 - Private Psychiatrist
34 - Other Physician
35 - Other Private Mental Health Pract
36 - Other Health Provider
37 - Partial Day Organization
38 - Shelter for Homeless
39 - Shelter for Abused
40 - MR Regional Office
41 - ARC
42 - 310 Programs
43 - Voc Rehab Services
44 - Person-Care/Bd Home
45 - Clergy
98 - Other
99 - Unknown

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR SHARED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

Signature _____

(2)

Approved _____

NOTE: PLEASE FILE THE YELLOW COPY IN THE CLIENT CHART AND FORWARD THE WHITE COPY TO THE STATISTICIAN

MONTGOMERY AREA MENTAL HEALTH AUTHORITY
CASE STAFFING/TREATMENT PLAN

_Frank Edwards_   CASE NUMBER: _66465_   DATE _12-21-00_

AUTHORIZED SERVICES:

_____ 1: Day Hospitalization   _____ 2: Intensive Day Treatment   _____ 3: Supportive Day Treatment
*for 90 days 3 months or until progress is sufficient for discharge/transfer to other services.*
_✓_ 4: Medication Therapy *until the physician determines that medications are no longer needed for control of patient's symptoms. This service may include* (1) Physician/Medical Assessment and Treatment. (2) Medication Administration, and (3) Medication Monitoring (by non-physician staff).   _____ 7: Group Therapy
_✓_ 5: Individual Therapy   _____ 6: Family Therapy
*Not to exceed 20 sessions or 12 months. at which time the need for continued services will be reviewed.*
_____ 8: Recommendation to Contact Family Physician *for medication evaluation*
_____ 9: Referral to Substance Abuse Treatment Program *for evaluation treatment*
_____ 10: Referral to Department of Rehabilitation Services *for vocational services*
_____ 11: 24 Hour/Day Protective Oversight and Residential Psychiatric Care:
_____ Therapeutic Group Home *projected length of stay 6 months*
_____ Residential Care Home *projected length of stay 6 months*
_____ Crisis Stabilization Unit *projected length of stay 14 days*
_____ 12: Diagnostic Testing   _____ 13: Family Education & Support *as needed requested by client family*
_____ 14: Case Management   _____ 15: Mental Illness Basic Living Skills
_____ 16: Referral to CHOICES Clubhouse Program
_____ 17: Other:_____
Mental Health Consultation and Crisis Intervention will be provided as needed.

ASSIGNED TO: _Marion Johnson_
Case Responsible Staff Name and Title

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR COPIED WITHOUT THE
WRITTEN consent revision of the treatment plan
of the CLIENT

YES/NO   Client/legal guardian participated in development/revision of the treatment plan
YES/NO   Client's family participated in development/revision of the treatment plan
If no, reason: _client come alone to assessment_

Signed by _Marcia M Jones md._   Date _12/21/00_
Staff Name and Title

Approved by _____   Date _12/21/00_
Licensed Clinician

I hereby acknowledge that I DID/DID NOT participate in the development of this treatment plan. and that I have received a copy of treatment services authorized.

Client Signature _FRANK EDWARD_   Date _1/18/01_

i:clindir clintrc txtpl3 firm 02.15.00

3

MONTGOMERY AREA MENTAL HEALTH AUTHORITY
CASE STAFFING/TREATMENT PLAN

*Frank Edwards*     CASE NUMBER: *66465*

SUMMARY OF PROBLEMS/CLINICAL ISSUES/SERVICE NEEDS: *Mr. Edwards is a 34 y/o SBM. He currently resides in Montgomery w/ ex-wife. He is self referred requesting meds-monitoring. Clnt states that one month ago he resided at the Fellowship House in Birm. + received outpatient MH services at UAB. He states that he was maintained on Risperdal 3mg, Depakote 500mg + Chlorpromazine 100mg. He states being diagnosed w/ Schizophrenia, Paranoid type. He states that he is still plagued w/ auditory hallucinations + that he has diff. sleeping at night. He reports the onset of his mental illness started about 6½ yrs ago.*

TREATMENT GOALS/PROCESSES/OUTCOMES:

| Number | Goal | How Measured (Outcomes) | Set/Rated by |
|---|---|---|---|
| 1 | *Decrease psychotic symptoms from a 4-2 client on ?? scale (4 is indicative of no ?? psychotic symp. Psychosis (1-indicative of rates self at a level 2)* | *no psychotic symp.* | |
| | | | |
| 2 | *Prevent Hospitalization. Goal rated as yes/no. Currently a Yes.* | | |
| 4 | | | |

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR SHARED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

DIAGNOSIS(ES): (First diagnosis listed is primary, unless reason for emphasis otherwise noted)

*295.30 1 Schizophrenia, Paranoid*
*304.80 Polysubstance Dependence*

Approved by: _____  Date _____
M.D.

                                              02 18 00

*4*

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
### Center-Prescribed Medication Record

Client's Name _Frank Edwards_    Case No. _64465_

| Date Prescribed | MEDICATION | Sig. | # | Prescribing Physician | Rx # | No. of Refills | Date Rx Picked Up | Problem See Note |
|---|---|---|---|---|---|---|---|---|
| 12/21/08 | | | | | | | | |
| 12/29/08 | Risperdal 3 | ī daily | 30 | AJ | | 0 | | |
| | Celexa 20 | īī daily | 60 | | | 0 | | |
| | Thorazine 100 | ī hs | 60 | | | 0 | | |
| | Depakote 500 | ī daily | 30 | | | 0 | | |
| 1/18/01 | (1 Rispdl 3g | ī hs | 30 | | | MR | | |
| | (2 Thorzin 100g | īī hs | 60 | | | MR | | |
| | (3 Depakote 500g | ī 8 hs | 60 | | | MR | | |
| | D/C Celexa | | | | | | | |
| 2/15/01 | (1. Risperdl 3g | ī HS | 30 | | | OMR | | |
| | (2 Thorazine 100g | īī HS | 60 | | | OMR | | |
| | (3. Depakote 500g | ī 8 hs | 60 | | | OMR | | |
| 3/13/0 | (1 Rispdl 3g | ī HS | 30 | | | OMR | | |
| | (2 Thorazine 100g | īī HS | 60 | | | OMR | | |
| | (3. Depakote 500g | ī 8 hs | | | | OMR | | |

CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR SHARED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

/12/96

#### Center-Prescribed Medication Record

5

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## PROGRESS NOTE

| Case Number | Client Name (Please print) | Date (MM/DD/YY) |
|---|---|---|
| 0 6 6 4 6 5 | FRANK Edwards | 0 3 /15/ 9 1 |

| Staff ID # | Staff Time | Client Time | Reporting Unit | Place of Svc | Activity Code 1 | Activity Code 2 | Modifier | # in Grp |
|---|---|---|---|---|---|---|---|---|
| 1645 | | 150 | 215 | 10 | 1520 | | | |

## SERVICES PROVIDED:

- ☒ Individual Therapy
- ☐ Medication Administration
- ☐ Basic Living Skills, Indiv.
- ☐ In-Home Intervention
- ☐ Case Management
- ☐ Group Therapy
- ☐ MH Consultation
- ☐ Basic Living Skills, Grp.
- ☐ Prehospitalization Screening
- ☐ Other:_____
- ☐ Family Therapy
- ☐ MD Assessment & Tx.
- ☐ Family Support, Indiv.
- ☐ Other Phone/Contact
- ☐ Other:_____
- ☐ Med. Monitoring
- ☐ Crisis Intervention
- ☐ Family Support, Grp.
- ☐ Diagnostic Testing
- ☐ Other:_____

NEXT APPOINTMENT (Circle): None M T W Th F   DATE: April / 10  TIME: 2³⁰  PAY STATUS: 0/1

*Top Copy: Accounting Office     2ⁿᵈ Copy: Consumer     3rd Copy: Client Record*     VISIT NUMBER:_____

---

**MENTAL STATUS: (Check Where Applicable)** ___MENTAL STATUS NOT ASSESSED

APPEARANCE/GROOMING: ✓Appropriate  ___Inappropriate  Other:_____

AFFECT: ___Appropriate  ✓Inappropriate  Other: flat

MOOD: ___Euthymic ___Anxious ✓Dysphoric ___Expansive ___Irritable ___Other:_____

THOUGHT OR PERCEPTUAL DISTURBANCES:
✓None ___Hallucinations ___Delusions ___Suicidal ___Homicidal ___Paranoid ___Other:_____

SLEEP: ___Good ✓Fair ___Poor ___Insomnia ___Nightmares ___Hypersomnia ___Other:_____

APPETITE: ✓Good ___Fair ___Poor ___Anorexia ___Bulimia  Comment:_____

ORIENTATION: ✓Normal  DEFICITS: ___Person ___Place ___Time ___Situation ___Other:_____

MOTOR ACTIVITY: ✓Calm ___Restless ___Shaking/Tremor ___Tics ___Pacing ___Other:_____

MEDICATIONS (As Reported): ___N/A ✓Compliant ___Non-Compliant  Other:_____

SIDE EFFECTS FROM MEDICATIONS: ___N/A ✓No ___Yes; Describe_____

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR WRITTEN

---

CLIENT TAKES NON-CENTER MEDICATIONS: ___No ✓Yes (If Yes, See Non Center Prescribed Medication Sheet)

COMMENTS: Mr. Edward arrived on _____ time for his appt. Affect flat and _____ overall too individual depression and poor sleeping

GOALS ADDRESSED/RATINGS: _____ have _____ during session

INTERVENTION(S): Discussed daily activities, suggested walking for exercise, drinking water and diet

OUTCOME: CURRENT GAF SCORE(Optional) N/A

PLANS: Continue tx w/ therapist

_____ MS  MD Therapist

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## Physician's Service Report

me _MR Frank Penruny_     Case No. _66465_

te _3/15/01_     Time _:23_

vice: Physician Medical Assessment and Treatment    ✗   Mental Health Consultation

**Identification and Diagnosis:** _[illegible handwriting]_

**Client's Primary Concerns/Problems:** _[illegible handwriting]_

**Medication and Response/Side Effects:** _[illegible handwriting]_

**Brief Mental Status:** _[illegible handwriting]_

**Comments:** _[illegible handwriting]_

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR [illegible] WITHOUT THE
WRITTEN [illegible]

**Recommendations:** _[illegible handwriting]_

**Next Visit:** _Dat = May 17, 2001_

**Physician's Signature:** _[signature]_

12/12/97

Physician's Service Report

▽

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## PROGRESS NOTE

| Case Number | Client Name (Please print) | Date (MM/DD/YY) |
|---|---|---|
| 066465 | Frank Edwards | 03/15/01 |

| Staff ID # | Staff Time | Client Time | Reporting Unit | Place of Svc | Activity Code 1 | Activity Code 2 | Modifier | # in Grp |
|---|---|---|---|---|---|---|---|---|
| 310495 | | 150 | 215 | 10 | 1520 | | | |

## SERVICES PROVIDED:

- [X] Individual Therapy
- [ ] Medication Administration
- [ ] Basic Living Skills, Indiv.
- [ ] In-Home Intervention
- [ ] Case Management
- [ ] Group Therapy
- [ ] MH Consultation
- [ ] Basic Living Skills, Grp.
- [ ] Prehospitalization Screening
- [ ] Other:_____
- [ ] Family Therapy
- [ ] MD Assessment & Tx.
- [ ] Family Support, Indiv.
- [ ] Other Phone/Contact
- [ ] Other:_____
- [ ] Med. Monitoring
- [ ] Crisis Intervention
- [ ] Family Support, Grp.
- [ ] Diagnostic Testing
- [ ] Other:_____

NEXT APPOINTMENT (Circle): None M T W (Th) F   DATE: 3/15   TIME: 330 Dr Jackson   230 Marven   PAY STATUS:_____   VISIT NUMBER:_____

Top Copy: Accounting Office    2nd Copy: Consumer    3rd Copy: Client Record

---

MENTAL STATUS: (Check Where Applicable) ___ MENTAL STATUS NOT ASSESSED

APPEARANCE/GROOMING: ✓Appropriate ___Inappropriate Other:_____

AFFECT: ___Appropriate ✓Inappropriate Other: flat

MOOD: ___Euthymic ___Anxious ✓Dysphoric ✓Expansive ___Irritable ___Other:_____

THOUGHT OR PERCEPTUAL DISTURBANCES:
___None ✓Hallucinations ___Delusions ___Suicidal ___Homicidal ___Paranoid ___Other:_____

SLEEP: ✓Good ___Fair ___Poor ___Insomnia ___Nightmares ___Hypersomnia ___Other:_____

APPETITE: ✓Good ___Fair ___Poor ___Anorexia ___Bulimia Comment:_____

ORIENTATION: ✓Normal DEFICITS:___Person ___Place ___Time ___Situation ___Other:_____

MOTOR ACTIVITY: ✓Calm ___Restless ___Shaking/Tremor ___Tics ___Pacing ___Other:_____

MEDICATIONS (As Reported): ___N/A ✓Compliant ___Non-Compliant Other:_____

SIDE EFFECTS FROM MEDICATIONS: ___N/A ✓No ___Yes, Describe_____

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED WITHOUT THE WRITTEN C____ ____ENT

---

CLIENT TAKES NON-CENTER MEDICATIONS: ___No ✓Yes (If Yes, See Non Center Prescribed Medication Sheet)

COMMENTS: Mr. Edward present flat, but stable. He indicated not feeling well, always depressed, doesn't feel motivated. However in the waiting room he's talking and joking around.

GOALS ADDRESSED/RATINGS: Didn't want chart during session.

INTERVENTION(S): Discussed Dx and his daily activities and medications.

OUTCOME: CURRENT GAF SCORE(Optional) N/A

PLANS: Continue Tx w/ dr + therapist

_____ Marven _____ MS, MA Therapist

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## Physician's Service Report

Name _Mr Frunc Ferusus_   Case No. _66 46J_

Date _2/15/01_   Time _0.20_

Service: Physician Medical Assessment and Treatment __X__   Mental Health Consultation____

**Identification and Diagnosis:** _Meen Nerlw_
_Cocan Abw_
_With Syes.    Cartn . Abus_

**Client's Primary Concerns/Problems:**
_Not Rey Much - Stay My Hour - Clccore_
_Tette YBron,_
_Ner Usz My Cnorg, Not Oneug_
_Don Smu Tobecco._
_Liy use Days d low Meseus -_
_Not Able - "I Cany't Reco"_
_"I cn uw My Nouce'_

**Medication and Response/Side Effects:**
_Meel - Nuplf, T Bryw, Oyte_

**Brief Mental Status:**
_MS dfw - avey jew 9 ju Jult + het    Cenur full al_
_Sfu to ap  Mas NO DPs_
_Mud - netlfy  Alfe file_
_Glut NO fuly icts No deb al_
_Glu is cont._
_Ory + Dcay a VOICE_
_Igt - lul_

**Comments:** _Dan. Cul Medt_    THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR ~~ WITHOUT THE
WRITTEN ~~ CLIENT

**Recommendations:** _No Brow   No Cerem_

**Next Visit:** _March 15 2001_

**Physician's Signature:** _[signature]_

Physician's Service Report
9

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## PROGRESS NOTE

| Case Number | Client Name (Please print) | Date (MM/DD/YY) |
|---|---|---|
| 0166465 | FRANK EDWARDS | 09/18/01 |

| Staff ID # | Staff Time | Client Time | Reporting Unit | Place of Svc | Activity Code 1 | Activity Code 2 | Modifier | # in Grp |
|---|---|---|---|---|---|---|---|---|
| J945 | | 50 | 215 | 10 | 1520 | | | |

## SERVICES PROVIDED:

- ☒ Individual Therapy
- ☐ Group Therapy
- ☐ Family Therapy
- ☐ Med. Monitoring
- ☐ Medication Administration
- ☐ MH Consultation
- ☐ MD Assessment & Tx.
- ☐ Crisis Intervention
- ☐ Basic Living Skills, Indiv.
- ☐ Basic Living Skills, Grp.
- ☐ Family Support, Indiv.
- ☐ Family Support, Grp.
- ☐ In-Home Intervention
- ☐ Prehospitalization Screening
- ☐ Other Phone/Contact
- ☐ Diagnostic Testing
- ☐ Case Management
- ☐ Other_____
- ☐ Other:_____
- ☐ Other:_____

NEXT APPOINTMENT (Circle): None  M  T  W  Th  F   DATE: Feb 1  TIME: 3pm  PAY STATUS: O11
MARION
VISIT NUMBER: 2

Top Copy: Accounting Office    2nd Copy: Consumer    3rd Copy: Client Record

MENTAL STATUS: (Check Where Applicable) ___MENTAL STATUS NOT ASSESSED

APPEARANCE/GROOMING: ✓ Appropriate   ___Inappropriate  Other:_____

AFFECT: ✓ Appropriate  ___Inappropriate  Other:_____

MOOD: ✓ Euthymic  ___Anxious  ___Dysphoric  ___Expansive  ___Irritable  ___Other:_____

THOUGHT OR PERCEPTUAL DISTURBANCES:
✓ None  ✓ Hallucinations  ___Delusions  ___Suicidal  ___Homicidal  ___Paranoid  ___Other:_____

SLEEP: ___Good ✓ Fair  ___Poor  ___Insomnia  ___Nightmares  ___Hypersomnia  ___Other:_____

APPETITE: ✓ Good  ___Fair  ___Poor  ___Anorexia  ___Bulimia  Comment:_____

ORIENTATION: ✓ Normal  DEFICITS: ___Person  ___Place  ___Time  ___Situation  ___Other:_____

MOTOR ACTIVITY: ✓ Calm  ___Restless  ___Shaking/Tremor  ___Tics  ___Pacing  ___Other:_____

MEDICATIONS (As Reported): ✓ N/A  ___Compliant  ___Non-Compliant  ___Other_____

SIDE EFFECTS FROM MEDICATIONS: ✓ N/A  ___Yes; Describe_____

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

CLIENT TAKES NON-CENTER MEDICATIONS: ✓ No  ___Yes (If Yes, See Non Center Prescribed Medication Sheet)

COMMENTS: Mr. Edwards was must improved from last visit. He was more responsive and engaged, his effort was brighter and upbeat

GOALS ADDRESSED/ RATINGS: Didn't have client during session.

INTERVENTION(S): Examined his mental status and discussed daily activities.

OUTCOME: CURRENT GAF SCORE (Optional) N/A

PLANS: Continue Tx w/ therapist

_____ MA Therapist

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## Physician's Service Report

Name _Mr Frank Fondos_   Case No. _66465_

Date _1/12/01_   Time _:5_

Service: Physician Medical Assessment and Treatment _____  Mental Health Consultation _____

1) Identification and Diagnosis: _Mood Dis W Nos_   _D/c Schizo (per)_
_Cocn Dep_
_Cann Abw_

2) Client's Primary Concerns/Problems:
_(illegible handwriting)_

3) Medication and Response/Side Effects:
_(illegible handwriting)_

4) Brief Mental Status:
_(illegible handwriting)_

5) Comments:
_(illegible handwriting)_

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED _____ OUT THE
WRITTEN

6) Recommendations: _____

7) Next Visit: _RTU Feb 15, 2001_

Physician's Signature: _____

12/12/97

Physician's Service Report

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## PROGRESS NOTE

Date (MM/DD/YY): 1 2 2 9 0 0

| Case Number | Client Name (Please print) |
|---|---|
| 0 1 6 6 6 9 | Frank Edwards |

| Staff ID # | Staff Time | Client Time | Reporting Unit | Place of Svc | Activity Code 1 | Activity Code 2 | Modifier | # in Grp |
|---|---|---|---|---|---|---|---|---|
| J 6 4 5 | 1 1 1 | 1 5 0 | 2 1 5 | 1 0 | 1 5 2 0 | 1 1 1 | 1 | 1 |

## SERVICES PROVIDED:
- ☐ Individual Therapy
- ☑ Medication Administration
- ☑ Basic Living Skills, Indiv.
- ☐ In-Home Intervention
- ☐ Case Management
- ☐ Group Therapy
- ☐ MH Consultation
- ☐ Basic Living Skills, Grp.
- ☐ Prehospitalization Screening
- ☐ Other _____
- ☐ Family Therapy
- ☐ MD Assessment & Tx.
- ☐ Family Support, Indiv.
- ☐ Other Phone/Contact
- ☐ Other: _____
- ☐ Med. Monitoring
- ☐ Crisis Intervention
- ☐ Family Support, Grp.
- ☐ Diagnostic Testing
- ☐ Other: _____

NEXT APPOINTMENT (Circle): None  M  T  (W)  Th  F   DATE: Jan 10  TIME: 9am  PAY STATUS: _____

VISIT NUMBER: _____

*Top Copy: Accounting Office      2nd Copy: Consumer      3rd Copy: Client Record*

MENTAL STATUS: (Check Where Applicable)   ___ MENTAL STATUS NOT ASSESSED

APPEARANCE/GROOMING:  ✓ Appropriate   ___ Inappropriate   Other: _____

AFFECT:  ___ Appropriate  ✓ Inappropriate   Other: _____

MOOD:  ___ Euthymic  ___ Anxious  ✓ Dysphoric  ___ Expansive  ___ Irritable  ___ Other: _____

THOUGHT OR PERCEPTUAL DISTURBANCES:
___ None  ✓ Hallucinations  ___ Delusions  ___ Suicidal  ___ Homicidal  ✓ Paranoid  ___ Other: _____

SLEEP:  ___ Good  ✓ Fair  ___ Poor  ___ Insomnia  ___ Nightmares  ___ Hypersomnia  ___ Other: _____

APPETITE:  ✓ Good  ___ Fair  ___ Poor  ___ Anorexia  ___ Bulimia  Comment: _____

ORIENTATION:  ___ Normal   DEFICITS:  ___ Person  ___ Place  ___ Time  ___ Situation  ___ Other: _____

MOTOR ACTIVITY:  ✓ Calm  ___ Restless  ___ Shaking/Tremor  ___ Pacing  ___ Other: _____

MEDICATIONS (As Reported):  ✓ N/A  ___ Compliant  ___ Non-Compliant  Other: _____

SIDE EFFECTS FROM MEDICATIONS:  ✓ N/A  ___ No  ___ Yes, Describe _____

*CONFIDENTIAL INFORMATION PROTECTED BY... AND CANNOT BE DISCLOSED WITHOUT THE WRITTEN...CLIENT*

CLIENT TAKES NON-CENTER MEDICATIONS: ✓ No  ___ Yes (If Yes, See Non Center Prescribed Medication Sheet)

COMMENTS: Mr. Edwards presented unsociable, unresponsive and stoic. Mr. Edwards didn't want to talk and demonstrate that by not responding to questions by therapist

GOALS ADDRESSED/ RATINGS: Didn't have client during session

INTERVENTION(S): Tried to communicate w/ Mr Edwards but was unsuccessful.

OUTCOME: CURRENT GAF SCORE(Optional) N/A

PLANS: Reschedule w/ Therapist

_____ 12 MA Therapist

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## Physician's Service Report

Name _Edwards, Frank_     Case No. _66465_

Date _12/29/00_     Time _.25_

Service: Physician Medical Assessment and Treatment _____ Mental Health Consultation_____

**Identification and Diagnosis:** _36 yo BM c̄ Psychosis NOS_
_Substance abuse_

**Client's Primary Concerns/Problems:** _____
_c/o having a man next to him talking to him._
_Claims to have abstained for 3-4 months_

_Living in Montgomery c̄ wife + children until he finds_
_a place of his own. Applying for disability._

**Medication and Response/Side Effects:** _Risperdal 3 mg ī daily *_
_Celexa 20 ī daily * ꝺ_
_Thorazine 100 ī hs *_
**Brief Mental Status:** _Depakote 500 ī daily *_
_*His report_

_Alert_
_Thought halting_
_Affect blunted_
_Denies destructive intent_

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR ~~~~~ WITHOUT THE
WRITTEN ~~~~~~ CLIENT

**Comments:** _Consolidate information_

**Recommendations:** _℞ as #3 x 30 d_

**Next Visit:** _ī mo_

Physician's Signature: _[signature]_

12/12/97

Physician's Service Report

_13_

# MONTGOMERY AREA MENTAL HEALTH AUTHORITY
## Initial Contact/Intake/Diagnostic Assessment

**INITIAL CONTACT**                                    **DATE:** 12/15/00

NAME: _Edwards_        _Frank_ .                        **CASE NO.** _6467_ .
        Last            First          MI

ADDRESS: _1227 Gymwood Dr_
          Street Address      City        County      State      Zip

HOME PHONE: _284-3742_  **WORK PHONE:** _____    **OTHER PHONE:** _____

TYPE OF CONTACT: ✓___Phone   ___Walk-in   ___Other:_____

DOB: _2_ / _16_ / _64_  AGE: _36_  SEX: (M) F   SS#: _419_ / _06_ / _9495_

REFERRAL SOURCE: ___✓___Self   ___Family Member   ___Friend   ___Emerg Rm
Physician:_____   Agency:_____   Other:_____

NAME OF CONTACT:_____   **RELATIONSHIP TO CLIENT**_____

CONTACT ADDRESS_____   **PHONE**_____

PROBLEM/ASSISTANCE DESIRED: _Was in Fellowship House in Bham and going to Y/AB for psy_
_ctor recommended MHC treatment. Sees things; wants to get medication her_
_buses (crack/alcohol) treat; Sees things; wants to get medication her_

FORMER CLIENT: Y (N) ?   **PAST DIAGNOSIS(ES)** _R/O Mood Disorder_
_R/O Polysubstance Dependence_

PRIOR TREATMENT: _____State Hospital   _____Local Psychiatric Unit   _____CMHC
_____Counseling   _____Psychiatrist   _____Other:_____

CURRENTLY TAKING MEDICATIONS: Yes  No   REQUESTED TO BRING MEDICATION(S):_____

NAME(S)/TYPE(S) OF MEDICATIONS: _Celexa  Resperidol_

INSURANCE:  None  Medicaid  Medicare  PPO  Other:_____

DISPOSITION: _____Immediate Referral to Clinician   _____Referral to Other Agency:_____
✓/_____INTAKE APPOINTMENT DATE: _12/21/00_   TIME: _10:30_

FEES EXPLAINED: (Yes) / No   **CLIENT ASKED TO BRING PROOF OF INCOME:** (Yes) / No
_ct has 0 income_   _$15,000°° Spouses salary without together now says they have not been_

CLIENT ASKED TO BRING ANY FAMILY MEMBERS TO BE INVOLVED IN TREATMENT PLANNING: (Yes) / No

INITIAL CONTACT COMPLETED BY: _____
                              Name          Title

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE

===============================================================
# INTAKE/DIAGNOSTIC ASSESSMENT                    **DATE:** _12/21/00_
===============================================================

**BACKGROUND INFORMATION:**

Sources of information: (Client)  Family  Friend  Provider_____   Other_____

Living with:  Alone   Spouse/lover   Minor/Adult Children   Parents   Relatives   Friends   Other_____

Living situation: (Private residence)   Residential facility   Shelter   Homeless:  Y  (N)

Geographical location: _Mont. AL_

_14_

ake/Diagnostic Asse    ment - Page 2 of 6                Case No: _Colo4le8_

MS/ASSISTANCE DESIRED:

enting complaint(s):  Client reports experiencing the following that led to seeking help:

sychosis:  ~~Delusions~~   ~~Hallucinations~~   Disorganized speech   Catatonia   ⟨Suspiciousness/paranoia⟩
           Ideas of reference    Affective flattening    Avolition    Ideas of reference    Loose associations
           Content of hallucinations: _____    ⟨Psychotic symptoms in past⟩

epression: Depressed mood_   Sadness    Tearfulness    Hopelessness    Diminished interest/pleasure
           Decreased appetite    Weight loss/gain   ⟨Insomnia⟩   Hypersomnia    Fatigue    Loss of energy
           Agitation    Psychomotor retardation    Worthlessness    Guilt   ⟨Decreased concentration⟩
           ~~Decreased ability to think~~   Thoughts of death    Suicidal ideation    Depressive symptoms in past

ania:   Elevated/expansive mood   ⟨Irritable mood⟩   Hyperactivity    Grandiosity    Inflated self-esteem
           Decreased need for sleep    Pressured speech    Psychomotor agitation   ⟨Distractibility⟩
           Manic symptoms in the past

nxiety:  Palpitations/pounding heart/increased heart rate    Sweating    Trembling/shaking    "Nerves"
           Feeling of choking    Chest pain    Nausea    Dizziness/faintness    Feelings of unreality/detachment
           Numbness    Chills    Hyperventilation    Acute onset panic attacks    Fears/Phobias
           Obsessions   ~~Compulsions~~   Anxiety symptoms in the past

ther: _____

uration of symptoms _6½_  years/months/days    Frequency of symptoms _on - going_
eason(s) for seeking help at this time _Client relocated back to Troy_
_from Fellowship House in Bham_ _needs continue aftercare_
ssistance desired _counseling / meds - support_

========================================
THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR SHARED WITHOUT THE
WRITTEN CONSENT OF THE CLIENT

ERSONAL/FAMILY HISTORY:

regnancy with client: ⟨Normal⟩   Problems: _____    Birth: ⟨Full term⟩  Premature

evelopmental milestones: ⟨Normal⟩  Problems _____

umber of brothers _6_ _1 deceased_ Ages _unknown_    Number of sisters _5_  Ages _unknown_
irth order: _6_ of _12_ siblings    Parents together:  Y  Ⓝ  If separated, how long _____
onthly contacts with non-custody parent:  None  1  2  3  4  5  6  7  8   More than 8
elationships with family members during child/adolescent years: _Normal sibling_
_Rivalry_
eared primarily by: _mother_                Current family relationships _good_

15

ake/Diagnostic Assessment - Page 3 of 6          Case No: 66465

's occupation: _Homemak_          Father's occupation: _unknown_

ory of abuse: (None)  physical  sexual  emotional  Abused by _____ When _____

rents' drug/alcohol abuse: Y (N) Who: _____ Type(s) _____

ating/marital history: Number of marriages/long term relationships _1-marriage_

ngth of current relationship _N/A_          Age of current spouse/significant other _N/A_

rrent relationship: Supportive  Fulfilling  Conflicted  Alienated  Controlling  Abusive _____

eason(s) for marital breakup(s) if any _1st wife GREW APART_

hildren: Number of boys _3_ Ages _7, 12, 16_ Number of girls _3_ Ages _7, 17 & 19_

eligious preference _BAPTIST_          Monthly church attendance: (None) 1  2  3  4+

isure/recreational activities: None  sports  cultural  social (TV) reading  arts/crafts  other

iends: None (few) many  Monthly social activities with friends: (None) 1  2  3  4+

amily history of mental illness (Y) N Type _Schizophrenia_          Suicide  Y (N)

hat family member(s): (1) _Uncle (maternal)_ (2) _____ (3) _____

ospitalizations _Bryce/Taylor Hards_ Helpful treatment(s) _____

ther information about family history: _____

_N/A_

=================================================

DUCATIONAL HISTORY:

rrently enrolled: (No) Full  Part  School & course of study _Baldwin Jr. H._

ompleted:  0 to 5  6 to 9  10 to 11  High school  GED  College degree  Advanced degree

ears business/tech school _____ Years college _____ Other _____

opped out (Yes) No  Reason _PUT OUT NO REASON_ _____ Year graduated _____

chool problems: None _diff learn_ _____ Usual grades:  A  B  C  D  F

ducational goals: (None) _____

THIS IS CONFIDENTIAL INFORMATION PRO-
TECTED BY FEDERAL LAW AND CANNOT BE
DUPLICATED OR SHARED WITHOUT THE
WRITTEN CONSENT OF THE CLIENT.

MPLOYMENT/VOCATIONAL HISTORY:

mployment status: (None) Full  Part  Type of employment _PRESENT_

ast employment: None  Full (Part) Total years employed full or part time _____

ype(s) of past employment _8/00_

eason(s) not employed _psychosis_

urrent vocational goals: (None) _____

sability Benefits: None (Applied) Received  Pending  No. years received _N/A_

eason for Benefits: _Mental Problems_

16

ake/Diagnostic Ass    ment - Page 4 of 6                    Case No: _C 4/6/_

**ARY SERVICE HISTORY:**

rrently:  None  Active duty  Retired  Nat'l Guard  **Branch**_____  **Rank achieved**_____

scharge:  **Date** _N/A_    **Type:** Honorable  Dishonorable  Disability_____

**EGAL HISTORY:**

st arrests/convictions/time served _Yes  of  Possession  of  Drugs_

nding charges _____N/A_____    Court date(s) _N/A_

**EDICAL BACKGROUND:** See Medical Background Checklist

**SYCHOLOGICAL/PSYCHIATRIC TREATMENT HISTORY:**

pe and duration of psychological/psychiatric problems:_____

patient treatment: Number of psychiatric hospitalizations:  None  1  2  3  4  5  6+

rst hospitalization:  Date _1980's_  Location/hospital name _Bryce_

mptoms/reason for hospitalization _Psychosis, Substance Abuse_

ost recent hospitalization:  Date_____  Location/hospital name_____

mptoms/reason(s) for hospitalization:_____

eatment(s):  Medications  individual/group therapy  other:_____

ther psychiatric hospitalizations:_____

| Date(s) | Name/location of hospital | Treatment (s) |
|---|---|---|
| _N/A_ | | |
| | | |
| | | |

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED WITHOUT THE WRITTEN CONSENT OF THE

utpatient:  Currently in treatment  Y  N  Years psychiatric outpatient treatment _____

| Year seen | By whom | Reason | Treatment |
|---|---|---|---|
| _N/A_ | | | |
| | | | |

pes of medication taken: Antipsychotic  Antidepressant  Mood stabilizers  Anti-anxiety  Other_____

ames, amount and dosages of medications: _Depakote, Risperdal_    Unknown

edications that have helped: (Names, amount, dosages_____

formation about past/current treatment: _N/A_

_19_

Intake/Diagnostic Assessment - Page 5 of 6                   Case No: _____

=================================================================

**ALCOHOL/DRUG USE HISTORY:**

Currently uses tobacco:  Y  (N)   **Kind:** Cigarettes  Cigars  Chewing  Snuff  Other:_____

Amount per day_____        Past use _____

Currently uses alcohol: (Y) (N)   **Kind:** Wine  Beer  (Hard Liquor)  Other_____

Amount per day_____        Past use  3 mos ago

Currently uses drugs:  (Y)  N    **Kind(s):** Sedatives/hypnotics  Amphetamines  Opioids  PCP

(Cocaine)  Hallucinogens  (Marijuana)  Other_____

Amount per day Unknown      Past use  3 mos ago

Does client think he/she has a problem with alcohol or drugs?                    (Yes)  No

Has the client ever felt the need to cut down on alcohol or drug use?            (Yes)  No

Has the client ever been annoyed by others telling him/her to cut down on use?  (Yes)  No

Does the client ever feel guilty about alcohol or drug use?                      (Yes)  No

Does the client sometimes need an "eye-opener" (alcohol in the morning)?         (Yes)  No

=================================================================

**MENTAL STATUS EXAMINATION:**

**Appearance:** (Neat)  (clean)  disheveled  malodorous  **Makeup:** Y (N)  Inappropriate_____

**Attire:** (Casual/leisure)  business/dressy  unusual/bizarre  appropriate to season  other_____

**Demeanor:** (Cooperative)  engagable  hostile  distant  guarded  seductive  other_____

**Orientation:** Person  place  time  situation  Comments: XX

**Speech:** (Normal rate), rhythm, latency  slowed  rapid  slurred  pressured  mute  disorder_____

**Motor:** (Normal)  slowed  agitated  posturing  rituals  compulsions/tics  Other_____

**Perceptual:** (Normal)  distortions_____   hallucinations_____

**Mood:** Euthymic  (dysthymic)  euphoric  unclear  other:_____

**Affect:** Full range  congruent to content  (flat/blunted)  constricted  tearful  angry  anxious

sad  frightened  labile  inappropriate:_____   other:_____

**Thought processes:** (Normal)  loose associations  flight of ideas  circumstantial  tangential

concrete  abstract  goal directed  other:_____

**Thought content:** **Suicide:** ideation  intent  plan  (none)   **Homicide:** ideation  intent  plan  (none)

obsessions  phobias  ideas of reference  no disturbance of thought  delusions_____

**Cognitive functioning:** Normal  concentration intact/impaired   judgment intact/impaired

insight intact/impaired   decision making intact/impaired

**Recent memory:** excellent  good (fair) poor   **Remote memory:** excellent  good (fair) poor

**Intelligence estimate:** Bright  average  (dull)  retardation: mild  moderate  severe

How estimated: (general knowledge), serial sevens, highest grade completed, other:_____

Other findings:_____ N/A _____

18

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR SHARED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

Intake/Diagnostic Assessment - Page 6 of 6      Case No: _Ce 6465_

=================================================================

**INITIAL TREATMENT PLAN:**

_____ No further treatment at this time      ✓_ See Case Staffing/Treatment Plan

Assigned to program _2USP_      Assigned to therapist _Marion Johnson_

Appointments scheduled:    Date      Time      With whom

       _12/29/00_    $9^{30}$    _Marion Johnson_

                    $10^{15}$    _Dr. DiMass_

                    $10^{45}$    _Jannie Cowan_

Comments: _____

_____

=================================================================

YES / NO    The Center's policies regarding internal access to records and clinical supervision were explained to the client.

YES / NO    Consents for release of information signed for other agencies/persons.

THIS IS CONFIDENTIAL INFORMATION PROTECTED BY FEDERAL LAW AND CANNOT BE DUPLICATED OR SHARED WITHOUT THE WRITTEN CONSENT OF THE CLIENT

=================================================================

_Marion M Jones md_      _Intake Therapist_      _12-21-00_

Evaluator signature           Evaluator title           Date

_[signature]_      _MDOP_      _12-21-00_

Supervisor signature           Supervisor title           Date

09/98

_19_

27BD, CLOSED, EL

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:04-cr-00008-MEF-VPM-ALL
#### Internal Use Only

2:07-CV-171-MEF

Case title: USA v. Edwards                 Date Filed: 01/21/2004

Assigned to: Hon. Chief Judge Mark E.
Fuller
Referred to: Honorable Vanzetta P.
McPherson

**Defendant**

**Frank James Edwards** (1)          represented by   **Federal Defender**
*TERMINATED: 09/14/2004*                           Federal Defenders
                                                   Middle District of Alabama
                                                   201 Monroe Street, Suite 1960
                                                   Montgomery, AL 36104
                                                   334-834-2099
                                                   Fax: 834-0353
                                                   Email: ECFCMALM@fd.org
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Public Defender or*
                                                   *Community Defender Appointment*

                                                   **Christine A. Freeman**
                                                   Federal Defenders
                                                   Middle District of Alabama
                                                   201 Monroe Street, Suite 1960
                                                   Montgomery, AL 36104
                                                   334-834-2099
                                                   Fax: 834-0353
                                                   Email: christine_freeman@fd.org
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: Public Defender or*
                                                   *Community Defender Appointment*

                                                   **Leslie Susanne Smith**
                                                   Federal Defenders
                                                   Middle District of Alabama
                                                   201 Monroe Street, Suite 1960

SCANNED

Montgomery, AL 36104
334-834-2099
Fax: 334-834-0353
Email: leslie_smith@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

18:2113(a)(d) BANK ROBBERY BY
FORCE OR VIOLENCE - NMT
$1,000,000;[*]; NMT 25YR; B; NMT
5YR SUP REL; G/L; VWPA; $100 SA
(1)

18:924(c)(1)(A) VIOLENT
CRIME/DRUGS/MACHINE GUN -
NMT $250,000; [*]; NLT 7YR (upon
2nd conviction) B; NLT 25YR
CONSEC; NMT 3YR SUP REL (upon
2nd conviction); NMT 5YR SUP REL;
G/L; VWPA; $100 SA
(2)

18:2113(a)(d) BANK ROBBERY BY
FORCE OR VIOLENCE - NMT
$1,000,000; [*]; NMT 25YR; B; NMT
5YR SUP REL; G/L; VWPA; $100 SA
(4)

18:924(c)(1)(A) VIOLENT
CRIME/DRUGS/MACHINE GUN -
NMT $250,000;[*]; NLT 7Y (upon 2nd
conviction);B; NLT 25Y CONSEC;
NMT 3Y SUP REL (upon 2nd
conviction); NMT 5Y SUP REL; G/L;
VWPA; $100 SA
(5)

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:922(g)(1) UNLAWFUL
TRANSPORT OF FIREARMS - NMT
$250,000; [*]; NMT 10YR; B; NMT

**Disposition**

57 MOS IMP TO BE SERVED CONC.
WITH CT. 4; 5 YS SUP REL TO BE
SERVED CONC. TO CTS. 2,4 & 5;
$400 SA; $19,758.57 RESTIT.

84 MOS TO BE SERVED CONSEC
TO EACH OTHER & CTS. 1 & 4; 5
YS SUP REL TO BE SERVED CONC.
TO CTS. 1,4 & 5; $400 SA; $19,758.57
RESTIT.

57 MOS IMP TO BE SERVED CONC.
WITH CT. 1; 5 YS SUP REL TO BE
SERVED CONC. TO CTS. 1, 2 & 5;
$400 SA; $19,758.57 RESTIT.

135 MOS IMP TO BE SERVED
CONSEC. TO EACH OTHER & CTS.
1&4; 5 YS SUP REL TO BE SERVED
CONC. TO CTS. 1,2 & 4; $400 SA;
$19,758.57 RESTIT.

**Disposition**

DISMISSED BY MOTION OF THE
UNITED STATES

3YR SUP REL; G/L; VWPA; $100 SA
(3)

18:922(g)(1) UNLAWFUL
TRANSPORT OF FIREARMS - NMT
$250,000; [*]; NMT 10YR; B; NMT
3YR SUP REL; G/L; VWPA; $100 SA
(6)

DISMISSED BY MOTION OF THE
UNITED STATES

**Highest Offense Level (Terminated)**
Felony

**Complaints**                                           **Disposition**
None

**Plaintiff**

**United States of America**                 represented by **John T. Harmon**
                                                            U.S. Attorneys Office
                                                            PO Box 197
                                                            Montgomery, AL 36101-0197
                                                            334-223-7280
                                                            Fax: 334-223-7560
                                                            Email: john.harmon@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tommie Brown Hardwick**
                                                            U.S. Attorney's Office
                                                            PO Box 197
                                                            Montgomery, AL 36101-0197
                                                            334-223-7280
                                                            Fax: 334-223-7135
                                                            Email: tommie.hardwick@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2004 | 1 | COMPLAINT as to Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | **Added party US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial, USA Financial Unit [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |

| 01/15/2004 | 2 | Arrest WARRANT issued as to Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
|---|---|---|
| 01/15/2004 | | **Added Government Attorney Tommie Brown Hardwick as to Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | ORAL ORDER as to Frank James Edwards , Appointing Federal Public Defender ( Entered by Mag. Judge Charles S. Coody ) [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | **Added for Frank James Edwards Attorney Federal Defender [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | 4 | MOTION by USA as to Frank James Edwards for Detention Hearing [4-1] referred to Mag. Judge Charles S. Coody [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | **Added ip party Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | 5 | Courtroom Deputy's Minutes as to Frank James Edwards : Initial Appearance (3:03 - 3:10) [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | 6 | ORDER as to Frank James Edwards Appointing Federal Public Defender to represent the defendant for all further proceeding; ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPOM, USPTS, FD, WS [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | ARREST of Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/15/2004 | | Initial appearance as to Frank James Edwards held before Mag. Judge Charles S. Coody on 1/15/04 ; Preliminary and Detention Hearing set for 9:00 1/21/04 for Frank James Edwards at U.S. Courthouse before Magistrate Judge Coody (Defendant informed of rights.) [ 2:04-m -3 ] (ws) (Entered: 01/15/2004) |
| 01/20/2004 | 7 | ORDER of Temporary Detention as to Frank James Edwards Detention Hearing set for 9:00 1/21/04 for Frank James Edwards at U.S. Courthouse ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, WS, YG, HC [ 2:04-m -3 ] (ws) (Entered: 01/20/2004) |
| 01/20/2004 | | Deadline updated as to Frank James Edwards, Setting Detention Hearing for 9:00 1/21/04 for Frank James Edwards before Mag. Judge Charles S. Coody in Courtroom 4B [ 2:04-m -3 ] (ws) (Entered: 01/20/2004) |
| 01/21/2004 | 8 | Waiver of Preliminary Examination and Detention Hearing by Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/21/2004) |

| 01/21/2004 | | **Terminated deadlines as to Frank James Edwards [ 2:04-m -3 ] (ws) (Entered: 01/21/2004) |
|---|---|---|
| 01/21/2004 | 9 | Courtroom Deputy's Minutes as to Frank James Edwards : Preliminary/Detention hearing not held as to the defendant's waiver of preliminary and detention hearing (9:54 - 9:57) [ 2:04-m -3 ] (ws) (Entered: 01/21/2004) |
| 01/21/2004 | 10 | ORDER as to Frank James Edwards that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facilty separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: Deft, Copies furnished to: USA, USM, USPO, USPTS, FD, WS [ 2:04-m -3 ] (ws) (Entered: 01/21/2004) |
| 01/21/2004 | 12 | INDICTMENT as to Frank James Edwards (1) count(s) 1, 2, 3, 4, 5, 6 (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | **Added Government Attorney Tommie Brown Hardwick, John T. Harmon as to Frank James Edwards (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | **Added party US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial, USA Financial Unit (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | **Added ip party Frank James Edwards - c/o Montg. City Jail, P.O, Drawer 159, Montg., AL (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | Magistrate Judge Vanzetta P. McPherson assigned to case for discovery matters as well as matters subsequently referred by District Judge . (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | (ws) (Entered: 01/22/2004) |
| 01/21/2004 | | **Terminated document(s) as to Frank James Edwards : terminating [4-1] motion for Detention Hearing as to Frank James Edwards (1) (ekl) (Entered: 02/19/2004) |
| 01/22/2004 | 11 | Arrest WARRANT Returned Executed as to Frank James Edwards on 1/14/04 [ 2:04-m -3 ] (ws) (Entered: 01/22/2004) |
| 01/22/2004 | 13 | ORDER as to Frank James Edwards Setting Arraignment for 10:00 2/4/04 for Frank James Edwards for U.S. Courthouse before Mag Judge Vanzetta P. McPherson in Courtroom 5A ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA, USM, USPO, USPTS, FD, EL, DK, YG, HC (ws) (Entered: 01/22/2004) |
| 01/30/2004 | 14 | EX PARTE APPLICATION (MOTION) by Frank James Edwards IFP for Order Requiring Subpoenas Duces Tecum to be Issued [14-1], and to Seal Application and Order referred to Mag Judge Vanzetta P. McPherson, [14-2] (ws) (Entered: 02/02/2004) |

| 02/03/2004 | 15 | ORDER as to Frank James Edwards granting [14-1] motion IFP for Order Requiring Subpoenas Duces Tecum to be Issued as to Frank James Edwards (1), granting [14-2] motion to Seal Application and Order as to Frank James Edwards (1) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USM,FD (with subpoena) APPLICATION AND ORDER PLACED UNDER SEAL. (ekl) (Entered: 02/03/2004) |
|---|---|---|
| 02/04/2004 | 16 | MOTION by USA as to Frank James Edwards to Modify the Standing Order on Criminal Discovery (and Extend Deadline to 3/12/04) [16-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/04/2004) |
| 02/04/2004 | | ARRAIGNMENT as to Frank James Edwards held before Mag Judge Vanzetta P. McPherson on 2/4/04 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of Not Guilty. (FTR: 10:46-11:00) (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | | PLEA of Not Guilty: Frank James Edwards (1) count(s) 1, 2, 3, 4, 5, 6 ; Court accepts plea. (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | 17 | Courtroom Deputy's Minutes as to Frank James Edwards : Arraignment held before Mag. Judge McPherson (FTR: 10:46-11:00) (dmk) (Entered: 02/04/2004) |
| 02/05/2004 | 18 | ORDER ON ARRAIGNMENT as to Frank James Edwards directing that the Probation Officer shall provide guideline calculation as set out in order; that Discovery is due on or before 2/4/04 by USA and 2/6/04 for Frank James Edwards Pretrial Motions to Compel due by 2/24/04 for Frank James Edwards ; Pretrial set 10:00 2/26/04 for Frank James Edwards in Courtroom 5A before Mag Judge Vanzetta P. McPherson Jury Trial set 3/22/04 for Frank James Edwards in U.S. Courthouse before Unassigned Judge and government response to pretrial motions due 5 days prior to date of hearing and if no hearing, 10 days from date of pretrial conference Voir dire questions and jury instructions are due one week before jury selection. (Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,FD,WR,YG,HC (ekl) (Entered: 02/05/2004) |
| 02/05/2004 | | Deadline updated as to Frank James Edwards, set voir dire questions due on 3/15/04 for Frank James Edwards , set proposed jury instructions due on 3/15/04 for Frank James Edwards (see order on arraignment,doc.18) (ekl) (Entered: 02/05/2004) |
| 02/06/2004 | 19 | ORDER as to Frank James Edwards granting [16-1] motion to Modify the Standing Order on Criminal Discovery (and Extend Deadline to 3/12/04) [construed by the court as a motion to modify the arraignment order as well] as to Frank James Edwards (1) resetting Discovery deadline to for 3/12/04 for Frank James Edwards ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,FD (ekl) (Entered: 02/06/2004) |

| 02/10/2004 | 20 | EX PARTE APPLICATION IFP by Frank James Edwards for Subpoena Duces Tecum , and to Seal [20-1] referred to Mag Judge Vanzetta P. McPherson, [20-2] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/11/2004) |
|---|---|---|
| 02/12/2004 | 21 | ORDER as to Frank James Edwards granting [20-1] motion for Subpoena Duces Tecum as to Frank James Edwards (1), granting [20-2] motion to Seal as to Frank James Edwards (1) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USM,FD (with subpoena) (ekl) (Entered: 02/12/2004) |
| 02/24/2004 | 22 | NOTICE of Appearance for Frank James Edwards by Attorney Leslie S. Smith (ekl) (Entered: 02/25/2004) |
| 02/25/2004 | 25 | NOTICE of Appearance for Frank James Edwards by Attorney Christine A. Freeman (ekl) (Entered: 02/27/2004) |
| 02/25/2004 | 26 | MOTION by Frank James Edwards to Extend Time to file PRetrial Motions [26-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/27/2004) |
| 02/25/2004 | 27 | UNOPPOSED MOTION by Frank James Edwards of Continuance in Interests of Justice [27-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/27/2004) |
| 02/25/2004 | 28 | WAIVER of Speedy Trial by Frank James Edwards (ekl) (Entered: 02/27/2004) |
| 02/26/2004 | | Pre-trial conference as to Frank James Edwards held before Mag Judge Vanzetta P. McPherson on 2/26/04 (FTR: 10:40-10:47) (dmk) (Entered: 02/26/2004) |
| 02/26/2004 | 23 | Courtroom Deputy's Minutes as to Frank James Edwards : Pretrial conference held before Mag. Judge McPherson (FTR: 10:40-10:47) (dmk) (Entered: 02/26/2004) |
| 02/26/2004 | 24 | ORDER as to Frank James Edwards set Motion Filing deadline to for 3/10/04 for Frank James Edwards and gov's response to 3/17/04 , set Pretrial Conference for for 10:00 4/2/04 for Frank James Edwards at Courtroom 5A before Mag Judge Vanzetta P. McPherson in Courtroom 5A , ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USA,USM,USPTS,USPO,FD,YG,HC,DK (ekl) (Entered: 02/27/2004) |
| 02/27/2004 | 29 | EX PARTE APPLICATION IFP by Frank James Edwards for subpoena duces tecum , and to Seal [29-1] referred to Mag Judge Vanzetta P. McPherson, [29-2] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 03/01/2004) |
| 03/01/2004 | 30 | ORDER as to Frank James Edwards granting [27-1] motion of Continuance in Interests of Justice Time Excluded from 3/1/04 to 4/26/04 as to Frank James Edwards (1) reset Jury Trial on 10:00 4/26/04 for Frank James Edwards before Unassigned Judge in U.S. Courthouse , set Pretrial |

| | | |
|---|---|---|
| | | Conference for 10:00 4/2/04 for Frank James Edwards at Courtroom 5A before Mag Judge Vanzetta P. McPherson ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: USA,USM,USPTS,USPO,FD,WR,YG,DK,HC (ekl) (Entered: 03/01/2004) |
| 03/01/2004 | 31 | ORDER as to Frank James Edwards granting [29-1] motion for subpoena duces tecum as to Frank James Edwards (1), granting [29-2] motion to Seal as to Frank James Edwards (1) ( Signed by Mag Judge Vanzetta P. McPherson ) , Copies furnished to: USM,FD (w/subpoenas). MOTION/ORDER SEALED. (ekl) (Entered: 03/02/2004) |
| 03/03/2004 | 32 | ORDER amending 2/26/04 order to reflect that this case is continued GENERALLY as to Frank James Edwards ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft., Copies furnished to: USA,USM,USPTS,USPO,FD,DK,WR,YG (ekl) (Entered: 03/04/2004) |
| 03/03/2004 | 33 | ORDER amending order entered 2/26/04 setting pretrial conference to reflect that pretrial motions shall be filed two days before pretrial conference (3/31/04) as to Frank James Edwards reset Motion Filing deadline to for 3/31/04 for Frank James Edwards ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft., Copies furnished to: USA,USM,USPTS,USPO,FD (ekl) (Entered: 03/04/2004) |
| 03/03/2004 | | **Terminated document(s) as to Frank James Edwards : terminating [26-1] motion to Extend Time to file PRetrial Motions as to Frank James Edwards (1) (ekl) (Entered: 03/31/2004) |
| 03/05/2004 | | **Terminated deadlines as to Frank James Edwards (ekl) (Entered: 03/05/2004) |
| 04/02/2004 | | Pre-trial conference as to Frank James Edwards held before Mag Judge Vanzetta P. McPherson on 4/2/04 [FTR: 10:41 - 10:50 am] (sql) (Entered: 04/02/2004) |
| 04/02/2004 | 35 | Courtroom Deputy's Minutes as to Frank James Edwards of pre-trial conference.: (sql) (Entered: 04/02/2004) |
| 04/14/2004 | 38 | ORDER as to Frank James Edwards re [34] Motion for Extension of Time to File Pretrial Motions filed by Frank James Edwards, Motion is GRANTED in part and DENIED in part as to Frank James Edwards : [34] Motion for Extension of Time to File Pretrial Motions filed by Frank James Edwards. Pretrial Motions due by 4/16/2004. Pretrial Conference set for 5/10/2004 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson, and Sealing any pretrial motions, if any, as further set out.. Signed by Judge Vanzetta P. McPherson on 4/14/04. (kcg, ) (Entered: 04/15/2004) |
| 04/15/2004 | | Judge update in case as to Frank James Edwards. Judge Mark E. Fuller and Vanzetta P. McPherson added. Judge Unassigned Judge no longer assigned to case. (kcg, ) (Entered: 04/15/2004) |

| 04/15/2004 | 37 | Pretrial Conference Order as to Frank James Edwards Jury Trial set for 6/2/2004 before Honorable Mark E. Fuller. Jury Selection set for 6/2/2004 before Honorable Mark E. Fuller. By separate order, this court has extended the deadline for pretrial motions to April 16, 2004. Voir Dire due by 5/26/2004 Proposed Jury Instructions due by 5/26/2004 Motions in Limine due by 5/26/2004.. Plea Agreement due by 5/24/2004.. Signed by Judge Vanzetta P. McPherson on 4/14/04. (kcg, ) (Entered: 04/15/2004) |
| --- | --- | --- |
| 04/15/2004 | | Set Hearings as to Frank James Edwards : Pretrial Conference set for 5/10/2004 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. (kcg, ) (Entered: 04/15/2004) |
| 04/15/2004 | | TRANSCRIPT of Pretrial Conference Proceedings as to Frank James Edwards held on 4/2/04 before Judge Vanzetta Penn McPherson. Court Reporter: Risa Entrekin. (kcg, ) (Entered: 04/20/2004) |
| 05/10/2004 | 42 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to Frank James Edwards held on 5/10/2004 (Tape #FTR: 10:31 - 10:34 am.) (sql, ) (Entered: 05/10/2004) |
| 05/12/2004 | 43 | ORDER of Reference as to Frank James Edwards that this case be referred to a United States Magistrate Judge to conduct all of the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to a guilty plea and to make a recommendation concerning acceptance of the guilty plea. Signed by Judge Mark E. Fuller on 5/12/04. (kcg, ) (Entered: 05/12/2004) |
| 05/13/2004 | 44 | NOTICE *of Intent to Change Plea* by Frank James Edwards (Freeman, Christine) (Entered: 05/13/2004) |
| 05/14/2004 | 45 | ORDER as to Frank James Edwards that a second pretrial conference was held on May 10, 2004 before the undersigned Magistrate Judge. Present at this conference were LESLIE SMITH, ESQ., counsel for the defendant, and Assistant United States Attorney TOMMIE HARDWICK, counsel for the government. As a result of the conference, it is hereby ORDERED that this case be set for a Change of Plea Hearing for 5/24/2004 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 5/14/04. (kcg, ) (Entered: 05/14/2004) |
| 05/24/2004 | 46 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Frank James Edwards (sql, ) (Entered: 05/25/2004) |
| 05/24/2004 | 47 | PLEA AGREEMENT as to Frank James Edwards (sql, ) (Entered: 05/25/2004) |
| 05/24/2004 | 48 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Change of Plea Hearing as to Frank James Edwards held on 5/24/2004, Plea entered by Frank James Edwards (1) Guilty Count 1,2,4,5. (Court Reporter Sherry Mack w/Dunn-King.) (sql, ) (Entered: 05/25/2004) |
| 05/27/2004 | 49 | REPORT AND RECOMMENDATIONS CONCERNING PLEA OF GUILTY as to Frank James Edwards Objections to R&R due by 6/9/2004. |

| | | Signed by Judge Vanzetta P. McPherson on 5/27/04. (kcg, ) (Entered: 05/27/2004) |
|---|---|---|
| 06/02/2004 | ⊜50 | Preliminary MOTION for Forfeiture of Property by United States of America as to Frank James Edwards. (Harmon, John) (Entered: 06/02/2004) |
| 06/03/2004 | ⊜51 | PRELIMINARY ORDER OF FORFEITURE WHEREAS, in the Indictment and Bill of Particulars for Forfeiture of Property in the above case, the United States sought forfeiture of specific property, IT IS HEREBY ORDDERED THAT: As a result of the guilty plea on Count 5 of the Indictment, for which the Government sought forfeiture pursuant to Title 18 United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the Defendant shall forfeit to the United States: all firearms and ammunition involved in the commission the violation of Title 18, United States Code, Section 924(c)(1), as further set out. Signed by Judge Mark E. Fuller on 6/3/04. (kcg, ) (Entered: 06/03/2004) |
| 06/14/2004 | ⊜52 | ORDER Accepting Guilty Plea and Adjudication of Guilt as to Frank James Edwards . Signed by Judge Mark E. Fuller on 6/14/04. (kcg, ) (Entered: 06/14/2004) |
| 06/14/2004 | ⊜53 | ORDER as to Frank James Edwards Sentencing set for 8/16/2004 09:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller. That on or before August 5, 2004, counsel for the defendant and the Government shall communicate in writing to the probation officer, and to each other, any objections they have as to any material information, etc. That, unless excused in writing by the Chief U.S. Probation Officer of this district, counsel for the parties shall be available for a conference with the probation officer on August 5, 2004, at 10:00 a.m., to discuss and resolve, if possible, factual and legal issues contained in the presentence report, as further set out. Signed by Judge Mark E. Fuller on 6/14/04. (kcg, ) (Entered: 06/14/2004) |
| 06/14/2004 | | ***Motions terminated as to Frank James Edwards : 49 REPORT AND RECOMMENDATIONS as to Frank James Edwards. (kcg, ) (Entered: 08/31/2004) |
| 06/25/2004 | ⊜54 | ORDER as to Frank James Edwards Sentencing is continued from 8/16/04 to 8/30/2004 09:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller.. Signed by Judge Mark E. Fuller on 6/25/04. (kcg, ) (Entered: 06/25/2004) |
| 08/10/2004 | ⊜55 | Process Receipt and Return as to Frank James Edwards on 8/5/04. (kcg, ) (Entered: 08/10/2004) |
| 08/16/2004 | ⊜56 | ORDER as to Frank James Edwards directing that on or before August 23, 2004, the defendant shall file in writing any objection to the PSR that is predicated on Blakely and will be raised at sentencing, as outlined in order. The defendant is advised that failure to file a written objection by the date specified will be viewed by the court as an indication that the |

|  |  | defendant has no unresolved Blakely objection that will require a ruling from the court at sentencing. Signed Chief Judge Mark E. Fuller. (snc) (Entered: 08/16/2004) |
| --- | --- | --- |
| 08/19/2004 | 57 | MOTION for Downward Departure *Pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. 3553(e)* by United States of America as to Frank James Edwards. (Hardwick, Tommie) (Entered: 08/19/2004) |
| 08/24/2004 | 58 | SENTENCING MEMORANDUM by Frank James Edwards (Smith, Leslie) (Entered: 08/24/2004) |
| 08/25/2004 | 59 | SENTENCING MEMORANDUM by Frank James Edwards (Smith, Leslie) (Entered: 08/25/2004) |
| 08/26/2004 | 60 | ORDER as to Frank James Edwards Sentencing is reset from 8/30/2004 to 8/31/2004 09:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller. Signed by Judge Mark E. Fuller on 8/26/04. (kcg, ) (Entered: 08/26/2004) |
| 08/27/2004 | 61 | MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility by United States of America as to Frank James Edwards. (Hardwick, Tommie) (Entered: 08/27/2004) |
| 08/27/2004 | 62 | Final MOTION for Forfeiture of Property by United States of America as to Frank James Edwards. (Harmon, John) (Entered: 08/27/2004) |
| 08/31/2004 | 63 | FINAL ORDER OF FORFEITURE OF PROPERTY as to Frank James Edwards regarding One.38 Ruger Revolver, Serial Number 570-49464, as further set out in order . Signed by Judge Mark E. Fuller on 8/31/04. (kcg, ) (Entered: 08/31/2004) |
| 08/31/2004 |  | ORAL ORDER granting 57 Motion for Downward Departure as to Frank James Edwards (1); granting [] Motion for Reduction in Criminal Offense Level for Acceptance of Responsibility as to Frank James Edwards (1). Signed by Judge Mark E. Fuller on 8/31/04. (kcg, ) (Entered: 09/13/2004) |
| 08/31/2004 |  | ORAL MOTION to Dismiss Counts 3 and 6 of the Indictment by United States of America as to Frank James Edwards. (kcg, ) (Entered: 09/13/2004) |
| 08/31/2004 |  | ORAL ORDER granting [] Motion to Dismiss Counts 3 and 6 of the Indictment as to Frank James Edwards (1). Signed by Judge Mark E. Fuller on 8/31/04. (kcg, ) (Entered: 09/13/2004) |
| 08/31/2004 |  | ***Motions terminated as to Frank James Edwards : 62 Final MOTION for Forfeiture of Property filed by United States of America, 50 Preliminary MOTION for Forfeiture of Property filed by United States of America. (kcg, ) (Entered: 09/13/2004) |
| 08/31/2004 | 65 | Minute Entry for proceedings held before Judge Mark E. Fuller :Sentencing held on 8/31/2004 for Frank James Edwards (1), 1, 2, 3, 4, 5, 6, Defendant plead guilty to Counts 1,2,4 & 5 of the Indictment and Counts 3 and 6 were Dismissed per Oral Motion of the United States.. |

| | | (Court Reporter Jimmy Dickens.) (kcg, ) (Entered: 09/13/2004) |
|---|---|---|
| 09/03/2004 | ⊕64 | FINAL ORDER OF FORFEITURE as to Frank James Edwards regarding One.38 Ruger Revolver, Serial Number 570-49464, as further set out. . Signed by Judge Mark E. Fuller on 9/3/04. (kcg, ) (Entered: 09/03/2004) |
| 09/14/2004 | ⊕66 | JUDGMENT as to Frank James Edwards (1), Defendant plead guilty to Counts 1,2,4 & 5 of the Indictment and Counts 3 and 6 were Dismissed per Oral Motion of the United States.; Count(s) 1, 57 MOS IMP TO BE SERVED CONC. WITH CT. 4; 5 YS SUP REL TO BE SERVED CONC. TO CTS. 2,4 & 5; $400 SA; $19,758.57 RESTIT.; Count(s) 2, 84 MOS TO BE SERVED CONSEC TO EACH OTHER & CTS. 1 & 4; 5 YS SUP REL TO BE SERVED CONC. TO CTS. 1,4 & 5; $400 SA; $19,758.57 RESTIT.; Count(s) 3, 6, DISMISSED BY MOTION OF THE UNITED STATES; Count(s) 4, 57 MOS IMP TO BE SERVED CONC. WITH CT. 1; 5 YS SUP REL TO BE SERVED CONC. TO CTS. 1, 2 & 5; $400 SA; $19,758.57 RESTIT.; Count(s) 5, 135 MOS IMP TO BE SERVED CONSEC. TO EACH OTHER & CTS. 1&4; 5 YS SUP REL TO BE SERVED CONC. TO CTS. 1,2 & 4; $400 SA; $19,758.57 RESTIT. . Signed by Judge Mark E. Fuller on 9/14/04. (kcg, ) (Entered: 09/14/2004) |
| 09/14/2004 | | ***Case Terminated as to Frank James Edwards (kcg, ) (Entered: 09/14/2004) |
| 11/12/2004 | ⊕67 | Judgment Returned Executed as to Frank James Edwards on 11/2/04. (kcg, ) (Entered: 11/12/2004) |
| 11/19/2004 | ⊕68 | Process Receipt and Return as to Frank James Edwards regarding Preliminary Order of Forfeiture on 11/19/04. (kcg, ) (Entered: 11/29/2004) |
| 11/19/2004 | ⊕69 | Process Receipt and Return as to Frank James Edwards of Final Order of Forfeiture on 11/19/04. (kcg, ) (Entered: 11/29/2004) |
| 01/09/2006 | | Payment Received from BOP: as to Frank James Edwards $ 25.00 assessment, receipt number 108933 (ws, ) (Entered: 01/10/2006) |
| 04/11/2006 | | Payment Received from BOP: as to Frank James Edwards $ 26.74 assessment, receipt number 109885 (ws, ) (Entered: 04/12/2006) |
| 05/01/2006 | | Payment Received: as to Frank James Edwards $ 56.81 assessment, receipt number 14418340 (ws, ) (Entered: 05/02/2006) |
| 06/01/2006 | | Payment Received: as to Frank James Edwards $ 27.83 assessment, receipt number 14418831 (ws, ) (Entered: 06/07/2006) |

🖎AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

|  MIDDLE | District of | ALABAMA |

**UNITED STATES OF AMERICA**
**v.**
**FRANK JAMES EDWARDS**

## JUDGMENT IN A CRIMINAL CASE

Case Number:     2:04CR8-001-F

USM Number:     11351-002

Leslie S. Smith
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    1,2,4 and 5 of the Indictment on May 24, 2004

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2113(a) and (d) | Armed Bank Robbery | 1/12/2004 | 1 |
| 18 U.S.C. 924(c)(1)(A) | Use of a Firearm During or in Relation to a Crime of Violence | 1/12/2004 | 2 |
| 18 U.S.C. 2113(a) and (d) | Armed Bank Robbery | 1/14/2004 | 4 |
| 18 U.S.C. 924(c)(1)(A) | Use of a Firearm During or in Relation to a Crime of Violence | 1/14/2004 | 5 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    3 and 6            ☐ is    X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 31, 2004
Date of Imposition of Judgment

_Signature of Judge_

MARK E. FULLER, CHIEF UNITED STATES DISTRICT JUDGE
Name and Title of Judge

14 SEPTEMBER 2004
Date

SCANNED

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| **DEFENDANT:** FRANK JAMES EDWARDS | Judgment — Page __2__ of __6__ |
| **CASE NUMBER:** 2:04CR8-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

276 Months.  This term consists of 57 months on counts 1 and 4 to be served concurrently with each other, 84 months on count 2, and 135 months on count 5, to be served consecutively to each other and counts 1 and 4.

X    The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a facility where Intensive Residential Substance Abuse Treatment is available.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.



_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
       Sheet 3 — Supervised Release

| | |
|---|---|
| **DEFENDANT:** FRANK JAMES EDWARDS | Judgment—Page __3__ of __6__ |
| **CASE NUMBER:** 2;04CR8-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years.  This term consists of 5 years on counts 1,2,4 and 5, all to be served concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. Date 2:05-cr-00019-JMC-WCN !!!!! Document from u77 !!!!! Filed 02/08/2007 !!!!! Page 54 of 76
Sheet 3C — Supervised Release

DEFENDANT:     FRANK JAMES EDWARDS
CASE NUMBER:     2:04CR8-001

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in drug testing and/or treatment if directed by the probation officer. Defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

Judgment — Page     5     of     6

**DEFENDANT:**          FRANK JAMES EDWARDS
**CASE NUMBER:**     2:04CR8-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|                | **Assessment** | **Fine** | **Restitution** |
|----------------|----------------|----------|-----------------|
| **TOTALS**     | $  400.00      | $ 0      | $  19,758.57    |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Regions Bank  | $3,063.00   | $3,063.00           |                        |
| South Trust Bank | $11,118.00 | $11,118.00        |                        |
| Compass Bank  | $5,577.57   | $5,577.57           |                        |

| **TOTALS** | $  19,758.57 | $  19,758.57 |
|------------|--------------|--------------|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the   ☐ fine   X  restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __6__ of __6__

DEFENDANT:        FRANK JAMES EDWARDS
CASE NUMBER:      2:04CR8-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ __20,158.57__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

     Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, P.O. Box 711, Montgomery, AL 36101.

     Any balance remaining at the start of supervision shall be paid at the rate of $280.00 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

     One .38 Ruger Revolver, Serial Number 570-49464

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.