IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK JAMES EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:07cv171-MEF-WC |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**O R D E R**

On February 8, 2007, the petitioner, Frank James Edwards ("Edwards"), filed a pleading styled as a "*Motion for Judicial Notice Rule 201 of the Federal Rules of Criminal Procedures, under Title 18 U.S.C. § 3553(a)(1)(2)(A) Extraordinary and Compelling Reasons for Sentence Reduction.*"[1] (Doc. No. 1.) By this motion, Edwards challenges his August 2004 convictions and sentence for armed bank robbery and firearm-related offenses. Edwards asserts as grounds for relief that (1) the indictment failed to charge a federal offense; (2) the United States Attorney failed to prove territorial jurisdiction in his case; and (3) his sentence was imposed in violation of his due process rights because he was suffering

---

[1] Although Edward's motion was date-stamped "received" in this court on February 26, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, February 8, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

from diminished mental capacity at the time of the criminal proceedings against him.²

Edwards's asserted claims attack the legality of his convictions and sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claims Edwards now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine

---

²In his motion, Edwards moves that this court "take judicial notice under Rule 201 of the Federal Rules of Criminal Procedure." (Doc. No. 1 at 1.) However, there is no Rule 201 of the Federal Rules of Criminal Procedure, and the court assumes that Edwards is attempting to cite Rule 201 of the Federal Rules of Evidence, which pertains to judicial notice. Edwards also asserts that he is entitled to relief "under extraordinary and compelling doctrine of 18 U.S.C. 3553(a)(1)(2)(A)." (Doc. No. 1 at 1.) Section 3553(a)(1)(2)(A), however, pertains to factors the district court is to consider in imposing a sentence and does not provide a vehicle for challenging a conviction or seeking a sentence reduction.

whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).  **Accordingly, the court concludes that Edwards's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.***

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court hereby advises Edwards of its intention to re-characterize his pleading as a § 2255 motion.**  The court **cautions** Edwards that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions.  Specifically, Edwards is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[3]

It is further

**ORDERED that on or before March 22, 2007**, Edwards shall advise this court whether he seeks to:

1. Proceed before this court on the claims presented in his February 8, 2007, motion (Doc. No. 1);

---

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2. Amend this motion to assert any additional claims on which he wishes to challenge the convictions and sentence imposed upon him by this court; or

3. Dismiss the motion.

Edwards is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on February 8, 2007.

Done this 28th day of February, 2007.

      /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE