IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE
DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 MAR 27 A 9:37

FRANK JAMES EDWARDS     ]
    Petitioner,         ]
                        ]    .RA P. HACKETT
                        ]    U.S. DISTRICT COU..
                        ]    MIDDLE DISTRICT AL..
                        ]    Case # 2:04-CR-08-F
v.                      ]
                        ]
                        ]
UNITED STATES           ]
    Respondent,         ]    2:07cv171-MEF
                        ]
                        ]

---
**MOTION TO AMEND PETITIONER MOTION
FILED ON FEB.26 2007 AS ORDERED
BY THE COURT ON MARCH 22, 2007**
---

    **Now Comes Petitioner,** Frank James Edwards, through pro-se representation file this motion to amend Petitioner original motion for administrative notice and demand the Federal Rules of Evidence 201 and 301. Petitioner files this notice to the United States in above refrenced criminal matter (hereinafter Petitioner) presents this formal notice, and demand to provide formal notice to all interested parties of same as follows, to wit.

**TAKE JUDICIAL NOTICE**
**(F.R.E. 2001)**

    Under Federal Rules of Civil Procedures 8(d),(e),(1),(2), and 201(a)(b)(d), it is mandatory that judicial notice be taken by all U.S. officers claiming to have original criminal jurisdiction:

as to United States, " In the Article IV U.S. District Court, for criminal proceedings to disclosure and bring forth such proof and evidence which cannot be disputed and aver under oath for the court record the following documentary evidence.

1. That the United States charge an offense against the United States in the instant case.

2. That the United States, prove original jurisdiction over said violation.

3. That the United States complied with the factors set forth in 18 U.S.C. 3553(a) (1)(2)(A)

4. Did the "United States" have subject matter jurisdiction in the instant case.

5. Did the US Attorney comply with due process clause as to the competency of the Petitioner to stand trial or sign a guilty plea.

6. Rule 201 Judicial Notice of Adjudicative facts states in part:

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially notice fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When Mandatory: A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter notice. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

ISSUE 1

Now Comes Petitioner praying that this Honorable court Rule on

the Petitioner motion under Judicial Notice. Petitioner request that this Honorable court do not consider said motion as an action under 28 U.S.C. §2255 for the following reasons:

1. Petitioners Attorney and the US Attorney did get the Petitioner to waive all right's to an appeal and Habeas Corpus relief under Section 2255.

2. Petitioner has one question to the court the court accepted said plea of guilty and knows that the US attorney and the Petitioner Attorney did get the Petitioner to sign away his Rights to an appeal under Rule 3742 and 2255. Why does the court want to construe the Petitioners motion under judicial notice 201&301 as a motion under section 2255 when the petitioner is barred from filing a motion under 2255?

Petitioner asserts that the U.S. District court is in action to administer justice and is sworn and bound by the Constitution of the United States. This Honorable court was empowered by congressional act to uphold the laws of the United States and to protect the rights of citizens of the United States that are guaranteed under the Constitution and administer justice equally to Black or White or any other race. In the instant case justice has not been served. The Petitioner was mentally incompetent to sign a guilty plea. The record from the mental health center was never presented to this Honorable court for a decision by the US Attorney or the Petitioners Attorney, as whether the Petitioner was competent to sign the guilty plea The court accepted. Petitioner was denied medication for the period the petitioner was being processed and coached to sign a guilty plea. When The petitioner and petitioner's wife requested the Attorney that was representing the Petitioner about the Petitioners medication and if the petitioner could be placed back on the medication, petitioners attorney and the US attorney did deny Petitioner access to medication until the petitioner was in Federal

-3-

prison and had waived all his rights. In the instant case the crime that was committed by the petitioner was because the petitioner was not taking his medication. And then when the petitioner was arrested the petitioner was then denied medication by the Government to acquire a guilty plea. In the instant case the Petitioner should have been charged not as a normal person of normal behavior, but should have been looked upon by the Government as a person with severe mental problems and sent to receive treatment. The Petitioner is finally receiving his medication and being monitored by psychiatrist. After the fact that an injustice has been imposed on the petitioner. Petitioner request to this court is that justice be served in this case. And that the record be viewed by the court and that this motion be ruled on (As Is) and not as a 2255.

## ISSUE II

### WHETHER THE UNITED STATES HAD SUBJECT MATTER JURISDICTION TO CHARGE AN OFFENSE

Now Comes the petitioner asserting that he is actually innocent of any crime against the United States and that the United States did not have the jurisdiction to charge an offense.

On January 21, 2004 Petitioner was charged in a six(6) count indictment for the violation of 18 U.S.C.§2113(a).(d); 18 U.S.C. 924(c)(1): 18 U.S.C. 922(g)

In may 24, 2004 Petitioner signed a guilty plea with the United States through the U.S. Attorney: Tommie Brown Hardwich. Petitioner attorney was Christine A. Freeman and Leslie S. Smith. A

On May 24, 2004 an agreement was reached by said parties on count 1,2,4, and 5 of the indictment. The Petitioner agreed to:
(a) to plead guilty to count 1,2,4, and 5 of the indictment.
(b) that the recommendation in paragraph 2, of the plea agreement

-4-

of a sentence of 23 years after the calculation by the United States probation officer.

A determination by the court concluded that (23) years was an appropriate sentence as to the Bank Robberies as charged in Count 1, and 4, of the indictment and brandishing of a firearm during and relation to the commission of a crime of violence as charged in count 2, and 5, of the indictment. Petitioner waived his appeal and collateral rights under 18 U.S.C.§3742 and to any post conviction proceedings except for the issue of ineffective assistance of counsel and prosecutional misconduct. Petitioner asserts that in the instant case at bar prosecution by the Federal courts in a Bank Robbery case is unconstitutional. The court for the Middle District of Alabama, Montgomery, Division is not vested jurisdiction by congressional statute. US Attorney Used F.D.I.C Federal Deposit insurance to acquire jurisdiction in the instant case. The Petitioner asserts that the acquirement of subject matter jurisdiction in this case was illegally acquired, because: Federal Deposit Insurance Coverage does not protect a bank or thrift against loss form fraud, theft, or embezzlement; rather, it protects insured deposits in the event of the insolvency of the institution. Any such claim, therefore would not be reimbursed by the FDIC. Federal Deposit Insurance for bank insolvencies extends to the main office of the bank as well as to all affiliated branches, and is continuous until either voluntarily surrendered or revoked pursuant ot Federal Regulations. SEE EXHIBIT (A) a copy of letter sent from:

> Fredrick L. Fish
> Senior Attorney
> Federal Deposit Insurance
> Corporation
> 550 17th Street NW
> Washington DC, 20429

The Supreme Court has stated in the reasoning to either cases:

> The course of reasoning which leads to this conclusion is simple obvious, and admits on but little illustration. The powers of the general government are made up of concessions from the several states; <u>Whatever is not expressly given to the former then the latter expressly reserve</u>. The judicial power of the United States is a constituent part of those concessions; that power

is to be exercised by courts organized for the purpose and brought into existence by an effort of the legislative power of the union of all courts which the United States may, under their general powers, constitute, one only-the Supreme Court- possesses jurisdiction derived immediately from the constitution, and of which the legislative power cannot deprive it. All other courts created by the general government possess no jurisdiction but what is given them by the power that created them, and can be vested with none but the power ceded to the general government will authorize them to confer. It is not necessary to inquire whether the general government in any and what extent possesses the power of conferring on its courts a jursdiction in cases similar to the present; it is enough that such jurisdiction has not been conferred by any legislative act. If it does not result to those courts as a consequence of their creation. And such is the opinion of a majority of this court. For the power which congress possess to create courts of inferior jurisdiction, necessarily implies the power to limit the jurisdiction of those courts to particular objects: and when a court is created, and its operations continue to certain specific objects; with what propriety can it assume to itself a jurisdiction-much more extended: in its nature very indefinite; applicable to a great variety of objects: varying in every state in the union-and with regard to which there exist no definite criterion of distribution between the district and circuit courts of the same district? The only ground on which it has ever been contended that this jurisdiction could be maintained is, that, upon the formation of-any political body, or implied power to preserve its own existence and promote the end and object of its creation, necessarly results to it. But, without, examining how far this consideration is applicable to the peculiar character of our constitution, it may be remarked that it is a principle by no means peculiar to the common law. It is coeval, probably, with the first formation of a limited government; belongs to a system of universal law, and may as well support the assumption of many other powers as those more peculiarly acknowledged by common law of England. But it admitted as applicable to the state of things in this country. The consequence would not result from it which is here contended for. If it may communicate certain implied powers to the general government it would not follow that the courts of that government are vested with jurisdiction over any particular act done by an individual in supposed violation of the peace and dignity of the sovereign power. The legislative authority of the union must first make an act a crime, affix a punishment to it, and declare the court that shall have jurisdiction of the offense. The Supreme Court has further stated that certain implied powers must necessarily result to our courts of justice from the nature of their institution, but jurisdiction of crime against the state is not among those powers to fine for contempt. Imprison for contumacy, enforce the observance of order, ect, are powers which cannot be dispensed with in a court, because they are necessary to the exercise of all others; and so far as our courts no doubt possess powers not immediately derived from statute, but all exercise of criminal jurisdicition in common law cases, we are of opinion, is not with their implied powers.

In the instant case at bar, the court, nor the US Attorney asserted jurisdiction, nor does the statute, that the Petitioner in charged with gives the court jurisdiction over the crime. No government official of the United States asserted judicial, or territorial jurisdiction either at plea agreement, Guilty Plea Hearing or Sentencing Hearing. **United States v. Hudson and Goodwin.** 3 LED 259, 7 Cranch 32. (7 of May 1806) **JOnes v. US** 137 US 202 11. Sct. 80 (1890). **Hanford v.** 163 US 273, 16 S.Ct 1051 (1896). **In FW/ PBS, INC. v. Dallas,** 493 US 215, 107 LEd 2d 603 (1990) **Allen v. Wright** 468 US 737, 750, 82 LEd 2d 556 (1984) **Bender v. William-Sport Area School Dist.** 475 US 534, 541, 89 LEd 501(1986) 107 LEd 2d at 621-22. **In Sweeton v. Brown,** 27 F. 3d 1162 (6th Cir. 1994) the court quoted: "Lack of Jurisdiction cannot be waived."

There is no presumption in favor of jurisdiction and the basis for jurisdiction must be affirmatively shown. Their is no basis for federal jurisdiction in this case. SEE Exhibit (A). **Hanford v. Davis** 163 US 273, 16 S.Ct 1051. 41 LEd 157(1896) **Glidden v. Zdanok** 370 US 530 535-37 (1962). **US v. Nukida** 8 F.3d 665, 668-69 (8th Cir. 1883) **U.S. v. Caparell,** 938 F.2d 975, 977 (9th Cir. 1981) **U/S/ v. Robertson** 698 F2d 703, 704 N.1 (5th Cir. 1983) **U.S. v. Cortez,** 973F2d 764 766-67 (8th Cir. 1992) Where a Federal court is without jurisdiciton of the offense judgement of conviction of the count and/or the jury is <u>void ab initio</u> on its face. **Bauman v. U.S.** 156 F.2d 534 (C.C.P..A. 1946) and Where the subject of jurisdiction in the court over the person, subject matter, or the place where the crime was committed can be raised in any stage of the criminal proceedings. <u>Including Execution of Sentence</u>, it is never presumed, but must always be proved, and it is never waived by the accused. **United States v. Rogers.**

23 F 658 (D.C. Ark. 1885) **Owen Equip and Erection v. Kroger,** 437 US 365 57 LEd 2d 274, 281-83 (1978) **Palmore v. United States,** 411 US 389 390-410 36 Led 2d 342 (1973). The United States District Courts are not courts of general jurisdiction, and have no jurisdiction except as prescribed by congress pursuant to Article III as held in **Graves v. Sneed,** 541 F2d 159, 161 (1976) Cert. den 429 US 1093(1976) Cert. den. 429 US 1093 (1976) the court of appropriate jurisdiction for violation of the provisions of title 18 U.S.C.(Criminal Code) Is designated at title 18 U.S.C. §3231; which states: the district court of the United States shall have original jurisdiction Exclusive of the Courts of the states, and all offenses against the laws of the United States.

In the instant case, there is no basis for federal jurisdiction. the offense was not charged against the United States, in Petitioner indictment. For the Petitioner to be charged with the violation of an offense against the United States, the Petitioner must violate the laws of the United States inside the geographical territories of the United States and in the instant case the United States did not own said property where the bank is located on .

## CONCLUSION

Wherefore, the Petitioner prays for justice in this case.

1. That the United States prove the elements and the basis of jurisdiction in this case.

2. That the court resentence the Petitioner to a sentence of 27-to 33 months as of misprison of a felony because of the mental capacity of the Petitioner. And because of the violations of petitioners rights that has been violated by the US Attorney and petitioners Attorney in this case. By not presenting the actual record of Petitioners mental capacity before the Petitioner accepted said guilty plea.

Petitioner respectfully submitts this motion to this Honorable Court.

Date: 3-15-07                                   Frank Edwards

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been mailed to the US Attorney in this case on this 15 of March, 2007 by the mail from this institution.

Date: 3-15-07                                   Frank Edwards

**FDIC**

**Federal Deposit Insurance Corporation**
550 17th Street, NW, Washington, DC 20429

Office of Executive Secretary

August 18, 1999

Mr. James L. Johnson
#19266-057
P.O. Box 4000
Manchester, KY 40962-4000

FDIC Log # 99-0560

Dear Mr. Johnson:

This will respond to your letter dated July 24, 1999, pursuant to the provisions of the Freedom of Information Act ("FOIA," 5 U.S.C. § 552), asking whether or not the FDIC insures First Citizens Bank of Rural Hall, North Carolina.

Please be advised that the FOIA does not require agencies to answer questions; rather, it requires agencies to search for, and provide, copies of releaseable documents in response to requests for the same. As a courtesy to you, however, we will, at this time, address the question you pose.

First-Citizens Bank & Trust Company, Raleigh, North Carolina, with a branch in Rural Hall, is insured by the FDIC and has been since the inception of the FDIC in 1933. Enclosed is a printout from the FDIC's website, at www.fdic.gov, which shows FDIC's insurance of the institution.

For your general information, FDIC's federal deposit insurance coverage DOES NOT protect a bank or thrift against loss from fraud, theft, or embezzlement; rather, it protects insured deposits in the event of the insolvency of the institution. Any such claim, therefore, would not be reimbursed by the FDIC. Federal deposit insurance for bank insolvencies extends to the main office of the bank, as well as to all affiliated branches, and is continuous until either voluntarily surrendered or revoked pursuant to federal regulations. Enclosed please find a copy of "Your Insured Deposit," which will provide other useful information on federal deposit insurance.

Sincerely,

Fredrick L. Fisch
Senior Attorney

Enclosures

FROM:
FCC Yazoo City Medium
PO Box 5888
Yazoo City, MS 39194

Office of the Clerk
United States District Court
PO Box 711
Montgomery, Alabama 36101

