IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK JAMES EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv171-MEF-WC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

On February 8, 2007, the petitioner, Frank James Edwards, filed a pleading styled as a "*Motion for Judicial Notice Rule 201 of the Federal Rules of Criminal Procedures, under Title 18 U.S.C. § 3553(a)(1)(2)(A) Extraordinary and Compelling Reasons for Sentence Reduction.*" (Doc. No. 1.) By this motion, Edwards challenges his August 2004 convictions and sentence for armed bank robbery and firearm-related offenses. After advising Edwards in accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court has construed Edwards's motion to be a motion for relief pursuant to 28 U.S.C. § 2255.[1]  Accordingly, the CLERK is hereby DIRECTED to serve a copy of Edwards's §

---

[1] In an order entered on February 28, 2007 (Doc. No. 2), this court advised Edwards, as required by *Castro v. United States*, that the relief he seeks through his motion is appropriate only under the remedy provided by 28 U.S.C. § 2255 and that it was the court's intention to re-characterize his motion accordingly. As also required by *Castro*, the court directed Edwards to advise the court by March 22, 2007, whether he sought to (1) proceed under 28 U.S.C. § 2255 on the claims presented in his motion, (2) amend his motion to assert any additional claims on which he wishes to challenge the convictions and sentence imposed upon him by this court, or (3) dismiss the motion. *Id.* The court specifically cautioned Edwards that if he failed to file a response in compliance with the order, the cause would proceed as an action under 28 U.S.C. § 2255 and that
(continued...)

2255 motion upon the United States Attorney for the Middle District of Alabama. The United States Attorney is

**ORDERED** to file a response to Edwards's motion within thirty (30) days from the date of this order. The government is advised that its response must address each claim presented by Edwards in the § 2255 motion.

**In filing its response, the government shall identify and produce all documents and court records relevant to the issues pending in this cause of action. The government should also indicate what transcripts are available, whether such documents are a part of the original criminal record, and, if not, when they can be furnished to the court**. The government shall attach to its response those portions of the trial record, including the plea agreement, guilty plea proceeding, and/or sentencing transcript, that are pertinent to a determination of the issues presented in this cause of action. **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly preserve such claims, the government shall identify the defaulted claim(s) and provide a factual and legal basis for the procedural default argument**.

---

[1](...continued)
the court would consider only those claims presented in the motion filed on February 8, 2007. *Id*. On March 19, 2007, Edwards filed a pleading with this court styled as a "*Motion to Amend Petitioner Motion Filed on Feb. [8] 2007 as Ordered by the Court on March 22, 2007*" (Doc. No. 3), wherein he objects to the court's recharacterization of his February 8, 2007, motion as a motion under 28 U.S.C. § 2255. Although styled as a "*Motion to Amend...*," the pleading asserts no additional claims and essentially restates claims contained in Edwards's original motion. This pleading fails to comply with the court's order of February 28, 2007, as Edwards fails to respond to the choices provided to him in that order. Accordingly, this cause will proceed as an action under 28 U.S.C. § 2255 and the court will consider only those claims presented in Edward's motion filed on February 8, 2007.

Moreover, in filing its response, the government shall make specific reference to the portion of 28 U.S.C. § 2255 that provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**The government is advised that its response should contain a detailed procedural history, all relevant records, and citations to applicable case law from which the court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255.**

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the motion to vacate may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless

further order of the court.

The *Federal Rules of Civil Procedure* require that the petitioner mail to counsel for the government a true copy of anything that is sent to the court. Consequently, the petitioner is advised that he must mail to the United States Attorney for the Middle District of Alabama a true copy of **anything** that he sends to the court. Any document, pleading or correspondence sent to the court should specifically state that it has been sent to the United States Attorney for the Middle District of Alabama. Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, the petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings submitted by the petitioner that are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 29th day of March, 2007.

      /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE