IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 2:07-cv-171-MEF |
| V. | ) | (CR-04-0008) |
| | ) | |
| FRANK JAMES EDWARDS | ) | |

### AFFIDAVIT

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

I, CHRISTINE A. FREEMAN, being duly sworn, states as follows:

1.  I am employed by the office of the Federal Defender for the Middle District of Alabama.

2.  I was assigned as trial counsel for Frank James Edwards, in Case No. 02:04-cr-08.

3.  In Mr. Edwards' Motion, filed on February 26, 2007, (D.E. 1), Mr. Edwards alleges that his due process rights were violated because his attorney "did not bring the condition of Movants mental condition to this Honorable Courts attention in his guilty plea nor at sentencing." (Motion, p. 17, Issue II..)

4.  Prior to Mr. Edwards' entry into a plea agreement in this case, the office of undersigned counsel arranged for a psychological evaluation of Mr. Edwards to be performed by Dr. Carolyn Boyer, Ph.D. Dr. Boyer's final evaluation report was completed on or about April 20, 2004. During the course of her evaluation of Mr. Edwards, Dr. Boyer

1

met with Mr. Edwards at least twice and reviewed records of prior treatment, including the records attached to Mr. Edwards' present Motion as Exhibit C. Dr. Boyer concluded that Mr. Edwards was competent to proceed, that he did not appear to be suffering from a psychotic disorder, and that he had a long-standing history of substance abuse problems and suffered from chronic depression. She also noted that Mr. Edwards had experienced post-traumatic stress disorder symptoms, as a result of the violent deaths of his father and brother. Mr. Edwards witnessed his brother's accidental fatal injury in 1987, at the place where they both worked.

    5.    The criminal charges brought against Mr. Edwards in the indictment in Case 02:04-cr-008 included two separate counts of armed robbery (Counts 1 and 4), two separate counts of violations of 18 U.S.C. § 924 ( c)(1)(A)(ii) (Counts 2 and 5), and two separate counts of being a felon in possession of a firearm (Counts 3 and 6) (Case 02:04-cr-008, Doc. 12).

    6.    Under 18 U.S.C. § 924 ( c)(1)(A)(ii), the minimum penalty for a first offense is seven years. Under 18 U.S.C.§924( c)(1)(C)(i), the minimum penalty for a second offense is twenty-five years. Under 18 U.S.C. § 924(c)(a)(D)(ii), any penalty for any violation of 18 U.S.C. § 924( c) may not be served concurrently to any penalty for any other offense, including any related offense. Thus, in addition to the substantial penalties Mr. Edwards was facing on Counts 1, 3, 4 and 6, the armed robbery and felon in possession charges, separate conviction on Counts 2 and 5 required a mandatory additional consecutive sentence of thirty-

two years – three hundred eighty-four additional months.

7. Mr. Edwards' plea agreement contained a promise from the government to file a motion for a downward departure under 18 U.S.C. § 3553(e) and a promise pursuant to F.R.Cr.P. 11(c)(1)( C) that the parties would jointly request a sentence of two hundred seventy-six months. (Case 02:04-cr-008, Doc. 47, p. 2, paragraphs 2 and 3.) The plea agreement further provided that Mr. Edwards agreed "that there are no motions for a downward departure applicable in this case other than the United States' motion . . . . The filing of any other motion for a downward departure on behalf of the defendant will void this plea agreement in its entirety." (Case 02:04-cr-008, Doc. 47, p. 5, paragraph d.)

8. Although U.S.S.G. §5K2.13 permits a downward departure under certain circumstances on the basis of diminished mental capacity, that provision also prohibits or recommends against such a departure when imposing sentence for a crime of violence.

9. Prior to Mr. Edwards' sentencing, the office of undersigned counsel sent a letter to the U.S. Probation Officer who had authored the draft presentence report in this case. A copy of that letter was sent simultaneously to government counsel. That letter stated in part:

> In the portion of the report at paragraph 58, which references Mr. Edwards' mental and emotional health, the report indicates no history of mental health problems or mental health treatment. However, Mr. Edwards has been treated in the past for Schizophrenia, Paranoid Type and Polysubstance Dependence at the Montgomery Mental Health Authority. He was also evaluated by Dr. Catherine Boyer, a psychologist, at our request. While Mr. Edwards failed to recall them, we recommend the inclusion of these past mental health interactions in the PSR insofar as they might be important for determining Mr.

Edwards' entitlement to health care in the federal prison system. The defense is not seeking a motion for downward departure on the basis of any mental or emotional illness.

9. Petitioner's sentencing took place on August 31, 2004. At the sentencing, the court granted the government's motion to reduce petitioner's offense level by several levels, resulting in a sentence of two hundred seventy-six months. (Case 02:04-cr-008, Doc. 66.) This sentence was at least thirty percent lower than the mandatory statutory sentence which would otherwise have been required.

Further Affiant saith not.

_____
CHRISTINE A. FREEMAN

STATE OF ALABAMA        )
MONTGOMERY COUNTY  )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **CHRISTINE A. FREEMAN**, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

GIVEN under my hand and official seal this November 2, 2007.

(SEAL)
Notary Public
My Commission Expires: 6/15/2008

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Tommie Brown Hardwick, Esq., Assistant United States Attorney, Montgomery, AL 36104.

                                              s/Christine A. Freeman
                                              CHRISTINE A. FREEMAN
                                              TN BAR NO.: 11892
                                              Federal Defenders
                                              Middle District of Alabama
                                              201 Monroe Street, Suite 407
                                              Montgomery, AL 36104
                                              TEL: (334) 834-2099
                                              FAX: (334) 834-0353
                                              E-Mail: Christine_Freeman@fd.org