**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **FRANK JAMES EDWARDS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07cv171-MEF-WC** |
| | ) | **(WO)** |
| **UNITED STATES OF AMERICA,** | ) | **(CR No.: 04cr-08-MEF)** |
| | ) | |
| **Respondent.** | ) | |

## UNITED STATES'S RESPONSE TO § 2255 MOTION

COMES NOW the United States of America ("the Government") by and through its

attorneys, Leura G. Canary, United States Attorney, and Sandra J. Stewart, Assistant United

States Attorney, and in compliance with this Court's order to show cause, responds to

Defendant/Movant Frank James Edwards's "Motion for Judicial Notice Rule 201 of the Federal

Rules of Criminal Procedures, Under Title 18 U.S.C. § 3553(a)(1)(2)(A) Extraordinary and

Compelling Reasons For Sentence Reduction," which this Court has construed as a motion under

28 U.S.C. § 2255, as follows:

### I.  PROCEDURAL HISTORY AND RELEVANT FACTS

On January 21, 2004, a grand jury for the Middle District of Alabama returned a six-

count indictment against Defendant/Movant Frank James Edwards.  *See* attachment A, the

indictment.  Count one of the indictment charged that, "on or about January 12, 2004, in

Montgomery County, within the Middle District of Alabama," Edwards robbed the SouthTrust

Bank on Zelda Road in Montgomery, Alabama, at gunpoint, "a bank whose deposits were then

1

insured by the Federal Deposit Insurance Corporation," in violation of 18 U.S.C. § 2113(a) and (d). *Id*. at 1. Count two of the indictment charged that Edwards knowingly used and carried a firearm, specifically, a semi-automatic handgun, during and in relation to his January 12, 2004 armed robbery of the SouthTrust Bank on Zelda Road in Montgomery, Alabama, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 1-2. Count three charged Edwards with being a two-time convicted felon in possession of a semi-automatic handgun and ammunition in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1). *Id*. at 2.

Count four of Edwards's indictment charged Edwards with a second bank robbery. *Id*. at 3. Specifically, that count of the indictment charged that, "on or about January 14, 2004, in Montgomery County, within the Middle District of Alabama," Edwards robbed the Regions Bank on Mobile Highway in Montgomery, Alabama, at gunpoint, "a bank whose deposits were then insured by the Federal Deposit Insurance Corporation," in violation of 18 U.S.C. § 2113(a) and (d). *Id*. Count five of Edwards's indictment charged Edwards with knowingly using and carrying a firearm, specifically, a .38 Ruger Revolver, during and in relation to his January 14, 2004 robbery of the Regions Bank on Mobile Highway in Montgomery, Alabama, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 3-4. And finally, count six of Edwards's indictment charged Edwards with being a two-time convicted felon in possession of a firearm, specifically, a .38 Ruger Revolver, and ammunition in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1). *Id*. at 4. Two forfeiture allegations were also contained in the indictment. *Id*. at 4-7.

Edwards subsequently entered into a plea agreement in this case. *See* Attachment B, a copy of the plea agreement in this case. Before Edwards entered the plea agreement, the Federal

Defender's Office for the Middle District of Alabama arranged to have Edwards evaluated by Dr.

Carolyn Boyer, Ph.D.  *See* Affidavit of Christine Freeman.  (Doc. 12., p. 1)

> During the course of her evaluation of Mr. Edwards, Dr. Boyer met with Mr. Edwards at least twice and reviewed records for prior treatment, including the records attached to Mr. Edwards' present Motion as Exhibit C.  Dr.  Boyer concluded that Mr. Edwards was competent to proceed, that he did not appear to be suffering from a psychotic disorder, and that he had a long-standing history of substance abuse problems and suffered from chronic depression.  She also noted that Mr. Edwards had experienced post-traumatic stress disorder symptoms, as a result of the violent deaths of his father and brother.  Mr. Edwards witnessed his brother's accidental fatal injury in 1987, at the place where they both worked.

*Id*. at 1-2.

Edwards's plea agreement provided that, in return for guilty pleas to counts 1, 2, 4 and 5

of the indictment, the Government agreed to (1) a two-level reduction of Edwards's offense level

for acceptance of responsibility, so long as Edwards did not obstruct justice or otherwise fail to

accept responsibility for his conduct; (2) move at sentencing for a further one-level reduction in

the offense level, based on Edwards's assistance to authorities in the investigation and

prosecution of his own misconduct by timely notifying the Government of his intent to plead

guilty; (3) that a sentence of 276 months (23 years) was the appropriate sentence as to the bank

robberies as charged in counts one and four of the indictment, and as to the brandishing a firearm

during and in relation to the commission of crimes of violence as charged in counts two and five

of the indictment; and (4) file for a motion for a downward departure before sentencing pursuant

to 18 U.S.C. § 3553(e).  *See* Attachment B at 3-4.  For his part, Edwards (1) agreed to plead

guilty to counts one, two, four, and five of his indictment; (2) that his appropriate sentence was

276 months (23) years; (3) agreed that no motions for downward departure were applicable in the

case; (4) consented to forfeiture of the .38 Ruger Revolver; (5) agreed to pay restitution to the

victims; and (6) agreed to waive his right to appeal or file a collateral attack on his sentence

under 28 U.S.C. § 2255, except he reserved the right to file an appeal based on ineffective

assistance of counsel, prosecutorial misconduct, or any upward departure that the district court

might grant. *Id*. at 4-5.

A guilty plea hearing was held for Edwards on May 24, 2004 before United States

Magistrate Judge Vanzetta P. McPherson, pursuant to Edwards's consent. *See* Attachment C, a

transcript of the guilty plea hearing in this case. Edwards was represented at the hearing by

counsel, specifically, Ms. Leslie Smith of the Federal Public Defender's Office for the Middle

District of Alabama. *Id*. at 1. At the outset of the hearing, Edwards was placed under oath.

Attachment C at 2. Thereafter, the magistrate judge asked Edwards if he had ever been treated

for any mental illness or addiction to narcotic drugs of any kind, and he responded that he had.

*Id*. at 3. In response to the court's further questions, Edwards told the court that he had last been

treated in 2000; he had been confined to Meadhaven during that treatment; that he was prescribed

medication while there as a part of his treatment; he was being treated in Meadhaven for drug

addiction; he had *not* been previously treated for any mental illness; and he was not currently

taking any medication as a result of that treatment, because he could not afford to pay for it,

because no one had prescribed any further medication for him, and because he was not then

suffering from any condition for which he needed to take any medication. *Id*. at 3-5.

At the plea hearing, Edwards told the court that he was fully satisfied with the

representation and advice that his counsel had provided him. *Id*. at 6. Additionally, when the

court asked Edwards if he understood all of the terms of the plea agreement, he responded that he

did. *Id*. at 5-7. Further, the court asked Edwards about specific terms of the agreement and he

4

indicated he understood those terms. *Id*. at 7-13, 15-16, 22-24. The court explained to Edwards the rights he was relinquishing by pleading guilty and asked if he understood those rights he was giving up; he stated that he did. *Id*. at 15-17. Edwards then entered pleas of guilty to counts one, two, four, and five of the indictment, *id*. at 17; a factual basis for the pleas was established, *id*. at 17-20; and the court accepted the pleas, finding that Edwards was "fully competent and capable of entering an informed plea" and that his pleas were "knowing and voluntary...," *id*. at 20. The magistrate judge recommended that the district court accept Edwards's plea of guilty (Case No. 02:04-cr-008, Doc. 49), and it was accepted by the district court (Case No. 02:04-cr-008, Doc. 52).

A sentencing hearing was held before United States District Court Judge Mark E. Fuller on August 31, 2004. *See* Attachment D, a transcript of the August 31, 2004 sentencing hearing. There being no objections to the presentence report prepared in the case, the district court adopted the factual statements contained in the presentence report. Attachment D at 2. Specifically, the district court found Edwards's offense level was 21, his criminal history category was IV, the sentencing guidelines range was from 57 to 71 months, the supervised release period was from three to five years, and the fine range was from $7500 to $75,000. *Id*. at 2-3. The court then granted the Government's motion for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on Edwards's substantial assistance to the Government. *Id*. at 3-5, 6. After hearing from Edwards and his counsel, the court then departed downward as to count five of Edwards's indictment to a sentence of 135 months.

Edwards was sentenced in accordance with his plea agreement to 276 months' imprisonment. *Id*. at 6-7; *see also* Attachment E, a copy of Edwards's September 14, 2004

judgment of conviction and sentence, at 2.  Further, Edwards was ordered to pay an assessment

fee of $400; the court waived imposition of a fine based on Edwards's inability to pay; Edwards

was ordered to pay restitution to Regions Bank in the amount of $3036, to SouthTrust Bank in

the amount of $11,118; and to Compass Bank in the amount of $5577.57; and he was ordered

placed on supervised release for five years on his release from prison, subject to general and

special terms.  Attachment D at 7-8; Attachment E at 3-6.  Judgment was entered in Edwards's

case on September 14, 2004.  Attachment E.

Edwards filed his "Motion For Judicial Notice Rule 201 Of The Federal Rules of

Criminal Procedures, Under Title 18 U.S.C. §3553(a)(1)(2)(A) Extraordinary and Compelling

Reasons For Sentence Reduction" on February 8, 2007.[1]  On February 28, 2007, this Court

advised Edwards, as required by *Castro v. United States*, 540 U.S. 375 (2003), that the relief he

sought through his motion was appropriately sought through a motion filed pursuant to 28 U.S.C.

§ 2255, and that the Court intended to recharacterize his motion accordingly.  *See* Doc. 2.  The

Court gave Edwards until March 22, 2007 to file any additional claims for relief.  *Id*.  Edwards

subsequently filed a "Motion to Amend Petitioner Motion Filed on Feb. [8] 2007 as Ordered by

the Court on March 22, 2007," in which he objected to the recharacterization of his motion as a

motion under § 2255.  *See* Doc. 3.  Edwards did not raise any additional claims for relief in his

"amended" motion.  *Id*.

On March 29, 2007, this Court entered an order directing the Government to respond to

---

[1]Edwards's § 2255 motion was docketed in this Court on February 26, 2007.  He signed
the motion on February 8, 2007 and declared that to be the date that he mailed the document.  *See*
Fed. R. App. P. 4(c)(1).  Because the exact date of his filing in accordance with *Houston v. Lack*,
487 U.S. 266 (1988), is not determinative of any issues in this case, the Government will rely on
the February 8, 2007 date.

Edwards's § 2255 motion within 30 days. *See* Doc. 4. Subsequently, when the Government failed to file a response as ordered, this Court entered a show cause order on June 5, 2007, directing the Government to show cause why it had failed to respond to the § 2255 motion as ordered and to respond to the § 2255 motion. *See* Doc. 6. The Court entered another show cause order and order to respond to the § 2255 motion on August 20, 2007, when the Government again failed to respond as ordered. *See* Doc. 7. On September 5, 2007, the Government filed a motion with this Court in response to the two show cause orders explaining to the Court that it had not received the previous two orders and requesting an additional 30 days from receipt of the guilty plea and sentencing transcripts to respond to the § 2255 motion. *See* Doc. 8. This Court granted the Government's request for additional time to respond to the § 2255 motion to and including November 5, 2007. The Government now files this response to the § 2255 motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the Government can discern, Edwards raises the following five issues in his § 2255 motion:

1. The United States was without jurisdiction to charge Edwards with any offense and it failed to charge him with any offense against the United States.

2. His guilty plea was not voluntary because he was not competent at the time he entered his plea.

3. His counsel was ineffective for failing to bring his incompetence to the district court's attention.

4. He was incompetent at the time he committed his crimes.

5. The district court should have departed downward at his sentencing based on his reduced mental capacity.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.**    **Edwards's Motion Is Barred Because He Waived His Right To Seek Such Relief Under 28 U.S.C. § 2255 When He Entered His Guilty Plea.**

Edwards agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered into his guilty plea agreement on May 24, 2004.  *See* Attachment B at 4-5.  Edwards's signature on his plea agreement indicates he understood the entire agreement, including the waiver of his right to seek post-conviction relief.  *Id*. at 12.  He also indicated at his guilty plea hearing that he understood he was waiving his right to appeal and to seek post-conviction relief. *See* Attachment C at 11.  The only exceptions to Edwards waiver were that Edwards could appeal based on ineffective assistance of counsel, prosecutorial misconduct, and any upward departure in sentencing.  *Id*.  Only one of Edwards's issues involves any of the exceptions – his claim of ineffective assistance of counsel based on counsel's failure to bring his incompetence to the district court's attention.[2]

The Eleventh Circuit views Edwards's waiver of his right to seek relief under § 2255 as a contract between the United States and a criminal defendant.  *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).  It has been held that "a waiver of the right to seek federal habeas review must be 'an intentional relinquishment or abandonment of a known right,' the right to federal habeas review."  *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).  Similarly, waiver of the right to seek § 2255 relief must consist of an intentional abandonment of that right.  The record in this case demonstrates that the Court ascertained that Edwards's assent to the terms of

___

[2]As is noted below, a jurisdictional issue may be raised at any time and a competency in fact claim may be raised at any time.  But because Edwards agreed to knowingly and voluntarily waive *all* issues, except the three types of issues identified above, he has agreed to waive jurisdictional and competency issues as well as all others.

his plea agreement was knowing and voluntary.  Therefore, all but the claim reserved – the

ineffective assistance of counsel claim – are procedurally barred from review by this Court

because Edwards has waived his right to raise all of his other claims.

**B.    Edwards Has Not Met The One-Year Statute of Limitations Under 28 U.S.C. § 2255.**

In addition to Edwards's waiver of his right to seek relief under 28 U.S.C. § 2255, the

Government asserts that Edwards has not filed his motion in a timely manner under paragraph six

of 28 U.S.C. § 2255, which provides a one-year period of time to seek relief under the rule.

Section 2255 states that a motion be filed within one year from

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution and laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

The judgment against Edwards was entered on September 14, 2004.  He did not appeal

his conviction or sentence to the United States Court of Appeals for the Eleventh Circuit.  His

sentence became final when the time for filing an appeal to the Eleventh Circuit expired.

Although not specifically addressing the application of the statute of limitations to the 10-day

notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction

becomes final for someone who appeals to an appellate court when the time for seeking certiorari

review in the Supreme Court expires.  *See Kaufman v. United States*, 282 F.3d 1336, 1337-39 (11th Cir. 2002).  Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires.  *See*, *e.g.*, *Ramirez v. United States*, No. 05-10010, 2005 WL 1706142, at *1 (11th Cir. July 22, 2005) (unpub.).  Edwards had 10 days from the September 14, 2004 entry of judgment by this Court to seek review by the Eleventh Circuit, *see* Fed. R. App. P. 4(b)(1)(A)(i); his conviction and sentence became final, therefore, on September 24, 2004.  Under § 2255, Edwards then had until September 24, 2005 – one year after September 24, 2004 – to file his motion.  He filed the instant motion, at the earliest, on February 8, 2007, over one year and four months later.  It is, therefore, untimely under the limitation period in § 2255 ¶ 6(1).

**C.    Issues 1, 2, 4, and 5 of Edwards's Motion Are Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because They Could Have Been Raised Prior To The Court's Acceptance Of His Guilty Plea And On Direct Appeal, But They Were Not, And Edwards Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

To the degree that Edwards's claims for relief involve his challenge to the district court's jurisdiction over his offense and his competency to enter his guilty plea, those issues are not barred merely because Edwards did not raise them in a prior proceeding (although they were waived by the guilty plea agreement).  However, to the degree those claims include other issues, such as the sufficiency of the indictment, the legality of his arrest, the United States Attorney's jurisdiction over him, whether the government established jurisdiction at the plea hearing, etc., those claims are barred from this Court's review as explained below.  Moreover, the following claims for relief are barred from this Court's review because Edwards failed to raise them in previous proceedings:

10

1.    The United States was without jurisdiction to charge Edwards with any offense and it failed to charge him with any offense against the United States.

2.    His guilty plea was not voluntary because he was not competent at the time he entered his plea.

4.    He was incompetent at the time he committed his crimes.

5.    The district court should have departed downward at his sentencing based on his reduced mental capacity.

Because Edwards did not raise the claims outlined above prior to the entry of his guilty plea or on direct appeal, the claims are barred in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bars. A motion under § 2255 cannot be used as a substitute for appeal, *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal that could have been are generally barred from review in § 2255 proceedings, *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). In *Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

*Id*. at 1055-56 (internal citations omitted). *See also McCoy v. United States*, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish

cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. *See*, *e.g.*, *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Edwards has offered nothing to this Court to support a cause and prejudice or miscarriage of justice argument to overcome his procedural defaults. Therefore, claims 1, 2, 4, and 5, to the degree they do not raise jurisdictional or competency in fact issues should be dismissed on procedural grounds.

**D.    Edwards's Jurisdictional Claim Is Without Merit.**

In issue one of his motion, Edwards appears to argue a number of different things, all dealing with jurisdiction. Jurisdictional issues are properly reviewed pursuant to 28 U.S.C. § 2255, albeit not when they have been knowingly and voluntarily waived as they have been here. *See* argument III.A., above. Edwards seems to argue in issue one of his motion that there was no jurisdiction for the district court to try him because the United States did not own or have jurisdiction over the banks where his crimes were committed; that the indictment did not allege an offense against the United States, but instead alleged an offense against the State of Alabama, and it failed to assert jurisdiction; and that the Government failed to establish jurisdiction in the plea agreement and at the plea hearing. All of Edwards jurisdictional arguments fail.

First, it was not necessary that the United States government own the banks that Edwards robbed in order for Edwards to be charged with a federal offense or in order for the district court

to assert jurisdiction over his person.  As to the jurisdiction of the district court, district courts

have jurisdiction to hear cases concerning the violation of any laws of the United States.  *See* 18

U.S.C. § 3231; *see also*, *e.g.*, *United States v. Williams*, No. 05-13145, 2006 WL 1746931, at *3

(11th Cir. 2006) (unpub.).  Bank robbery is a violation of 18 U.S.C. § 2113, a law of the United

States.  Therefore, the district court had jurisdiction over Edwards's bank robbery offenses.

      Moreover, it does not matter that the banks were not on federal land or were not owned

by the federal government as Edwards alleges.  It is enough that the two banks he was charged

with robbing were insured by the Federal Deposit Insurance Corporation.  *See* 18 U.S.C. §

2113(f); *United States v. Maner*, 611 F.2d 107, 108 (5th Cir. 1980); *see also United States v.*

*Williams*, 2006 WL 1b746931 at *3.

      Edwards's argument that the indictment did not allege a federal offense is similarly

without merit.  The indictment charged Edwards with robbing two banks that were insured by the

Federal Deposit Insurance Corporation at gunpoint on two separate occasions, in violation of 18

U.S.C. § 2113(a).  *See* counts one and four of Edwards's indictment, Attachment A at 1-2, 3.

These allegations were sufficient to allege violations of federal law.  Moreover, contrary to

Edwards's argument, the indictment did allege that the two bank robberies were federal offenses

and that they occurred within the jurisdiction of the district court that heard the case.  The

indictment does allege that the two bank robberies occurred within the State of Alabama, but it

also charged that the two bank robberies occurred in the Middle District of Alabama.  This Court

is the Court for the Middle District of Alabama; therefore, it had jurisdiction over the charged

offenses.

      Finally, the Government did assert in the plea agreement, and Edwards agreed in that

agreement, that his offenses occurred in Montgomery, Alabama, which is within the Middle District of Alabama, and that the two banks involved in his bank robberies were insured by the Federal Deposit Insurance Corporation. *See* Attachment B at 6-7. At the plea hearing, it was also established that both bank robberies occurred in Montgomery, Alabama, which, again, is within the Middle District of Alabama, and it was stipulated that the two banks were federally insured. *Id*. at 17-19. Therefore, contrary to Edwards's assertions, the Government sufficiently established this Court's jurisdiction over the offenses and sufficiently pled and proved the violation of federal law.

Even if this Court rejects the Government's statute of limitations and waiver defenses, it should refuse to grant Edwards any relief on his jurisdictional claims because they are without merit.

**E.     Edwards Has Not Presented Any Evidence To Support His Contention That He Was Not Competent To Enter His Guilty Plea.**

In support of his contention that he was not competent to enter his guilty plea, Edwards only presents some medical records indicating that in 2000-2001 he was treated by the Montgomery Mental Health Authority, where he was diagnosed as suffering from schizophrenia, paranoid type, and polysubstance dependence and given medication. If Edwards was, in fact, not able to understand what was going on during his plea hearing or the nature and consequences of pleading guilty, he would, in fact, be entitled to relief from his convictions and sentence. *Godinez v. Moran*, 509 U.S. 389, 396-99 (1993). However, the record from the guilty plea hearing and the affidavit provided by his counsel at the trial stage belies any contention that Edwards was not competent to enter his guilty plea.

14

Before his guilty plea hearing, the Federal Public Defender's Office had Edwards evaluated by a psychologist, who reviewed the records that Edwards has provided this Court in support of his § 2255 motion. After reviewing these records and evaluating Edwards, the psychologist determined that Edwards was "competent to proceed" and that "he did not appear to be suffering from a psychotic disorder." *See* Affidavit of Christine Freeman at 1-2.

Furthermore, at the guilty plea hearing, the magistrate judge asked Edwards about any treatment for any mental illness or addiction, and Edwards, under oath, only stated that he had a drug problem, stating that he had not previously been treated for any mental illness. Attachment C at 3-5. He also told the magistrate judge that he was not taking any medication at the time of the plea hearing, because he was not suffering from any condition for which he needed to take any medication. *Id*. And finally, at the hearing, the magistrate judge ascertained whether Edwards understood his plea agreement, the nature of the charges against him, and whether he had been coerced in any way into entering the agreement. Edwards answered all of the court's questions coherently and he provided the court with relevant information. He also was able to recall the events surrounding the robberies that led to his indictment. Before accepting the plea, the court concluded that Edwards was "fully competent and capable of entering an informed plea" and that his pleas were "knowing and voluntary...." Attachment C, at 20. These conclusions were supported by the record.

The record sufficiently establishes Edwards's competency and the records he has provided are insufficient alone to overcome what is reflected in the record. This Court should, therefore, reject Edwards's competency to enter his guilty plea claim.

F.    **Edwards's Counsel Was Not Ineffective For Failing To Bring His
      Alleged Incompetence To The District Court's Attention.**

It also appears that Edwards is challenging the representation he received at his guilty

plea hearing in that he argues his counsel should have brought his incompetency to the court's

attention at the guilty plea hearing or at sentencing.  Contrary to his assertions, Edwards's

counsel were not ineffective at the guilty plea hearing or at sentencing and this claim should be

rejected.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both

that his counsel's performance was deficient and that that deficient performance prejudiced his

case.  *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *see also*, *Bell v. Cone,* 535 U.S. 685,

697-98 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective

assistance of counsel claims); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001)

(applying two-part test of *Strickland v. Washington*).  More specifically, Edwards must show that

(1) identified acts or omissions of counsel fell below an objective standard of reasonableness,

and (2) that her counsel's alleged errors or omissions resulted in prejudice to him to such an

extent that, without counsel's alleged errors or omissions, there is a reasonable probability that

the outcome of his trial would have been different.  *Yordan v. Dugger,* 909 F.2d 474, 477 (11th

Cir. 1990).

In analyzing counsel's performance under the performance prong of *Strickland*, this Court

must presume that the conduct of counsel was reasonable, *Yordan v. Dugger,* 909 F.2d at 477.  A

"[d]efendant must prove deficient performance by a preponderance of competent evidence, and

the standard is 'reasonableness under prevailing professional norms.' " *Gallo-Chamorro v.*

16

*United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted).  The Eleventh

Circuit has described a defendant's burden with regard to the deficient performance prong of an

ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a
> petitioner seeking to rebut the presumption of adequate performance must bear a
> heavy burden:
>
> > The test has nothing to do with what the best lawyers would have done.
> > Nor is the test even what most good lawyers would have done.  We ask
> > only whether some reasonable lawyer at the trial could have acted, in the
> > circumstances, as defense counsel acted at trial. ...  We are not interested
> > in grading lawyers' performances; we are interested in whether the
> > adversarial process at trial, in fact, worked adequately.
>
> > ... Thus, in order to show that counsel's performance was unreasonable, the
> > petitioner must establish that *no competent counsel would have taken the
> > action that his counsel did take*....

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his

counsel's deficient performance prejudiced his case as "high," noting that it is not enough to

show that any errors had some conceivable effect on the outcome of the proceeding.  *Robinson v.

Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).  To succeed on the ineffective assistance of

counsel claim, the defendant must show that, but for counsel's unprofessional errors, the

outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must

demonstrate both deficient performance and prejudice, and that a failure to demonstrate either

prong constitutes a failure to demonstrate ineffective assistance of counsel."  *Bottoson v. Moore*,

234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343.

17

In raising his ineffective assistance of counsel claim, Edwards has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions, and this Court should therefore dismiss his claim.

Edwards alleges that his counsel should have brought his incompetency to the attention of the magistrate judge at his guilty plea hearing and to the district court at his sentencing. However, as his counsel points out in the provided affidavit, a competency evaluation of Edwards was obtained before his guilty plea hearing and the expert retained by counsel determined Edwards was competent to stand trial. Counsel was not deficient for failing to raise the issue of competency to the magistrate judge or district court when such a claim was non-meritorious. Moreover, Edwards has failed to prove – or present any evidence at all – that he was, in fact, incompetent at the time of his guilty plea. Therefore, he has also failed the prejudice portion of his ineffective assistance of counsel claim.

Edwards also appears to argue that his counsel should have asked for a reduced sentence based on a claim of diminished capacity and that her failure to do so resulted in ineffective assistance of counsel. However, in the affidavit provided by Christine Freeman, counsel points out that, in the plea agreement itself, Edwards agreed that there were no grounds for a downward departure in his case and that, if he filed such a motion, it would void the plea agreement. *See* Affidavit of Christine Freeman, at 3 ¶ 7. The affidavit also points out that, although U.S.S.G. § 5K2.13 permits a downward departure under some circumstances on the basis of diminished capacity, that provision also prohibited or recommended against such a departure when a defendant's crimes are violent crimes, as Edwards's crimes were. *See* Affidavit of Christine Freeman, at 3 ¶ 8. And finally, as is pointed out in the Affidavit, counsel for Edwards informed

the probation officer that Edwards had been treated in the past for polysubstance abuse and schizophrenia.  *See* Affidavit of Christine Freeman,  at 3 ¶ 9.  As is demonstrated by the Affidavit, counsel for Edwards acted reasonably in handling the issue concerning his previous mental health as it related to his sentencing.  The performance of counsel was not deficient.  Therefore, Edwards's argument should be rejected.

Even if Edwards's counsel's performance was deficient, he has also failed to establish any prejudice.  The district court sentenced Edwards to 276 months' imprisonment, in accordance with his plea agreement.  Edwards has not shown that, but for any errors of counsel, this Court would have sentenced him differently.

G.    **Edwards Has Presented Nothing But A Bare Allegation That He Was Incompetent At The Time He Committed The Two Bank Robberies.**

It also appears that Edwards is alleging that he was not competent at the time he committed the two bank robberies that form the basis of his convictions.  However, he has presented this Court with no evidence to support those contentions.  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." *Stephens v. United States*, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), *quoting United States v. Guerra,* 588 F.2d 519, 520-21 (5th Cir.1979).  "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief....  Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." *Potts v. Zant,* 638 F.2d 727, 751 (5th Cir. 1981)(citations

19

omitted).[3]  At most, Edwards has provided only some evidence that he suffered from a mental illness in 2000-2001; he has presented no evidence or corroboration that he was mentally incompetent at the time of his offense such that he could not be held responsible for his crimes. Because Edwards's motion and the record offer no factual basis or proof – and certainly no corroboration – of his claims of incompetency at the time of the offense, that claim should be dismissed without a hearing.

H.      **Because There Was No Evidence That Edwards Suffered From Any Diminished Capacity, The District Court Did Not Err In Failing To _Sua Sponte_ Depart Based On Such Diminished Capacity.**

Finally, Edwards alleges that the district court should have departed downward in sentencing him based on his alleged diminished capacity.  However, Edwards never asked the court to depart downward in sentencing him and he, in fact, agreed in his plea agreement that there were no grounds for a downward departure.  _See_ Attachment B at 5.  Further, there was no evidence presented to the court to establish that a downward departure was warranted. Therefore, even if this claim were not procedurally defaulted, time barred, and waived, which it is, it is without any merit.

## IV.  MISCELLANEOUS

Edwards has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing, and his claims for relief should be denied without such a hearing.  _See Blacklidge v. Allison_, 431 U.S. 63, 73-74 (1977); _Tejada v. Dugger_, 941 U.S. 1551, 1559 (11th Cir. 1991); _United States v. Laetividal-Gonzalez_, 939 F. 2d

---

[3]   In _Bonner v. City of Prichard_, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

1455, 1465 (11th Cir. 1991).  Should this Court determine that Edwards has made any arguments

not addressed in this response, the Government would request the opportunity to further respond

to those arguments.

Any facts not specifically admitted in this response are denied, and the arguments made

as to each claim raised are asserted in the alternative.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Frank James Edwards has failed to

demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be

denied without an evidentiary hearing.

Respectfully submitted this 5th day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|                              |     |                                          |
|------------------------------|-----|------------------------------------------|
| **FRANK JAMES EDWARDS,**     | )   |                                          |
|                              | )   |                                          |
| **Petitioner,**              | )   |                                          |
|                              | )   |                                          |
| **v.**                       | )   | **Civil Action No. 2:07cv171-MEF-WC**    |
|                              | )   | **(WO)**                                 |
| **UNITED STATES OF AMERICA,**| )   | **(CR No.: 04cr-08-MEF)**                |
|                              | )   |                                          |
| **Respondent.**              | )   |                                          |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, I electronically filed the foregoing response and attachments with the Clerk of the Court using the CM/ECF system and mailed, postage prepaid, a copy to the pro se Defendant/Movant, Frank James Edwards, Rg. #1135-002, USP-McCreary, P.O. Box 3000, Pine Knot, KY  42635.

Respectfully submitted,

/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

22

# ATTACHMENT A

FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN 2 1 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR. NO. 04-8-N |
| | ) | [18 USC 2113(a),(d); |
| FRANK JAMES EDWARDS | ) | 18 USC 924(c)(1); |
| | ) | 18 USC 922(g)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

That on or about January 12, 2004, in Montgomery County,
within the Middle District of Alabama,

### FRANK JAMES EDWARDS,

defendant herein, by force and violence and by intimidation, did
take from the person and presence of another approximately
$6,318.00, belonging to and in the care, custody, control,
management, and possession of SouthTrust Bank, 3015 McGhee Road,
Montgomery, Alabama, a bank whose deposits were then insured by the
Federal Deposit Insurance Corporation, and in committing said
offense, the defendant did assault and put in jeopardy the life of
another person by the use of a dangerous weapon, that is, a semi-
automatic handgun, a better description of which is unknown to the
Grand Jury.  All in violation of Title 18, United States Code,
Sections 2113(a) and (d).

## COUNT 2

That on or about January 12, 2004, in Montgomery County,
within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, did knowingly use and carry during and in relation to, and did knowingly possess in furtherance of, a crime of violence, namely the armed bank robbery as alleged in Count 1 above, which allegations the Grand Jury reallege and incorporate by reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a semi automatic handgun, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about January 12, 2004, in Montgomery County, Alabama, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, having been convicted of the following felonies in the Circuit Court of Montgomery County, Alabama, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: on or about July 3, 1991, Theft of Property 2nd Degree, Case No. CC-90-1801; and, on or about December 19, 1991, Escape 3rd Degree, Case No. CC-91-2175; did knowingly possess in and affecting commerce a firearm, that is, a semi automatic handgun, a better description of which is unknown to the Grand Jury, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

2

COUNT 4

That on or about January 14, 2004, in Montgomery County, Alabama, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, by force and violence and by intimidation, did take from the person and presence of another approximately $3,063.00, belonging to and in the care, custody, control, management, and possession of Regions Bank, 3118 Mobile Highway, Montgomery, Alabama, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Sections 2113(a) and (d).

COUNT 5

On or about January 14, 2004 in Montgomery County, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, did knowingly use and carry during and in relation to, and did knowingly possess in furtherance of, a crime of violence, namely the armed bank robbery as alleged in Count 4 above, which allegations the Grand Jury reallege and incorporate by

3

reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT 6

On or about January 14 2004, in Montgomery County, within the Middle District of Alabama,

FRANK JAMES EDWARDS,

defendant herein, having been convicted of the following felonies in the Circuit Court of Montgomery County, Alabama, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: on or about July 3, 1991, Theft of Property 2nd Degree, Case No. CC-90-1801; and, on or about December 19, 1991, Escape 3rd Degree, Case No. CC-91-2175; did knowingly possess in and affecting commerce a firearm, that is, a .38 Ruger Revolver, serial number 570-49464, a better description of which is unknown to the Grand Jury, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION 1

A.     Counts 2 and 5 of this Indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violations of Title 18, United States Code, 924(c)(1), as alleged in Counts 2 and 5 of this

4

Indictment the defendant,

FRANK JAMES EDWARDS,

shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 924(d)(1) and Title 28, United States Code,
Section 2461(c), all firearms and ammunition involved in the
commission of these offenses.

C.   If any of the property described in this forfeiture
allegation, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due
diligence;

(2)   has been transferred, sold to, or deposited with a
third person;

(3)   has been placed beyond the jurisdiction of the
court;

(4)   has been substantially diminished in value; or,

(5)   has been commingled with other property which cannot
be divided without difficulty; the United States, pursuant to Title
21, United States Code, Section 853, as incorporated by Title 28,
United States Code, Section 2461(c), intends to seek an order of
this Court forfeiting any other property of said defendant up to
the value of the property described in Paragraph B above, all in
violation of Title 18, United States Code, Section 924.

5

FORFEITURE ALLEGATION 2

A.    Counts 3 and 6 of this indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for the violations of Title 18, United States Code, Section 922(g)(1), as alleged in Count 3 and 6 of this indictment, the defendant,

FRANK JAMES EDWARDS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses.

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred, sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of

6

this Court forfeiting any other property of said defendant up to

the value of the property described in paragraph B above, all in

violation of Title 18, United States Code, Section 922.

A TRUE BILL:

Foreperson

LEURA GARRETT CANARY
United States Attorney

TOMMIE BROWN HARDWICK
Assistant United States Attorney

John Harmon
Assistant United States Attorney

7

# ATTACHMENT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:04cr08-F |
| | ) | |
| FRANK JAMES EDWARDS | ) | |

## PLEA AGREEMENT

DEFENSE COUNSELS:          CHRISTINE A. FREEMAN, and
                                       LESLIE S. SMITH

ASSISTANT U.S. ATTORNEY:     TOMMIE BROWN HARDWICK

## COUNTS AND STATUTES CHARGED:
### COUNTS 1 and 4
18 U.S.C. 2113(a), (d)

(a) Whoever, by force and violence, or by intimidation, takes, from the person or presence of another, ... any property or money... belonging to... or in the possession of any bank, credit union, or any savings and loan association...federally insured...

(d) Whoever, in committing, or attempting to commit, any offense defined in subsection (a)... of this section, assaults any person by the use of a dangerous weapon or device...

### COUNTS 2 and 5
18 U.S.C. 924 (c)(1)(A)(ii)

Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, BRANDISHES, a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [be sentenced to a term of imprisonment as provided by law.]

### COUNTS 3 and 6
18 U.S.C. 922(g)(1)

It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year... to possess any firearm or ammunition that has been shipped in interstate commerce or foreign commerce.

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:
COUNTS            1, 2, 4, and 5.

**PENALTY BY COUNT - MAXIMUM PENALTY:**

COUNTS 1 and 4
>    18 U.S.C. § 2113(a) and (d)
>    NMT $250,000 fine;
>    NMT 25 Years, or both;
>    NMT 5 Years Sup Rel;
>    $100 Special Assessment
>    VWPA

COUNTS 2 and 5
>    18 U.S.C. § 924 (c)(1)(A)(ii)
>    NMT $250,000 fine;
>    NLT 7 Years, or both, upon 2nd conviction 25 Years consecutive;
>    NMT 3 Years Sup. Rel.;
>    $100 Special Assessment;
>    VWPA
>    NOTE: Pursuant to 924(c)(1)(C), "In the case of a second or subsequent conviction
>    under this subsection, the person shall
>    (i) be sentenced to a term of imprisonment of not less than 25 years; and
>    924(c)(1)(D) Notwithstanding any other provision of law-
>    (ii) no term of imprisonment imposed on a person under this subsection shall run
>    concurrently with any other term of imprisonment imposed on the person, including any
>    term of imprisonment imposed for the crime of violence or drug trafficking **crime during**
>    which the firearm was used, carried, or possessed."

**ELEMENTS OF THE OFFENSE:**

>    COUNTS 1and 4:  18 U.S.C. 2113(a), (d)
>    FIRST: That the Defendant, aiding and abetting each other, knowingly took from
>    the person or the presence of the person described in the indictment, money or
>    property then in the possession of a federally insured bank;
>
>    SECOND: That the Defendant did so by means of force or violence and/or by
>    means of intimidation;
>
>    THIRD: That the Defendant put in jeopardy the life of some person by the use of a
>    dangerous weapon or device while engaged in taking the property or money, as
>    charged.
>
>    COUNTS 2 and 5: 18 U.S.C. 924(c)(1)(A)(ii)
>     FIRST: That the defendant committed the crime of violence charged in Counts 1 and 4 of
>    the indictment;

2

SECOND: That during and in relation to the commission of that offense the Defendant BRANDISHED a firearm;

THIRD: That the defendant BRANDISHED the firearm knowingly;

FOURTH: That while committing the offense of bank robbery, the defendant forced another person to accompany him while avoiding or attempting to avoid apprehension for the commission of the bank robbery.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Tommie Brown Hardwick, Assistant United States Attorney, and Christine A. Freeman and Leslie S. Smith, attorneys for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Counts 1, 2, 4 and 5 as charged in the Indictment, the attorney for the Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. In addition, based upon the defendant's assistance to authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the

3

reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2. Pursuant to Rule 11(c)(1)(C), the government agrees that a sentence of two hundred seventy-six months (23 years) after the calculation by the United States Probation Officer and determination by the Court, is an appropriate sentence as to the bank robberies as charged in Counts 1 and 4 of the Indictment, and the brandishing of a firearm during and in relation to the commission of a crime of violence as charged in Counts 2 and 5 of the Indictment.

3. The government agrees to file a motion for a downward departure based upon the defendant's substantial assistance to the government pursuant to Title 18, United States Code, § 3553(e), prior to sentencing.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

    a.    To plead guilty to Counts 1, 2, 4, and 5 of the Indictment;

    b.    That the recommendation in paragraph 2 above, is the appropriate sentence in this case.

    **c. DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK -**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon

4

ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

d. The defendant and counsels for defendant agree that there are no motions for a downward departure applicable in this case other than the United States' motion which specifies a sentence of two hundred and seventy-six months (23 years) as the appropriate sentence in this case. The filing of any other motion for a downward departure on behalf of the defendant will void this plea agreement in its entirety.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

e. **CONSENT TO FORFEITURE**: The defendant agrees to forfeit to the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, a .38 Ruger Revolver, serial number 570-49464, and ammunition as charged in Count 5 of the Indictment.

f. **RESTITUTION:** The defendant agrees to pay the restitution listed, both jointly and severally with any and all defendants who may be charged in connection with the offenses described in Counts 1, 2, 4 and 5.

Compass Bank                              Regions Financial Corporation
500 East Patton Avenue                    3118 Mobile Highway

5

Montgomery, AL
Amount: $5,577.57

Montgomery, AL 36108
Amount: $3,063.00

SouthTrust Bank #378
3447 Norman Bridge Road
Montgomery, AL 36108
Amount: $4,800.00

SouthTrust Bank
3015 McGhee Road
Montgomery, AL
Amount: $6,318.00

## FACTUAL BASIS

g. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

Count 1. On January 12, 2004, in Montgomery County, Alabama, Frank James Edwards entered SouthTrust Bank located at 3015 McGhee Road, while armed with a semi-automatic handgun, and took by force and intimidation approximately $6,318.00, which was in the care, custody and control of SouthTrust Bank, in violation of Title 18, United States Code, Sections 2113(a) and (d). The parties stipulate that SouthTrust Bank was federally insured by the Federal Deposit Insurance Corporation on January 12, 2004.

Count 2. On January 12, 2004, in Montgomery County, Alabama, Frank James Edwards entered SouthTrust Bank located at 3015 McGhee Road, while knowingly carrying a semi-automatic handgun, in relation to a crime of violence, namely, a bank robbery, a crime for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1).

Count 4. On January 14, 2004, in Montgomery County, Alabama, Frank James Edwards entered Regions Bank located at 3118 Mobile Highway, while armed with a .38 Ruger Revolver, serial number 570-49464 handgun, and took by force and intimidation approximately $3,063.00,

6

which was in the care, custody and control of Regions Bank, in violation of Title 18, United States Code, Sections 2113(a) and (d). The parties stipulate that Regions Bank was federally insured by the Federal Deposit Insurance Corporation on January 14, 2004.

Count 5. On January 14, 2004, in Montgomery County, Alabama, Frank James Edwards entered Regions Bank located at 3118 Mobile Highway, while knowingly carrying a .38 Ruger Revolver, serial number 570-49464 handgun, in relation to a crime of violence, namely, a bank robbery, a crime for which the defendant may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 924(c)(1).

## COOPERATION AGREEMENT

6. The defendant agrees to assist law enforcement agencies in the investigation of the armed bank robberies charged in Counts 1 and 4 of the Indictment. In addition, the defendant agrees to continue assisting law enforcement agencies in their ongoing investigation of bank robberies known to him.

a.    The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at any grand jury, trial (criminal and civil), or whenever called upon to do so. The defendant agrees to make himself available to law enforcement agencies for interviews and to fully and truthfully respond to all questions asked of him by law enforcement agencies and attorneys for the government.

b.    Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false

7

statements, or obstruction of justice.

        c.     If the defendant has failed or should fail in any way to fulfill his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, and 1503); to prosecute him for all violations of federal criminal law which he has committed; and (2) to recommend a maximum sentence. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

7. The defendant, before entering a plea of guilty to Counts 1, 2, 4, and 5 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

        a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

        b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment, per count, is to be paid by the defendant on the date of sentencing.

        c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the

8

defendant's undersigned attorney.

      d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

      g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      h. The defendant further advises the Court that it is understood that the Government can only enter an agreement between the parties which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant will have a right to

9

withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

      i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      j. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the court determines defendant's offense level or criminal history category to be higher than defendant anticipated, the defendant will have a right to withdraw the plea pursuant to Rule 11(c)(1)(C).

Respectfully submitted on this _24th_ day of May, 2004.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief, Criminal Section
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

Tommie Brown Hardwick, ASB4152 W86T
Assistant United States Attorney

11

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE A. FREEMAN AND LESLIE S. SMITH.

_____
Frank James Edwards
Defendant

_____
Date

_____
Christine A. Freeman
Attorney for the Defendant

_____
Date

_____
Leslie S. Smith
Attorney for the Defendant

_____
Date

12

# ATTACHMENT C

1G 05-24-04 (A)   (10-25-07T)   EDWARDS Frnk James.txt

1

1        IN THE UNITED STATES DISTRICT COURT

2        FOR THE MIDDLE DISTRICT OF ALABAMA

3              NORTHERN DIVISION

4   UNITED STATES OF AMERICA,

5     vs.                        CASE NO. 2:04cr8-H

6   FRANK JAMES EDWARDS,

7        Defendant.

8              * * * * * * * * * *

9

10             CHANGE OF PLEA

11             * * * * * * * * * *

12        BEFORE THE HONORABLE VANZETTA P. MCPHERSON,

    UNITED STATES MAGISTRATE JUDGE, at Montgomery,

13

14  Alabama, on Monday, May 24, 2004, commencing at

    10:00 a.m.

15

16  FOR THE GOVERNMENT:   Ms. Tommie Hardwick

                          United States Attorney's Office
17                        One Court Square, Suite 201
                          Montgomery, Alabama  36104
18
    FOR THE DEFENDANT:    Ms. Leslie Smith
19                        FEDERAL DEFENDER'S OFFICE
                          201 Monroe Street
20                        Montgomery, Alabama

21

22        Proceedings reported stenographically;

23          transcript produced by computer

24

25

2

1   (The following proceedings were heard before the

2   Honorable Vanzetta P. McPherson, United States

3   Magistrate Judge, at Montgomery, Alabama, on Monday,

4   May 24, 2004, commencing at 10:00 a.m.:)

1G 05-24-04 (A)  (10-25-07T)  EDWARDS-Frnk James.txt

5              * * * * * * * * * *

6              THE COURT:  Good morning.  Comes the guilty

7  plea docket for 24 May 2004, 10:00 a.m.  The Court

8  will receive guilty pleas from the following

9  defendants in the following order:  United States of

10 America versus Frank James Edwards, Case Number

11 04-08-F; United States versus Michael Eugene Maddox,

12 04-13-E; United States versus Arbert Tyrail Smith,

13 Case Number 03-212-F; and Case Number -- and United

14 States versus Gerald Lorenzo Alexander, Case Number

15 03-37-F.  All of these cases are set for trial on the

16 2 June 2004 assigned to Judge Mark Fuller.

17              The first case is United States versus Frank

18 James Edwards.

19              Mr. Edwards, approach the bar and raise your

20 right hand to be sworn.

21                   FRANK JAMES EDWARDS

22              The witness, having first been duly sworn to

23 speak the truth, the whole truth, and nothing but the

24 truth, testified as follows:

25              THE COURT:  Mr. Edwards, the Court has been

                                                          3

1  notified that you wish to change your plea of not

2  guilty to a plea of guilty; is that correct?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  What is your full name?

5              THE DEFENDANT:  Frank James Edwards.

6              THE COURT:  How old are you?

7              THE DEFENDANT:  40 years.

8              THE COURT:  How far did you go in school?

9              THE DEFENDANT:  Eighth grade.
                         Page 2

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

10          THE COURT:  Do you have a GED?

11          THE DEFENDANT:  No, ma'am.

12          THE COURT:  The record should reflect that

13 the defendant appears with his attorney, Ms. Leslie

14 Smith, from the Federal Public Defenders' Office.

15 Appearing for the government is Assistant United

16 States Attorney Tommie Hardwick.

17     Mr. Edwards, have you ever been treated for any

18 mental illness or addiction to narcotic drugs of any

19 kind?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  When were you last treated, or

22 are you currently being treated?

23          THE DEFENDANT:  I was treated in 19 -- I

24 think it was 2000.  2000.

25          THE COURT:  In the year 2000?

                                                    4

1          THE DEFENDANT:  Yes.

2          THE COURT:  Were you confined in a program?

3 Were you in a dormitory facility or was it

4 outpatient?

5          THE DEFENDANT:  Yes, ma'am.  I was in

6 Meadhaven.  Meadhaven.  I was in Meadhaven.

7          THE COURT:  Meadhaven?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Were you prescribed medication

10 for that treatment?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  Are you still taking any

13 medication for it?

14          THE DEFENDANT:  Not this now minute, no,
                              Page 3

1G 05-24-04 (A)  (10-25-07T)   EDWARDS Frnk James.txt

15   ma'am.

16          THE COURT:  Should you be?  Are you not

17   taking it because you're through with it, or are you

18   not taking it simply because you are not getting it?

19          THE DEFENDANT:  I wasn't able to pay for it.

20   Just say I wasn't able to pay for it.

21          THE COURT:  What was the condition for which

22   you were being treated?

23          THE DEFENDANT:  Drugs.

24          THE COURT:  Drug addiction?

25          THE DEFENDANT:  Yes, ma'am.

                                                        5

1          THE COURT:  Have you ever been treated for

2   mental illness?

3          THE DEFENDANT:  Just only for drugs.

4          THE COURT:  That's all?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Are you taking any medication at

7   this time?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Are you not taking medication

10   because you can't afford it or because no one has

11   prescribed any for you?

12          THE DEFENDANT:  Well, from here, no, they

13   haven't gave me anything.

14          THE COURT:  You don't have any condition --

15          THE DEFENDANT:  No, ma'am.

16          THE COURT:  -- that you need to take

17   medication for?

18          THE DEFENDANT:  No, ma'am.

19          THE COURT:  All right.  Have you,
                              Page 4

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

20  Mr. Edwards, sat down with Ms. Smith and gone over or

21  reviewed the indictment?  That's the piece of paper

22  that charges you with a crime.

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  Do you understand everything that

25  the Government is charging you with having done?

6

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Are you able to read the

3  indictment for yourself?

4          THE DEFENDANT:  Some of it.

5          THE COURT:  Has Ms. Smith read it to you?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Are you fully satisfied with the

8  counsel, representation, and advice given to you in

9  this case by Ms. Smith?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Have you also conferred in this

12  case with Ms. Christine Freeman?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Do you know Ms. Freeman?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Have you talked with her about

17  this case?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  And has she, as a lawyer, helped

20  you to understand the charges?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you feel like you fully

23  understand all of the charges against you?

24          THE DEFENDANT:  Yes.

Page 5

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

25          THE COURT:  Is your willingness to enter a

7

1   plea of guilty the result of those discussions and

2   talks you had with Ms. Smith and Ms. Freeman?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you had a full opportunity

5   either to read or to have read to you the plea

6   agreement?

7          THE DEFENDANT:  I have opportunity to read

8   it, and then she read it to me also to -- to make sure

9   I understand.

10          THE COURT:  Good.  Do you understand all of

11   the terms of the plea agreement?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Does the plea agreement represent

14   all of the understandings you have with the

15   Government?  This is what I am asking you.  Is there

16   anything that you understand about your agreement with

17   the Government that is not in the plea agreement?

18          THE DEFENDANT:  No, ma'am.

19          THE COURT:  Other than the plea agreement,

20   has anyone made any promises or assurances to you

21   about what will happen to you if you plead guilty?

22          THE DEFENDANT:  No, ma'am.

23          THE COURT:  Has anyone done or said anything

24   to coerce or force you to plead guilty?

25          THE DEFENDANT:  No, ma'am.

8

1          THE COURT:  Pursuant to your plea agreement,

2   Mr. Edwards, you are entering your plea under Rule

Page 6

1G 05-24-04 (A)  (10-25-07T)   EDWARDS Frnk James.txt

3  11(c)(1)(c).  Do you understand what that is?

4             THE DEFENDANT:  Yes, ma'am.

5             THE COURT:  What does it mean?

6             THE DEFENDANT:  Guilty.

7             THE COURT:  Do you understand that it means

8  that you are -- under your plea agreement, you have

9  agreed to be sentenced to a specific term, a set

10  number of months?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  And do you know what that set

13  number of months is?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Do you know how many years you

16  are agreeing to plead to?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  How many?

19             THE DEFENDANT:  23 years.

20             THE COURT:  23 years?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  276 months.  That is what you and

23  the Government have agreed will be your setence.  That

24  means that the Government will recommend to the Court,

25  Judge Fuller, that you be sentenced to 23 years.  You

                                                          9

1  understand that?

2             THE DEFENDANT:  Yes, ma'am.

3             THE COURT:  And you have agreed to it?

4             THE DEFENDANT:  Yes, ma'am.

5             THE COURT:  Do you further understand that

6  the Government has agreed to file a motion to reduce

7  that, otherwise known as a downward departure, based

Page 7

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

8  upon your substantial assistance to the Government in

9  its investigation of other cases?

10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  And do you understand that you

12  have the obligation under this agreement to provide

13  that substantial assistance?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Do you understand that that

16  includes giving testimony where necessary?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  And providing information to the

19  Government?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Do you further understand that if

22  you make any false testimony, the Government will not

23  be able to use that against you in this case?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  But should you make any false

10

1  testimony in cooperating with the Government, the

2  Government may later prosecute you for perjury or

3  making a false statement --

4         THE DEFENDANT:  Yes, ma'am.

5         THE COURT:  -- without violating this plea

6  agreement?

7         THE DEFENDANT:  Yes, ma'am.

8         THE COURT:  You have also agreed,

9  Mr. Edwards, to forfeit possession and title of a .38

10  Ruger revolver.  Do you understand that?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  That after this proceeding, that

Page 8

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

13  revolver will belong to the Government and no longer

14  belong to you?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  You have also agreed to pay

17  restitution to all of the defendants in connection

18  with these offenses.  Do you understand what payment

19  of restitution means?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Show him the plea agreement, the

22  part of it, Ms. Smith, that deals with restitution.

23          MS. HARDWICK:  Your Honor, could I -- could

24  I make a correction?  He's to pay it to the victims.

25          THE COURT:  To the victims.  I said

                                                              11

1  defendants, didn't I?

2          MS. SMITH:  Yes, ma'am.

3          THE COURT:  You are to pay the restitution to

4  the victims.  And the victims are listed here as the

5  banks that you are charged with having robbed.  And

6  the amounts are listed as well.  Do you see those

7  amounts, Mr. Edwards?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Have you seen them before, and

10  have you agreed with them?  They are on pages 5 and 6

11  of the agreement.

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  All right.  Ordinarily,

14  Mr. Edwards, when you are found guilty and sentenced,

15  you automatically have the right to appeal.  In your

16  plea agreement, you have waived the right to appeal.

17  You have also waived the right to attack your sentence

                              Page 9

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

18    in any way except on two grounds that I'll discuss

19    with you later.  Do you understand that?

20            THE DEFENDANT:  Yes, ma'am.

21            THE COURT:  So that if you enter your plea of

22    guilty today, the Court accepts your plea, then you

23    are sentenced to 23 years, or 276 months, you cannot

24    change your mind and appeal.  Do you understand that?

25            THE DEFENDANT:  Yes, ma'am.

12

1            THE COURT:  However, if you are sentenced to

2    a term greater than 23 years, you may change your mind

3    and elect to go to trial.  Do you understand that?

4            THE DEFENDANT:  Yes, ma'am.

5            THE COURT:  Do you understand, Mr. Edwards,

6    that your sentence will also include a term of

7    supervised release after you get out of prison?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  And that during that term of

10    supervised release, you will have to abide by certain

11    conditions?

12            THE DEFENDANT:  Yes, ma'am.

13            THE COURT:  Do you understand that if you

14    fail to abide by those conditions, your supervised

15    release can be revoked and you can be returned to

16    prison --

17            THE DEFENDANT:  Yes, ma'am.

18            THE COURT:  -- without that violating this

19    plea agreement?

20            THE DEFENDANT:  Yes, ma'am.

21            THE COURT:  Do you understand that the

22    offenses that you are pleading guilty to, namely,

.Page 10

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

23  counts one, two, four, and five of the indictment, are

24  felonies?

25          THE DEFENDANT:  Yes, ma'am.

                                                        13

1           THE COURT:  Now, you are also charged in

2   counts three and six of the indictment, but you are

3   not entering a plea to those two counts; is that

4   correct?

5           THE DEFENDANT:  Yes, ma'am.

6           THE COURT:  Do you understand that if the

7   Court accepts your plea and sentences you on counts

8   one, two, four, and five, that the Government will

9   move to dismiss counts three and six at sentencing?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  And you will not be held liable

12  for counts three and six.  Have you discussed with

13  Ms. Smith the maximum penalty that could be imposed

14  upon you if you enter a plea of guilty to counts one,

15  two, four, and five?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Have you and Ms. Smith discussed

18  how the guidelines, the sentencing guidelines, affect

19  you?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that if you are

22  found guilty of these offenses, you will be deprived

23  of the right to vote, the right to hold public office,

24  the right to serve on a jury, and the right to possess

25  any kind of firearm?

                                                        14

1           THE DEFENDANT:  Yes, ma'am.
                        Page 11

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

2            THE COURT:  Do you understand, Mr. Edwards,
3   that if you are sentenced to prison, you will serve
4   the term that you are sentenced for, namely, 23 years,
5   and you will not be releasod on parole?  Do you
6   understand that in the federal system, you will not be
7   released from prison on parole because parole has been
8   abolished?
9            THE DEFENDANT:  Yes, ma'am.
10            THE COURT:  And that you will serve all or
11   the greater part of your sentence?
12            THE DEFENDANT:  Yes, ma'am.
13            THE COURT:  Let's talk a little bit more
14   about your cooperation agreement.  You've already told
15   me that you understand that you have to testify if
16   called upon by the Government.
17            THE DEFENDANT:  Yes, ma'am.
18            THE COURT:  And you have to testify
19   truthfully.
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  Do you understand that this is a
22   term of the agreement and that if you fail to provide
23   the substantial assistance you've agreed to provide,
24   that the Government can consider your having breached
25   your agreement --

                                                        15

1            THE DEFENDANT:  Yes, ma'am.
2            THE COURT:  -- and, therefore, fail to
3   recommend to the Court that you get a 23-year
4   sentence?
5            THE DEFENDANT:  Yes, ma'am.
6            THE COURT:  Do you further understand that
                          Page 12

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

7   should you be found to have breached your cooperation

8   agreement, that the Government may recommend that you

9   get the maximum sentence, as provided for in your

10  agreement?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  Do you understand, Mr. Edwards,

13  that by agreeing to enter a plea of guilty, you have

14  waived your right to a trial?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Do you understand that at a

17  trial, you would be presumed innocent until the

18  Government proved you builty beyond a reasonable

19  doubt?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that at a

22  trial, you would have the right to assistance of

23  counsel for your defense?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  The right to see and hear all of

                                                      16

1   the witnesses against you and have them cross-examined

2   in your defense?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  The right to testify on your own

5   behalf or to decline to testify without having that

6   used against you?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you further understand that

9   you have the right to the issuance of subpoenas to

10  bring witnesses into court to testify for you?

11          THE DEFENDANT:  Yes, ma'am.
                            Page 13

1G 05-24-04 (A)   (10-25-07T)   EDWARDS Frnk James.txt

12          THE COURT:  That if you enter a plea of
13   guilty, you will have waived your right to trial and
14   all of the rights that I just explained to you?
15          THE DEFENDANT:  Yes, ma'am.
16          THE COURT:  Count one of the indictment, to
17   which you have agreed to plead guilty, and count four
18   change you with bank robbery.  Counts two and five
19   charge you with brandishing a firearm during the
20   course of the bank robbery.  Do you understand those
21   charges?
22          THE DEFENDANT:  Yes, ma'am.
23          THE COURT:  Having stated to the Court that
24   you understand the charges against you, you have
25   reviewed with your attorney the maximum penalty that

                                               17

 1   can be imposed upon you, and you understand your
 2   constitutional rights that you are waiving by entering
 3   this plea agreement, how do you plead to counts one
 4   and four, bank robbery?
 5          THE DEFENDANT:  Guilty.
 6          THE COURT:  How do you plead to counts two
 7   and five, brandishing a firearm during the course of
 8   the bank robbery?
 9          THE DEFENDANT:  Guilty.
10          THE COURT:  Now, tell the Court what you did
11   in relation to counts one and two.
12          THE DEFENDANT:  Well, I went into the bank
13   and --
14          THE COURT:  That's the SouthTrust Bank
15   robbery and the brandishing charge that occurred on 12
16   January 2004?
                         Page 14

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

17        THE DEFENDANT:  I went into the bank.  I went
18  into the bank with a gun and got -- and got the money.
19        THE COURT:  Did you take it by force?
20        THE DEFENDANT:  No, ma'am.
21        THE COURT:  What did you do with the gun?
22        THE DEFENDANT:  I just pulled it out.
23        THE COURT:  Pointed it at someone?
24        THE DEFENDANT:  No, I didn't point it.  I
25  just pulled it out.

                                                    18

1        THE COURT:  You pulled it out.
2        THE DEFENDANT:  When they seen that, I just
3  got the money.
4        THE COURT:  Was this in Montgomery?
5        THE DEFENDANT:  Yes, ma'am.
6        THE COURT:  Is that the semi-automatic
7  handgun referred to in the indictment?
8        THE DEFENDANT:  Yes, ma'am.
9        THE COURT:  And from the SouthTrust Bank on
10  January 12, did you take approximately $6318?
11        THE DEFENDANT:  Yes, ma'am.
12        THE COURT:  The parties stipulate that the
13  bank was insured by the FDIC?
14        MS. SMITH:  Yes, Your Honor.
15        MS. HARDWICK:  Yes, Your Honor.
16        THE COURT:  Satisfied, Ms. Smith?
17        MS. SMITH:  Yes, Your Honor.
18        THE COURT:  Ms. Hardwick?
19        MS. HARDWICK:  Yes, Your Honor.
20        THE COURT:  With respect to counts four and
21  five, Mr. Edwards, the robbery of the Regions Bank
                        Page 15

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

22  located at 3118 Mobile Highway, what did you do?

23          THE DEFENDANT:  I went in the bank with a

24  pistol, with a gun, and got the money.

25          THE COURT:  What did you do with the gun?

19

1           THE DEFENDANT:  I pulled it out.

2           THE COURT:  Was this the .38 Ruger revolver?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  It occurred on 14 January of 2004

5   in Montgomery County?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  And did you take a sum of $3,063?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  The parties agree that that bank

10  was insured by the FDIC?

11          MS. SMITH:  Yes, Your Honor.

12          MS. HARDWICK:  Yes, Your Honor.

13          THE COURT:  Satisfied, Ms. Smith?

14          MS. SMITH:  Yes, Your Honor.

15          THE COURT:  Ms. Hardwick?

16          MS. HARDWICK:  In a part of the -- I think

17  the fact that he did pull the gun out in his -- and

18  have it visible in his possession would constitute a

19  brandishing --

20          THE COURT:  It does.

21          MS. HARDWICK:  That was the part that I was

22  looking at.

23          THE COURT:  It does.

24          MS. HARDWICK:  With that, we are satisfied.

25          THE COURT:  And you did pull the gun out both

Page 16

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

20

```
 1   times, Mr. Edwards?
 2             THE DEFENDANT:  Yes, ma'am.
 3             THE COURT:  Now, the agreement, as I recall,
 4   addresses forfeiture of one of the handguns.  Was
 5   it --
 6             MS. HARDWICK:  The other handgun was never
 7   found.
 8             THE COURT:  Never found.
 9             MS. HARDWICK:  But the evidence shows, as
10   Mr. Edwards has admitted, that he did indeed have a
11   firearm in his possession and that he did pull the
12   firearm out, as he has admitted to.
13             THE COURT:  I see.  All right.
14             It is the finding of the Court in the case of
15   United States versus Frank James Edwards that the
16   defendant is fully competent and capable of entering
17   an informed plea; that the defendant is aware of the
18   nature of the charges and the consequences of the
19   plea; and that his plea of guilty to counts one, two,
20   four, and five of the indictment is a knowing and
21   voluntary plea supported by an independent basis in
22   fact containing each of the essential elements of the
23   offenses.  The Court will, therefore, recommend that
24   Mr. Edwards' plea be accepted and that he be adjudged
25   guilty of those offenses.
```

21

```
 1             Mr. Edwards, do you understand that at this
 2   point, a presentence report will be prepared for the
 3   Judge?
 4             THE DEFENDANT:  Yes, ma'am.
```

Page 17

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt
```
 5          THE COURT:  That you will be expected to

 6  cooperate by providing information and answering

 7  questions that the probation officer may have?

 8          THE DEFENDANT:  Yes, ma'am.

 9          THE COURT:  Do you understand that you will

10  have an opportunity to review the presentence report

11  and make any objections before sentencing?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  And an additional opportunity to

14  review the report and make objections at sentencing?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Anything further, Counsel?

17          MS. SMITH:  No, Your Honor.

18          MS. HARDWICK:  Your Honor, there's one

19  provision.  The plea agreement, on page 5,

20  paragraph -- I'm not sure -- on page 4, paragraph 5B,

21  there's one provision that was not in the plea

22  agreement that was faxed to Your Honor.  And it simply

23  states that the recommendation in paragraph 2 above,

24  which is the 23 years, that the defendant agrees that

25  that is an appropriate sentence in this case.  In
```

                                                    22

```
 1  addition to that, the 3E1.1, the acceptance of

 2  responsibility, the Government has agreed to file the

 3  motion for the additional points so that Mr. Edwards

 4  will receive three levels for acceptance of

 5  responsibility.

 6          There is also one other provision, Your

 7  Honor, on page 5, paragraph D, where the defendant and

 8  defense counsel agree that there will be no other

 9  motions for downward departure applicable in this case
```

                        Page 18

                    1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt
10  based on the sentence that the Court -- that the

11  Government is recommending.  And that is one of the

12  provisions.  Specifically, it also says that if any

13  other motion is filed by the defense, that the

14  agreement would be void.

15          THE COURT:  I see that as paragraph 5C on

16  page 5.

17          MS. HARDWICK:  Your Honor, I think -- I don't

18  whether know you have the original that has been

19  signed.

20          MR. LONG:  She does not.

21          THE COURT:  It's now 5B.

22          MS. HARDWICK:  Yes, Your Honor.

23          THE COURT:  All right.  Mr. Edwards, let me

24  review that with you.

25          MS. HARDWICK:  The one that was added -- I

                                                          23

 1  don't know where the original one -- the one that has

 2  been signed by the parties.

 3          THE COURT:  You and the Government,

 4  Mr. Edwards, have agreed that you will not file any

 5  other motion for downward departure; is that correct?

 6          THE DEFENDANT:  Yes, ma'am.

 7          THE COURT:  You have also agreed that the

 8  setence of 23 years, i.e., 276 months, is an

 9  appropriate sentence in this case; is that correct?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  And finally, that the filing of

12  any other motion for a downward departure on your

13  behalf will void the plea agreement; that is to say,

14  make it null and void?

                        Page 19

1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  All right.  Anything further?

17        MS. HARDWICK:  That's all, Your Honor.

18        THE COURT:  The defendant is remanded to the

19   custody of the marshals.

20        Do we have a sentencing date, Mr. Long?

21        MR. LONG:  No, ma'am.  Judge Fuller --

22        THE COURT:  Parties will be notified.

23             (The proceedings concluded at

24                  2:13 p.m.)

25        * * * END OF PROCEEDINGS * * *

                                                    24

1             REPORTER'S CERTIFICATE

2   STATE OF ALABAMA

3   MONTGOMERY COUNTY

4        I, Sherry Mack, Court Reporter and

5   Commissioner for the State of Alabama at Large, hereby

6   certify that on Monday, May 24, 2004, I reported the

7   PROCEEDINGS in the matter of the foregoing cause, and

8   that pages 2 through 23 contain a true and accurate

9   transcription of said proceedings.

10       I further certify that I am neither kin nor

11   of counsel to the parties to said cause, nor in any

12   manner interested in the results thereof.

13       This 25th day of October, 2007.

14

15             /s/Sherry Mack
               SHERRY MACK, Court Reporter
16             Commissioner for the
               State of Alabama at Large
17
    18

19

20
                       Page 20

- 1G 05-24-04 (A)  (10-25-07T)  EDWARDS Frnk James.txt

21

22

23

24

25

# ATTACHMENT D

1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE MIDDLE DISTRICT OF ALABAMA

3                      NORTHERN DIVISION

4

5   UNITED STATES OF AMERICA

6        vs.                     CR NO:  04cr-08-MEF

7   FRANK JAMES EDWARDS

8

9

10

11

12              *  *  *  *  *  *  *  *  *  *  *

13                   SENTENCING HEARING

14              *  *  *  *  *  *  *  *  *  *  *

15           Before the Honorable Mark E. Fuller,

16             United States District Judge, at

17        Montgomery, Alabama, on August 31, 2004

18              *  *  *  *  *  *  *  *  *  *  *

19   APPEARANCES:

20   FOR THE GOVERNMENT:    Tommie Brown Hardwick
                            John T. Harmon
21                          Assistant United States Attorneys

22   FOR THE DEFENDANT:     Leslie S. Smith
                            Federal Defender

23

24

25

2

1      (The above case coming on for hearing at Montgomery,

2      Alabama, on·August 31, 2004, before the Honorable

3      Mark E. Fuller, United States District Judge, the

4      following proceedings were had commencing at

5      9:10 a.m.:)

6          THE COURT:  I know that we have several

7   sentencings today.  We will begin and move as

8   expeditiously as each case will allow us to move.  The

9   first case that we will call is the case of the United

10  States of America versus Frank James Edwards.

11         Mr. Edwards, you are appearing here with your

12  attorney, and I need to ask you a series of questions

13  before we go forward with the sentence.  The first

14  question I will ask you is have you and your attorney

15  reviewed the presentence report before today's date?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you have any objections to any of

18  the content of the presentence report?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Ms. Smith, do you have any objections

21  to any of the content of the presentence report?

22         MS. SMITH:  No, Your Honor.

23         THE COURT:  There being no objections, the Court

24  adopts the factual statements contained in the presentence

25  report with the specific findings that the offense level

3

1   is 21, the criminal history category is IV, the guideline

2   range is from 57 months to 71 months, the supervised

3   release period is from three years to five years, and the

4   fine range is from 7500 to $75,000.  I understand that

5   this is a binding plea under 11(c)(1)(C) with the

6   government and that in accordance with the terms of the

7   plea, certain of these counts will be dismissed; is that

8   correct, Ms. Hardwick?

9        MS. HARDWICK:  That is correct, Your Honor.  At

10  the conclusion of the sentencing, counts three and six

11  will be dismissed.

12       THE COURT:  I also understand that there's an

13  agreement as to some forfeiture allegations contained in

14  the complaint?

15       MS. HARDWICK:  Yes, Your Honor.  Mr. Harmon has

16  filed a motion for forfeiture in this case.  He is present

17  in the courtroom today.  We ask that the forfeiture order

18  be incorporated with the sentence.

19       THE COURT:  We'll cover that toward the end of

20  the sentence.  I understand lastly that there is a motion

21  for downward departure pursuant to Section 5K1.1 for

22  substantial assistance to the government by this

23  defendant.  I would like to hear from the government as to

24  what substantial assistance this defendant has offered.

25       MS. HARDWICK:  Your Honor, the government did

1  file a motion for a downward departure pursuant to 5K1.1

2  and because of the amount of the sentence in this case,

3  pursuant to 18 U.S.C. 3553(e).

4         The substantial assistance that has been provided

5  by Mr. Edwards is as follows, Your Honor.  There have been

6  a series of bank robberies in the Middle District of

7  Alabama.  There were no suspects.  Mr. Edwards was

8  apprehended by the FBI in this case and subsequently

9  interviewed.  During the process of that interview,

10 Mr. Edwards not only admitted his involvement in those

11 bank robberies, but because of his assistance -- we had no

12 identification, no link, no connections whatsoever to the

13 other three to four other codefendants that were

14 involved.  Because of Mr. Edwards' assistance -- he has

15 identified those persons -- this investigation is still

16 open and ongoing.

17        Mr. Hendricks is present in the courtroom and has

18 acknowledged to the government that but for Mr. Edwards'

19 assistance, this would be a closed case at this time.

20 Instead, he is pursuing not only the leads that were given

21 to him by Mr. Edwards, but by other leads that are

22 cooperating that Mr. Edwards has provided to him.  And

23 also, Your Honor, these bank robberies were with firearms,

24 so it is important that this investigation remain open.

25        THE COURT:  Anything to add to that, Ms. Smith?

5

1       MS. SMITH:  Mr. Edwards has cooperated with the

2  government substantially since his arrest, Your Honor, and

3  he has done absolutely everything he can to provide the

4  government with information not only regarding his own

5  conduct, but the conduct of those who were involved with

6  him in these offenses.

7       THE COURT:  I will grant the government's motion

8  for downward departure pursuant to Section 5K1.1 and 18,

9  United States Code, Section 3553(e).  I also understand

10 that the government has moved for a third point reduction

11 for acceptance of responsibility.

12      MS. HARDWICK:  Yes, Your Honor.  The government

13 did file -- in addition to its motion for downward

14 departure, the government filed a motion for acceptance of

15 responsibility so that Mr. Edwards would receive the

16 additional one point, which would amount to a total of

17 three points for acceptance of responsibility.

18      THE COURT:  I will grant that motion as well.

19      Ms. Smith, do either you or your client have

20 anything to say in mitigation or otherwise before the

21 Court pronounces sentence in this case?

22      MS. SMITH:  Yes, Your Honor, I do.  Mr. Edwards

23 accepts responsibility for his crimes.  He regrets deeply

24 the pain that he caused to his family, his community, and

25 his friends.  In fact, many of them are here today, Your

6

1  Honor, to show support for him.  We just ask that the

2  Court, as it has indicated, impose the sentence agreed

3  upon by the parties.

4       THE COURT:  Anything else, either Ms. Smith,

5  Mr. Edwards?

6       THE DEFENDANT:  Yes, I just --

7    (Brief pause)

8       MS. SMITH:  No, Your Honor.

9       THE COURT:  As I had indicated, the Court finds

10  that the government's motion for downward departure

11  pursuant to 5K1.1 and 18, United States Code, Section

12  3553(e), based on the defendant's substantial assistance

13  to the government is granted.  The Court departs downward

14  to a sentence of 135 months on count five.

15       Ms. Smith, neither you nor your client have

16  anything further to say in mitigation other than what has

17  been said to the Court.  The sentence will now be stated,

18  but you will have a final chance to make legal objections

19  before the sentence is imposed.

20       Pursuant to the Sentencing Reform Act of 1984, it

21  is the judgment of the Court that you are hereby committed

22  to the custody of the Federal Bureau of Prisons to be

23  imprisoned for a total term of 276 months.  This term

24  consists of 57 months on counts one and four to be served

25  concurrently with each other, 84 months on count two, and

7

1  135 months on count five to be served consecutive to each

2  other and consecutive to those counts in counts one and

3  four.  The Court recommends that you be designated to a

4  facility where intensive residential substance abuse

5  treatment is available.  You are remanded to the custody

6  of the United States Marshal.

7       You shall pay to the United States District Court

8  Clerk a special assessment fee of $400, which is due

9  immediately.  Based upon your inability to pay, the Court

10  waives the imposition of a fine.  It is further ordered

11  that you make restitution to Regions Bank in the amount of

12  $3,063, SouthTrust Bank in the amount of $11,118, and

13  Compass Bank in the amount of $5,577.57, which is due

14  immediately.  Any balance remaining at the start of

15  supervision shall be paid at the rate of $280 per month.

16  The Court waives the imposition of interest.

17       Upon release from imprisonment, you shall be

18  placed on supervised release for a total term of five

19  years.  This term consists of five years on counts one,

20  two, four, and five, all to be served concurrently.

21  Within 72 hours of release from custody, you shall report

22  to the probation office in the district to which you are

23  released.  While on supervised release, you shall comply

24  with the mandatory and standard conditions of supervised

25  release on file with this Court.

8

1        The Court also orders the following special

2   conditions.  You shall participate in drug testing and/or

3   treatment if directed by the probation officer.  You shall

4   contribute to the cost of any treatment based upon your

5   ability to pay and the availability of third-party

6   payments.  You shall submit to a search of your person,

7   residence, office, or vehicle pursuant to the search

8   policy of this Court.

9        Are there any objections to the sentence or to

10  the manner in which this Court pronounced it?  For

11  example, do you have any objections to the Court's

12  ultimate findings of fact or conclusions of law?

13        MS. SMITH:  No, Your Honor, I do not.

14        THE COURT:  The sentence is ordered imposed as

15  stated.

16        I understand, Mr. Edwards, that you have as part

17  of your plea arrangement with the government waived your

18  right of appeal.  I inform you that to the extent that you

19  have any rights of appeal remaining, that you must file

20  those rights of appeal as required by the Federal Rules of

21  Civil Procedure -- or Criminal Procedure, I should say,

22  and the Federal Rules of Appellate Procedure.  If you

23  cannot afford the right or the cost of an appeal, you have

24  the right to ask for permission to appeal *in forma*

25  *pauperis*.  I'm not telling you to appeal.  I'm merely

9

1   informing you of your rights to appeal to the extent that

2   you have reserved those rights.  Do you understand those

3   rights, Mr. Edwards?

4          THE DEFENDANT:  Yeah.  Yes, sir.

5          THE COURT:  I understand there's a motion from

6   the government.

7          MS. HARDWICK:  Your Honor, there is a motion from

8   the government in addition to a couple of other matters,

9   if I may.  Your Honor, the government would first move to

10  dismiss counts three and six of the indictment.

11         THE COURT:  Any objection to the dismissal of

12  counts three and six?

13         MS. SMITH:  No, Your Honor.

14         MS. HARDWICK:  Your Honor --

15         THE COURT:  Without objection, counts three and

16  six are dismissed.

17         MS. HARDWICK:  In addition, Your Honor,

18  Mr. Edwards did waive his right to appeal with the

19  exception of ineffective assistance of counsel.

20             And one other issue, if the government may

21  address, Your Honor.  The Court asked -- sent out an order

22  asking whether there was any *Blakely* issue in this case.

23  And for the record, the government would like to state and

24  ask that the Court inquire the same on the record from the

25  defense, that there are no *Blakely* issues in dispute in

10

1  this case for the purpose of any appeal or collateral

2  attack that Mr. Edwards may seek to file.

3          THE COURT:  Ms. Smith, have you discussed the

4  consequences of the issues raised in the recent Supreme

5  Court case of *Blakely versus Washington* with your client?

6          MS. SMITH:  Yes, Your Honor, I have.

7          THE COURT:  Are there any current objections or

8  do you anticipate any objections being raised on

9  Mr. Edwards' behalf from any consequences of the Supreme

10  Court's decision on the issues of *Blakely versus*

11  *Washington* as to the constitutionality of the sentencing

12  guidelines?

13          MS. SMITH:  No, Your Honor, I do not.

14          THE COURT:  And has Mr. Edwards, in your

15  judgment, made an informed, knowing, voluntary, and

16  intelligent consideration of those potential grounds for

17  objections, and has he waived those rights and does he

18  wish to move forward and be sentenced in accordance with

19  the Court's instructions today?

20          MS. SMITH:  Yes, Your Honor, he does.  We

21  discussed it thoroughly.

22          MS. HARDWICK:  Your Honor, with the exception

23  that -- did the government understand the Court did enter

24  the order of forfeiture and incorporate it as a part of

25  the record for this sentencing?

11

```
 1            THE COURT:  I have the final order of forfeiture

 2   before me.  I may need to inquire as to any objections

 3   before the Court enters the final order of forfeiture.

 4   Are there any objections to the Court entering a final

 5   order of forfeiture as to the Ruger revolver, serial

 6   number 570-49464?

 7            MS. SMITH:  No, Your Honor.

 8            THE COURT:  Without objection, I have entered the

 9   final order of forfeiture, and I will make it a part of

10   the record on today's date.

11            MS. HARDWICK:  Thank you, Your Honor.

12            THE COURT:  Anything further in this case?

13            MS. HARDWICK:  No, sir, Your Honor.

14            THE COURT:  Anything from the defense?

15            MS. SMITH:  No, Your Honor.

16            THE COURT:  Mr. Edwards, I wish you the best of

17   luck.  You are excused.

18            MS. HARDWICK:  Your Honor, this is my only case.

19   May I be excused as well?

20            THE COURT:  You may be excused.

21            MS. HARDWICK:  Thank you.

22       (Proceedings concluded at 9:27 a.m.)

23                * * * * * * * * * *

24

25
```

12

1                    TRANSCRIBER'S CERTIFICATE

2            I certify that the foregoing is a true and

3    correct transcript, to the best of my ability, from the

4    stenographic notes provided to me by Official Court

5    Reporter James R. Dickens.

6            This 12th day of September, 2007.

7

8                              /s/ Risa L. Entrekin
                               Registered Diplomate Reporter
9                              Certified Realtime Reporter
                               Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# ATTACHMENT E

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | ALABAMA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| FRANK JAMES EDWARDS | |

Case Number:     2:04CR8-001-F

USM Number:     11351-002

Leslie S. Smith
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)     1,2,4 and 5 of the Indictment on May 24, 2004

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2113(a) and (d) | Armed Bank Robbery | 1/12/2004 | 1 |
| 18 U.S.C. 924(c)(1)(A) | Use of a Firearm During or in Relation to a Crime of Violence | 1/12/2004 | 2 |
| 18 U.S.C. 2113(a) and (d) | Armed Bank Robbery | 1/14/2004 | 4 |
| 18 U.S.C. 924(c)(1)(A) | Use of a Firearm During or in Relation to a Crime of Violence | 1/14/2004 | 5 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)     3 and 6 _____     ☐ is     X are     dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 31, 2004
Date of Imposition of Judgment

Signature of Judge

MARK E. FULLER, CHIEF UNITED STATES DISTRICT JUDGE
Name and Title of Judge

14 SEPTEMBER 2004
Date

CC: JV
FBI / Hetrick
"States

SCANNED
9-14-04

AO 245B    (Rev. 12/03) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | | Judgment — Page | 2 | of | 6 |
|---|---|---|---|---|---|

DEFENDANT:        FRANK JAMES EDWARDS
CASE NUMBER:      2:04CR8-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

276 Months.  This term consists of 57 months on counts 1 and 4 to be served concurrently with each other, 84 months on count 2, and 135 months on count 5, to be served consecutively to each other and counts 1 and 4.

X   The court makes the following recommendations to the Bureau of Prisons:

   The court recommends that the defendant be designated to a facility where Intensive Residential S ubstance Abuse Treatment is available.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____  ☐ a.m.  ☐ p.m.  on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:        FRANK JAMES EDWARDS
CASE NUMBER:      2;04CR8-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years.  This term consists of 5 years on counts 1,2,4 and 5, all to be served concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse.  (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        FRANK JAMES EDWARDS
CASE NUMBER:      2:04CR8-001

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in drug testing and/or treatment if directed by the probation officer. Defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6  

DEFENDANT:        FRANK JAMES EDWARDS
CASE NUMBER:      2:04CR8-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|------------------|
| **TOTALS** | $ 400.00 | $ 0 | $ 19,758.57 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|--------------------------|----------------------------|
| Regions Bank | $3,063.00 | $3,063.00 | |
| South Trust Bank | $11,118.00 | $11,118.00 | |
| Compass Bank | $5,577.57 | $5,577.57 | |
| **TOTALS** | $  19,758.57 | $  19,758.57 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the  ☐ fine  X  restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
       Sheet 6 — Schedule of Payments

|  |  |
|---|---|
| DEFENDANT:     **FRANK JAMES EDWARDS** | Judgment — Page ___6___ of ___6___ |
| CASE NUMBER:    2:04CR8-001 | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $ ___20,158.57___    due immediately, balance due

          ☐    not later than _____ , or
          ☐    in accordance    ☐ C,   ☐ D,   ☐  E, or    X  F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

        Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, P.O. Box 711, Montgomery, AL 36101.

        Any balance remaining at the start of supervision shall be paid at the rate of $280.00 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:

    One .38 Ruger Revolver, Serial Number 570-49464

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.