IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK JAMES EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv171-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 13) addressing the claims in the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate Frank James Edwards ("Edwards").[1] In its response, the government argues, *inter alia*,[2] that Edwards's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death

---

[1] Edwards styled his pleading (Doc. No. 1) as a "*Motion for Judicial Notice Rule 201 of the Federal Rules of Criminal Procedures, under Title 18 U.S.C. § 3553(a)(1)(2)(A) Extraordinary and Compelling Reasons for Sentence Reduction*." However, this court has construed his motion as one for relief under 28 U.S.C. § 2255.

[2] The government also argues that all of Moultry's claims, with the exception of his allegations of ineffective assistance of counsel, are barred by a waiver provision contained in the plea agreement. *See* "United States' Response to § 2255 Motion" (Doc. No. 13) at 8-9. The government asserts that Moultry's allegations of ineffective assistance fail to establish his entitlement to any relief and should be rejected as lacking merit. *Id*. at 16-19. In addition, the government argues that Moultry's non-ineffective assistance claims are meritless and are procedurally barred because they were not raised on direct appeal. *Id*. at 10-15 & 19-20.

Penalty Act ("AEDPA").[3] Specifically, the government asserts that the convictions Edwards challenges by his motion became final on September 24, 2004 – 10 days after the district court's entry of Judgment, as no direct appeal was filed – and that the instant § 2255 motion was filed after expiration of the one-year period of limitation. *See "United States' Response to § 2255 Motion"* (Doc. No. 13) at 9-10.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Edwards entered his guilty plea on May 24, 2004, and sentence was imposed on August 31, 2004. *See "Criminal Docket for Case No. 2:04cr08-MEF."* The district court entered Judgment on September 14, 2004. *Id.* Edwards did not file a direct appeal of his convictions. By operation of law, then, his convictions became final on September 24, 2004,

---

[3]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

upon expiration of the time for him to file a direct appeal (i.e., 10 days after the district court's entry of Judgment). *See Ramirez v. United States*, (No. 05-10010) 2005 WL 1706142 (11th Cir. July 22, 2005) (unpublished). Thus, Edwards had until September 26, 2005 (the first business day after September 24, 2005), to file a timely § 2255 motion. The instant § 2255 motion, however, was not filed until February 8, 2007.[4]

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Edwards's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, it does not appear that the government prevented Edwards from filing an earlier motion, and Edwards has not submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Edwards's filing his motion to vacate. Accordingly it is

**ORDERED that on or before November 28, 2007, Edwards shall show cause** why

---

[4]Although Edwards's motion was date-stamped "received" in this court on February 26, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, February 8, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

his 28 U.S.C. § 2255 motion should not be dismissed because it was not filed within the one-year limitation period established by the AEDPA or for the other reasons asserted by the government.

Done this 6th day of November, 2007.

           /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE