IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK JAMES EDWARDS,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v  ) | Civil Action No. 2:07cv171-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   PROCEDURAL HISTORY**

On May 24, 2004, petitioner Frank James Edwards ("Edwards") entered guilty pleas to charges of armed bank robbery and federal firearms offenses. On August 31, 2004, the district court imposed a total sentence of imprisonment of 276 months. The court entered judgment on September 14, 2004. Edwards did not appeal.

On February 8, 2007 (Doc. No. 1), Edwards filed a pleading styled as a "Motion for Judicial Notice Rule 201 of the Federal Rules of Criminal Procedures, under Title 18 U.S.C. § 3553(a)(1)(2)(A) Extraordinary and Compelling Reasons for Sentence Reduction.."[1] In this motion, Edwards asserted claims attacking the legality of his convictions and sentence. In an order entered on February 28, 2007 (Doc. No. 2), this court advised Edwards, as

---

[1] Although Edwards's motion was date-stamped "received" in this court on February 26, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, February 8, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

required by *Castro v. United States*, 540 U.S. 375 (2003), that the relief he sought through his motion was appropriate only under the remedy provided by 28 U.S.C. § 2255 and that it was the court's intention to characterize and treat his motion accordingly. As also required by *Castro*, the court directed Edwards to advise the court by March 22, 2007, whether he wished to (1) proceed under 28 U.S.C. § 2255 on the claims presented in his motion, (2) amend his motion to assert any additional claims on which he wished to challenge his convictions and sentence, or (3) dismiss the motion. *Id.* This court specifically cautioned Edwards that if he failed to file a response in compliance with its order, the cause would proceed as an action under 28 U.S.C. § 2255 and that the court would consider only those claims presented in the motion filed by Edwards on February 8, 2007. *Id.*

On March 19, 2007 (Doc. No. 3), Edwards filed a pleading with this court styled as a "Motion to Amend Petitioner Motion Filed on Feb. [8] 2007 as Ordered by the Court on March 22, 2007," wherein he objected to the court's stated intent to recharacterize his February 8, 2007, motion as a motion under 28 U.S.C. § 2255. Although styled as a "Motion to Amend," Edwards's March 19, 2007, pleading asserted no additional claims and essentially restated those claims contained in his February 8, 2007, motion. Edwards did not respond to the choices provided to him in the court's "*Castro* order" of February 28, 2007. Because Edwards failed to comply with the directives of the "*Castro* order," this court determined that the cause should proceed as an action under 28 U.S.C. § 2255, with only those claims presented in Edwards's February 8, 2007, motion being considered. (Doc. No.

2

4.)

Pursuant to the orders of this court, the United States filed a response to Edwards's 28 U.S.C. § 2255 motion, in which the government argues, *inter alia*, that the motion is barred by the one-year limitation period applicable to § 2255 motions. (Doc. No. 13.) *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] With regard to the limitation period, the government contends that Edwards's conviction became final on September 24, 2004 – 10 days after the district court's entry of judgment, as no direct appeal was filed – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. Edwards was afforded an opportunity to respond to the government's submissions but failed to do so. After due consideration and upon review of the motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Edwards's motion should be denied.

## II.  DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In Edwards's criminal case, the district court entered its judgment on September 14, 2004. Because Edwards took no direct appeal from that judgment, his conviction became final by operation of law on September 24, 2004, upon expiration of the 10-day period allowed for filing an appeal. *See Ramirez v. United States*, 146 Fed.Appx. 325 (11th Cir. July 22, 2005) (No. 05-10010, unpublished) (defendant's conviction becomes final, triggering running of the limitations period governing a § 2255 motion, 10 days after district court enters judgment, marking expiration of the time for filing direct appeal); Fed.R.App.P. 4(b)(1)(A)(i), (6). Thus, Edwards had until September 26, 2005 (the first business day after September 24, 2005), to file a timely § 2255 motion. The § 2255 motion in this case, however, was not filed until February 8, 2007 – well beyond the one-year period of limitation.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Edwards's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255 ¶ 6(3). Nor is there any indication that the

4

government prevented Edwards from filing an earlier motion, *see* 28 U.S.C. § 2255 ¶ 6(2), and Edwards has not submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction, *see* 28 U.S.C. § 2255 ¶ 6(4).

Although the Eleventh Circuit has determined that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[,]" there is nothing before this court to indicate the existence of "extraordinary circumstances" that warrant an equitable tolling of the one-year period of limitation applicable to the claims raised in the instant § 2255 motion. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).[3]

In light of the foregoing, the court concludes that the one-year period of limitation expired prior to Edwards's filing of his § 2255 motion. The court further concludes that Edwards has failed to show cause to excuse his failure to file within the statutory period. Thus, his motion is time-barred and this court may not address the merits.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for relief pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further

---

[3]On November 6, 2007 (Doc. No. 14), the court ordered Edwards to show cause why his motion should not be dismissed pursuant to 28 U.S.C. § 2255 for failure to file the motion within the applicable one-year limitation period. However, Edwards did not file a response in compliance with the court's order.

ORDERED that the parties shall file any objections to this Recommendation **on or before June 26, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of June, 2008.

                                        /s/Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE